# Exhibit 15

| From: | Mastro, Randy M. |
|---|---|
| To: | Judd Burstein |
| Subject: | Re: My concept of the investigators |
| Date: | Tuesday, May 23, 2017 3:25:16 PM |

Now, this is supposedly about bank records? I've already told you he received the same monthly amount from Fox News over a period of years as an on-air commentator. So what? He has received no other payments from Fox News during the period in question (2015-present), and we could surely work out a mechanism for confirming that. But you keep shifting the landscape, asking for more here or there, and open-ended interviews of "employees" and the like to turn this into a subjective, one-way "fishing expedition," when the truth is clearly ascertainable and being offered to you in the hard documentary evidence. If I were going to submit my side to such an inquiry, I might as well litigate so the truth can come out about both sides, including the motivations of you and your client and the lack of any good faith basis for you and her bringing these litigation claims against my clients. While I would have preferred to resolve this on what I understood to be the terms you originally proposed, I am left with no choice but to file our motion.

**From:** Judd Burstein
**Sent:** Tuesday, May 23, 2017 3:16 PM
**To:** Mastro, Randy M.
**Subject:** RE: My concept of the investigators

In principle, that is fine, but I believe your client has been receiving money from Fox and paying independent contractors or working with third party who purchase the rights to use social media accounts to do the work.  The inquiry cannot just be limited to whether there has been a direct email or tweet, etc. from your client's computer system.  The investigator needs access to bank records and the right to ask your clients and his employees questions about specific transactions.

You are right.  Time is running out.  My offer is completely reasonable, and you are looking for ways to avoid the truth coming out.  So if your client will not agree to confidential access to his financial records and to be interviewed by the investigator, go file your motion.

Judd Burstein

Judd Burstein, P.C.

5 Columbus Circle

New York, New York 10019

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell)

**NOTE:  THIS EMAIL IS BEING SENT FROM MY NEW YORK OFFICE.  PLEASE FIRST CALL THE OFFICE BEFORE CALLING MY CELL IF YOU NEED TO RESPOND BY TELEPHONE.**

---

**From:** Mastro, Randy M. [mailto:RMastro@gibsondunn.com]
**Sent:** Tuesday, May 23, 2017 2:56 PM
**To:** Judd Burstein <JBurstein@BURLAW.COM>
**Subject:** Re: My concept of the investigators

It is you who are playing games here, Judd. You went too far this time, brought a case you had no good faith basis bringing for ulterior motives, and are now going to be held accountable for it. My clients are willing to undergo independent forensic examination of their files, and it will show they have done no social media work for Fox News since 2012, let alone any targeting of Tantaros on social media at Fox News' behest since February 2015. If that isn't good enough for you, I'll be interested to see how you explain your good faith basis for bringing a lawsuit that you have no documentary evidence to support and are turning down an offer to confirm whether any documentary evidence exists in my clients' files to support it. Let's be honest: Your client's claim against my clients isn't true. You know it, and I know it. If you and your client want an exit strategy, stick to the deal you originally proposed -- an objective forensic search of files -- not try to shift gears to some amorphous, subjective review including one-sided interview discovery of my clients and associates only. Time is running short, so you and your client should reconsider today and agree to the terms you originally proposed. Or else we will proceed with our filings as planned.

---

**From:** Judd Burstein
**Sent:** Tuesday, May 23, 2017 2:39 PM
**To:** Mastro, Randy M.
**Subject:** RE: My concept of the investigators

Wait a minute.  I did not read your last email as closely as I should have.  You are playing games, and I am growing weary.

I am suing your client.  Your client is saying he is innocent.  If the investigator comes back and says there is no merit to the claims, you can file an action for malicious prosecution, the report will be deemed binding on the issue of

Snyder's innocence, and I will agree that the scope of damages would include anything you can recover under Rule 11.  But I am not going to put my client's good faith  on trial before your client is exonerated.

The bottom line here is that your client should jump at my offer if he is innocent.  But if he doesn't, go ahead and file your sanctions motion – at which point the world will know that he was too afraid to allow anyone look at his books and records even on a confidential basis.

I have offered your client a way out of this now in two different ways – one with and one without money.   If you want to litigate, let's just do it.

Judd Burstein

Judd Burstein, P.C.

