UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDREA TANTAROS,

                        *Plaintiff,*

  -- against --                                         Case No. 17-cv-2958

FOX NEWS NETWORK, LLC, WILLIAM
SHINE, IRENA BRIGANTI, PETER A.           **AMENDED**
SNYDER, DISRUPTOR, INC., and JOHN        **DECLARATION OF**
DOES 1-50,                                              **<u>ANDREA TANTAROS</u>**

                        *Defendants.*
-----------------------------------------------------------------X

      ANDREA TANTAROS hereby declares under penalty of perjury:

      1.     I am the Plaintiff in this case.

      2.     I submit this Declaration in opposition to the motion for sanctions filed by Defendants Fox News Network, LLC ("FNC"), William Shine ("Shine"), Dianne Brandi ("Brandi"), and Irena Briganti ("Briganti") (collectively, "FNC Defendants").

      3.     The purpose of this Declaration is to provide evidence to support certain factual assertions in the accompanying Memorandum of Law filed in opposition to the FNC Defendants' sanctions motion.

      4.     Although, because I am not a lawyer, I have relied upon my attorney, Judd Burstein, for researching and pursuing the legal remedies sought in my Complaint, I confirm that all of the factual allegations in the Complaint are true.

      5.     My Twitter address is @andreatantaros.

      6.     I did not employ a ghostwriter for my book, *Tied Up in Knots*. Rather, at the suggestion of, and with full knowledge of, my publisher, Harper Collins, I hired an editor to

primarily sew together select, composite content I created or gathered for my book. I wrote my own book.

7. Outlined in my Complaint, I allege two distinct and separate tactics that FNC has conducted: "electronic surveillance" and "sock-puppetry". These are two very different types of digital weaponry. I chose to use select Tweets of @DanielWayneBlo1 in my Complaint because in this case, the two converge.

8. I did receive the Tweet from the @DanielWayneBlo1 Twitter account referenced in Paragraph 47 of the Complaint. However, since it can no longer be found using the Twitter search function, one can only assume it has since been deleted.

9. Thereafter, I was extremely unnerved because a mailed copy of my book arrived, purportedly from Daniel Wayne Block ("Mr. Block"), at my home shortly thereafter. The address at which I received the book was not the address listed as my primary address on the "Spokeo Name Report" annexed as Exhibit 19 to the May 24, 2017 Declaration of Benjamin M. Rose ("Rose Dec."). Nor was the book or anything else purportedly from Mr. Block delivered to me at FNC or forwarded to my home from FNC.

10. In my Complaint, I specifically alleged that Mr. Block was indeed a real person. I also detailed multiple methods by which a third-party could gain access and post to Mr. Block's Twitter account(s) and therefore did not intend to allege that Mr. Block was necessarily receiving instruction from the FNC Defendants, solely or directly. Rather, I contended that Mr. Block's Twitter account(s) was used - perhaps without his express approval, but far more likely on a paid basis -- by social media influence contractors working for, and with, the FNC Defendants -- to inflict emotional distress by, among other things, making it clear that my most personal communications were being violated and exploited.

11. As explicitly stated in Paragraph 64 of the Complaint: "The Tweets discussed above are" – literally – a mere "fraction" of the enormous number of tortuous and malicious posts directed at me from professionally-managed "sockpuppet [social media] accounts." Online fakery and/or websites are tactics admitted to by FNC, and are well-documented by U.S. media. Two of the more prominent journalists who have covered these tactics being utilized by FNC are David Folkenflick of NPR and Gabriel Sherman of New York Magazine.

12. Turning to the Tweets detailed in Paragraphs 47-63 of the Complaint, they do not represent the totality of the Tweets from the @DanielWayneBlo1 account which led me to conclude that my personal communications were being electronically surveilled. Nor do the Tweets annexed as Exhibits 9 - 16 to the Rose Dec. affect the merits of my claims. I note that while many of the Tweets attached as exhibits to the Rose Dec. predated my awareness of the @DanielWayneBlo1 account, I believe that they reflect details from my personal communications, and were posted prior to May 21, 2016 for the purpose of making it look as though these were organic Tweets generated by Mr. Block. As for the Tweets posted after May 21, 2016, I could have included many of them in the Complaint, but did not do so because I relied upon Mr. Burstein to choose which Tweets to include.