5 Columbus Circle

New York, New York 10019

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell)

**NOTE:  THIS EMAIL IS BEING SENT FROM MY NEW YORK OFFICE.  PLEASE FIRST CALL THE OFFICE BEFORE CALLING MY CELL IF YOU NEED TO RESPOND BY TELEPHONE.**

**From:** Mastro, Randy M. [mailto:RMastro@gibsondunn.com]
**Sent:** Tuesday, May 23, 2017 2:08 PM
**To:** Judd Burstein <JBurstein@BURLAW.COM>
**Subject:** Re: My concept of the investigators

We should both speak to our respective clients. Your client is willing to have a forensic examination of her files and commit to make her associates and representatives available to be interviewed by an independent investigative firm about whether she had any good faith basis for bringing these claims against Snyder and Disruptor that they supposedly conducted a social media campaign against her on behalf of Fox News since Feb. 2015? And if that independent investigation finds she had no good faith basis for asserting those claims, she can then be subject to a Rule 11 sanctions motion and sued for other torts, like malicious prosecution, by my clients? I find it hard to believe that she would agree to that, but I am intrigued by the prospect, so go ahead and ask her.

**From:** Judd Burstein
**Sent:** Tuesday, May 23, 2017 1:55 PM
**To:** Mastro, Randy M.
**Subject:** RE: My concept of the investigators

OK.  If you say your client will agree to this extended proposal, and the right to seek damages, etc., are mutual.  I believe my client will agree because she is telling the truth.  So let me know, and I will get the go-ahead.  I cannot speak to her today because I am under the gun, but I believe she will agree if I tell her that you are on board.

Judd Burstein

Judd Burstein, P.C.

5 Columbus Circle

New York, New York 10019

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell)

**NOTE:  THIS EMAIL IS BEING SENT FROM MY NEW YORK OFFICE.  PLEASE FIRST CALL THE OFFICE BEFORE CALLING MY CELL IF YOU NEED TO RESPOND BY TELEPHONE.**

**From:** Mastro, Randy M. [mailto:RMastro@gibsondunn.com]
**Sent:** Tuesday, May 23, 2017 1:52 PM
**To:** Judd Burstein <JBurstein@BURLAW.COM>
**Subject:** Re: My concept of the investigators

This is not what you originally proposed, and I am not subjecting my clients and their present and past associates to an "investigation," including interviews and the like, without your client and her associates being subjected to the same thing. I have reason to believe your client's claims were brought in bad faith, knew them to be untrue, and, upon further investigation, would be exposed as such. If we are going down this road, which is tantamount to submitting claims to an outside investigation firm to determine their validity or falsity, that's a two-way street I doubt you and your client want to go down. And frankly, that's an "investigation" I am better equipped to do in civil discovery than any investigative firm could do without court process. What you originally proposed was a straightforward forensic examination that we are amenable to doing, that eliminates subjectivity, and that we know will show not a shred of evidence our clients have done any social media work for Fox News since 2012, which necessarily means they have not done any such work targeting Tantaros since February 2015. If we were to go down this route, the scope of the

"investigation" would have to include whether your client is lying, brought these claims against my clients in bad faith knowing them to be false, and did so for ulterior reasons. And if any evidence is found to support that -- whether through forensic examination of her files or witness interviews of her and her associates -- my clients would retain their right to pursue damage claims and sanctions against your client. That is only fair: if you expect my client and his associates to submit themselves to such an invasive inquiry, I expect the same to apply to your client and her associates. So she could be held accountable if the investigation reveals her to have made knowingly false claims for ulterior motives. Or else, instead of trying to change the scope of the independent "investigation" you originally proposed, we go back to your original proposal simply to have a forensic examination done of my clients' files that I understand will necessarily clear my clients of the scurrilous accusations you and your client have made against them in this complaint. I will await your further response. Thanks.

**From:** Judd Burstein
**Sent:** Tuesday, May 23, 2017 1:21 PM
**To:** Mastro, Randy M.
**Subject:** My concept of the investigators

The questions to be answered:

1. Has Snyder directly or indirectly provided any social media services to Fox News since 2012?
2. Has he participated, directly or indirectly, in any social media campaign directed against Andrea Tantaros since February of 2015?

You claim that you are 100% certain that the answers to these questions are No. So there should be no problem in Snyder submitting to a full investigation

1. Complete freedom to interview Snyder or anyone in his employment. He can also interview Andrea if he likes
2. Computer Forensic to do ESI search on mutually agreeable terms
3. Complete access to all of Snyder's business and banking records
4. Everything confidential until report is issued

I have no doubt that, having now called your client's bluff, you will somehow claim that you are just better off litigating the case. No one will see it that way.

The ball is in your court.

Judd Burstein

Judd Burstein, P.C.

5 Columbus Circle

New York, New York 10019
(212) 974-2400
(212) 974-2944 (Fax)
(917) 687-2981 (Cell)

**NOTE:  THIS EMAIL IS BEING SENT FROM MY NEW YORK OFFICE.  PLEASE FIRST CALL THE OFFICE BEFORE CALLING MY CELL IF YOU NEED TO RESPOND BY TELEPHONE.**

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---