13. Exhibit 9 to the Rose Dec. contains the Tweet mentioning Colorado that was posted on June 18, 2016, and referenced at Paragraph 59 of the Complaint. It also contains an identical Tweet posted on May 22, 2016. Throughout May and June 2016, I communicated frequently with my best friend and my Mother discussing a possible property purchase in Aspen, Colorado. Hence, I have always believed that the May 22, 2016 Tweet was another example of a Tweet designed to let me know that I was being electronically surveilled.

14. Exhibit 10 to the Rose Dec. contains multiple Disney-related Tweets, including the Tweet referenced at Paragraph 61 of the Complaint. I routinely communicated with my brother about the upcoming trip to Disney Land with both my brother and his children during the period between April and June 2016. The Tweets attached to Exhibit 10 are entirely consistent with that fact. I note that the last Disney-related Tweet included in Exhibit 11 was posted while my brother and his children were still visiting Disney Land.

15. Exhibit 11 to the Rose Dec. contains numerous Blue Angels Tweets. Again, I could have added the post-May 21, 2016 Tweets because, during that time, I was trying to secure the very rare flight opportunity for my brother, himself a commercial pilot, with the Blue Angels. These Tweets predated the June 13, 2016 Tweet referenced in Paragraph 57 of the Complaint. The Blue Angels was a routine topic of conversation in the period between April and June of 2016. I note that the date of the last Tweet included in Exhibit 11 was June 13, 2016, and the remaining Tweets are earlier in time, when I was communicating with my brother.

16. Exhibit 12 to the Rose Dec. contains numerous Tweets concerning Egypt. In fact, the friend referenced in Paragraph 62 of the Complaint had been considering adopting, and did ultimately adopt, a dog named "Egypt." He and I spoke about his acquiring "Egypt" regularly, and during the period covered by the Tweets.

17. Exhibit 13 to the Rose Dec. contains numerous Tweets with pictures of rabbits posted during the period from April 13, 2016 to June 2016. Paragraph 58 of the Complaint alleges that, in May and June of 2016, I was regularly speaking with a friend who called me "Baby Bunny." I did not intend to allege that this was the only time period in which that term of endearment was used. In fact, my friend used it even before April of 2016. I focused on May and June of 2016 because I became aware of the @DanielWayneBlo1 account on May 21, 2016.

18.     Exhibit 14 to the Rose Dec. contains two Tweets of a picture of an Oak Tree in Charleston, South Carolina identical to the one referenced in Paragraph 55 of the Complaint. I focused on the June 9, 2016 Tweet in the Complaint, but I had been communicating with a friend regarding a possible trip to Charleston just a few days prior.

19.     Exhibit 15 to the Rose Dec. contains numerous Tweets about science fiction movies. Other than the fact that these Tweets show that the @DanielWayneBlo1 account was likely monetized and used by a third party to post Amazon.com advertisements without his involvement, the fact remains that the only Tweet mentioning the movie "The Black Scorpion" is the June 10, 2016 Tweet referenced in Paragraph 56 of the Complaint.

20.     Exhibit 16 to the Rose Dec. contains 43 Tweets with pictures of lions. Fifteen of them contain the words "Be strong and courageous." Paragraph 63 of the Complaint alleges that "Be strong and courageous" is part of a verse posted on the refrigerator at my mother's home. It's an inspirational verse referenced frequently in our communications. Hence, my decision not to include all of the relevant Tweets in the Complaint does not change the fact that the Complaint alleges that this was a very special phrase used by my mother and I.

21.     In August of 2015, I was asked to give my personal computer over to the Digital/IT department at FNC so that it could be set up for me to live Tweet the Republican Presidential Debates that were being televised on FNC. Otherwise, I used my personal computer as my desktop while at home.

22.     During the years 2015 and 2016, I used Gmail for my personal email.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated: *AKT*
June 29, 2017

*Andrea K. Tantaros*
_____
ANDREA TANTAROS