UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- x

ANDREA TANTAROS,

      Plaintiff,

- against -

FOX NEWS NETWORK, LLC, ROGER AILES, WILLIAM SHINE, IRENA BRIGANTI, PETER A. SNYDER, DISRUPTOR, INC., and JOHN DOES 1-50,

      Defendants.

--------------------------------------------------- x

17 Civ. 2958 (GBD)

ORAL ARGUMENT REQUESTED

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE FOX NEWS DEFENDANTS' MOTION TO COMPEL ARBITRATION

Andrew J. Levander
Linda C. Goldstein
Nicolle L. Jacoby
Negin Hadaghian
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

*Attorneys for Defendants Fox News Network, LLC and Irena Briganti*

Marion Bachrach
Andy Oh
THOMPSON & KNIGHT LLP
900 Third Avenue
New York, New York 10022
(212) 751-3001

*Attorneys for Defendant William Shine*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.  The Fox News Defendants Have Not Waived Their Right To Arbitrate By Seeking Sanctions for Tantaros' Frivolous Complaint ...................................................... 2

   A.  The Fox News Defendants' Rule 11 Motion Is Fully Consistent With Invoking Arbitration Because It Raises A Collateral Issue That Cannot Be Addressed By The Arbitrators ................................................................................ 3

   B.  Tantaros Offers No "Proof of Prejudice" From The Fox News Defendants' Rule 11 Motion ........................................................................................................ 4

II. Tantaros' Claims Arise Out Of And Are Related To Her Employment And Are Covered By The Broad Arbitration Clause ........................................................................ 7

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Alghanim v. Alghanim*,
    828 F. Supp. 2d 636 (S.D.N.Y. 2011) ................................................................................8

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990) ...........................................................................................................4

*Cotton v. Slone*,
    4 F.3d 176 (2d Cir. 1993) ...................................................................................................4

*Doe v. Princess Cruise Lines, Ltd.*,
    657 F.3d 1204 (11th Cir. 2011) ..........................................................................................8

*Flanagan v. Prudential-Bache Secs., Inc.*,
    67 N.Y.2d 500 (1986) .........................................................................................................8

*Fleck v. E.F. Hutton Grp., Inc.*,
    891 F.2d 1047 (2d Cir. 1989) .............................................................................................8

*Jones v. Haliburton Co.*,
    583 F.3d 228 (5th Cir. 2009) ..............................................................................................8

*Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP*,
    434 F. Supp. 2d 211 (S.D.N.Y. 2006) .................................................................................3

*Katsoris v. WME IMG, LLC*,
    No. 16 Civ. 0135, 2017 WL 775849 (S.D.N.Y. Feb. 27, 2017) .........................................3

*LG Elec., Inc. v. Wi-LAN USA, Inc.*,
    No. 13 Civ. 2237, 2015 WL 4578537 (S.D.N.Y. July 29), *aff'd,* 623 F. App'x
    568 (2d Cir. 2015) ..............................................................................................................3

*Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith
    Inc.*, 626 F.3d 156 (2d Cir. 2010) ...............................................................................2, 4, 6

*Mitsubishi Elec. Corp. v. Westcode, Inc.*,
    No. 15 Civ. 505, 2016 WL 3748023 (N.D.N.Y. July 11, 2016) .........................................6

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ...............................................................................................................1

*National Union Fire Ins. Co. of Pittsburgh, P.A. v. NCR Corp.*,
    376 Fed. App'x. 70 (2d Cir. 2010) .....................................................................................5

*PenneCom B.V. v. Merrill Lynch & Co.*,
    372 F.3d 488 (2d Cir. 2004)..................................................................................................6

*Polit v. Glob. Foods Int'l Corp.*,
    No. 14 Civ. 7360, 2015 WL 1780161 (S.D.N.Y. Apr. 20, 2015).............................................7

*PPG Indus., Inc. v. Webster Auto Parts, Inc.*,
    128 F.3d 103 (2d Cir. 1997)........................................................................................4, 5, 6

*Rush v. Oppenheimer & Co.*,
    779 F.2d 885 (2d Cir. 1985)..................................................................................................3

*Satcom Int'l Grp. PLC v. Orbcomm Int'l Partners, L.P.*,
    49 F. Supp. 2d 331 (S.D.N.Y.), *aff'd,* 205 F.3d 1324 (2d Cir. 1999)........................................4

*Stechler v. Sidley, Austin Brown & Wood, L.L.P.*,
    382 F. Supp. 2d 580 (S.D.N.Y. 2005)....................................................................................7

*TravelClick, Inc. v. Open Hospitality Inc.*,
    No. 04 Civ. 1224, 2004 WL 1687204 (S.D.N.Y. July 27, 2004) .............................................8

## PRELIMINARY STATEMENT

Tantaros' chief bid to avoid arbitration is to contend that the Fox News Defendants' accompanying motion under Fed. R. Civ. P. 11 "waived any contractual right" to a confidential arbitral forum.[1]  She does not identify a single court that has ever adopted such a theory, and for good reason.  The FAA mandates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver . . . ." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).  Here, the Fox News Defendants moved to compel arbitration only 30 days after the Complaint was first filed, before any substantive litigation.  Not one case cited in Tantaros' brief supports a finding of waiver at such an early stage.  By inviting this Court to be the first to hold that a Rule 11 motion made at the very outset of a case could waive a contractual right to compel arbitration, Tantaros and her counsel Burstein hope to hand a roadmap to publicity-hungry lawyers who wish to flout confidential arbitration clauses:  file bogus claims that are subject to confidential arbitration in federal court, reap the illicit benefit of massive media coverage for their clients' sensational (but spurious) allegations, and then enjoy personal immunity from any invocation of Rule 11, secure in the knowledge that the defendants will not risk loss of their bargained-for confidential arbitral forum.

Tantaros' pretense that her claims are not within the scope of the Agreement's broad arbitration clause cannot help her evade arbitration.  The clause covers "[a]ny controversy, claim or dispute arising out of or relating to this Agreement or [Tantaros'] employment."  Ex. B,

---

[1]  Memorandum of Law in Opposition to Defendants' Motion to Compel Arbitration ("Opp. Mem."), ECF Doc. 56 at 1.  All capitalized terms not defined here are defined in the Memorandum of Law of Defendants Fox News Network, LLC, William Shine and Irena Briganti in Support of Their Motion to Compel Arbitration, [ECF Doc. 22].  All cited exhibits are annexed to the Declaration of Linda C. Goldstein [ECF Doc. 23].

Standard Terms and Conditions ¶ 8.  Tantaros asserts that the alleged wiretapping and computer hacking is "independent" of her employment, Opp. Mem. at 18, drawing a false analogy to claims of after-hours sexual assault by a co-worker.  *Id*. at 19–22.  But the allegations here are in no way "independent" of or "collateral" to Tantaros' employment.  Rather, the Complaint insists that the alleged cyberespionage was designed by her then-employer to retaliate against Tantaros for complaining about employment discrimination.  *See* Compl. ¶¶ 4–5, 7, 8, 46 (referring to purported retaliation for sexual harassment complaints).  Justice Cohen did not hesitate to rule that Tantaros' state law retaliation claims were arbitrable.  Ex. A at 36:14–38:16,   This Court should do the same for the far-fetched claims of retaliation asserted here.

## ARGUMENT

### I. The Fox News Defendants Have Not Waived Their Right To Arbitrate By Seeking Sanctions for Tantaros' Frivolous Complaint

As Tantaros acknowledges, courts in this Circuit consider three factors in assessing whether the party has expressed an intent to waive their right to arbitrate:  "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice."  *Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010) ("*LSED*").  Tantaros necessarily concedes that the first factor—time elapsed—does not support a finding of waiver.  *See* Opp. Mem. at 20.  Her argument focuses exclusively on "the amount of litigation to date," *i.e.*, the Fox News Defendants' Rule 11 motion, and the purported "prejudice" arising from her need to respond to that motion.  Opp. Mem. at 9.  But courts have refused to find waiver when litigation has substantially exceeded opposition to a single motion.  There is, moreover, no cognizable "prejudice" to Tantaros from having filed that response.

### A. The Fox News Defendants' Rule 11 Motion Is Fully Consistent With Invoking Arbitration Because It Raises A Collateral Issue That Cannot Be Addressed By The Arbitrators

The "touchstone of waiver is the taking of action inconsistent with the right to arbitrate" and the waiver analysis is "addressed to the broader question of whether a party has acted inconsistently with its contractual right to arbitrate." *LG Elec., Inc. v. Wi-LAN USA, Inc.*, No. 13 Civ. 2237, 2015 WL 4578537, at *2 (S.D.N.Y. July 29), *aff'd*, 623 F. App'x 568 (2d Cir. 2015). The conduct of the Fox News Defendants has been fully consistent with invocation of their right to arbitrate. They have not filed a motion to dismiss the Complaint or an answer with affirmative defenses, nor have they sought discovery. Indeed, the Fox News Defendants obtained an adjournment *sine die* so that this Court may first consider the pending motion to compel arbitration *before* any motion practice addressed to the merits. *See* ECF Doc. 27. Courts in this circuit have declined to find waiver where the party seeking to compel arbitration had engaged in far more extensive motion practice and even sought discovery. *See, e.g.*, *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985) (no waiver found where parties litigated for eight months, which included "extensive discovery," a motion to dismiss, and assertion of thirteen affirmative defenses); *Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 434 F. Supp. 2d 211, 216 (S.D.N.Y. 2006) (finding no waiver where there had not been a finding on the merits in response to defendants' motion to dismiss); *Katsoris v. WME IMG, LLC*, No. 16 Civ. 0135, 2017 WL 775849, at *7 (S.D.N.Y. Feb. 27, 2017) (finding no waiver where the parties had briefed outstanding motions).

The only affirmative step the Fox News Defendants have taken in this case is to seek Rule 11 sanctions. That motion does not raise "substantial issues going to the merits," as Tantaros erroneously contends. Opp. Mem. at 9. Indeed, the Court *cannot* issue judgment on the merits of Tantaros' claim on a Rule 11 motion. As the Supreme Court has made crystal

clear, "[l]ike the imposition of costs, attorneys' fees and contempt sanctions, *the imposition of a Rule 11 sanction is not a judgment on the merits of an action*. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process and if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (emphasis added). Here, the Fox News Defendants' Rule 11 motion seeks to sanction Burstein and Tantaros to deter them from filing frivolous claims while flouting (yet again) the Agreement's confidential arbitration clause and Justice Cohen's prior ruling ordering arbitration of Tantaros' retaliation claims. The Rule 11 motion therefore *furthers* the Fox News Defendants' ongoing efforts to compel Tantaros to arbitrate her claims against them, and is in no way inconsistent with them.

### B. Tantaros Offers No "Proof of Prejudice" From The Fox News Defendants' Rule 11 Motion

Tantaros has not established any "proof of prejudice" as a result of the Fox News Defendants' Rule 11 motion, nor can she. "Prejudice" refers to "the inherent unfairness—in terms of delay, expense or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997). It may be found where a party invokes arbitration to relitigate an issue adjudicated by the court or to deprive the opposing party of a previous litigation victory. *See*, *e.g.*, *Cotton v. Slone*, 4 F.3d 176, 179-80 (2d Cir. 1993) (prejudice found after several substantive motions, two depositions and two applications for protective orders which were denied); *Satcom Int'l Grp. PLC v. Orbcomm Int'l Partners, L.P.*, 49 F. Supp. 2d 331, 340 (finding prejudice where defendant "generally prevailed in [the] action to date and would be forced to start over in arbitration"), *aff'd,* 205 F.3d 1324 (2d Cir. 1999); *LSED*, 626 F.3d at 160 (2d Cir. 2010) (finding prejudice where movant pursued litigation

for nearly a year during which the adversary had secured "several key procedural victories"). No such prejudice may result from the Rule 11 motion, for the AAA arbitration panel will not have the authority to decide whether sanctions should be imposed on Burstein for his filing in this Court—precisely the reason that the Fox News Defendants sought sanctions at the same time that they sought to compel arbitration.

Prejudice may also be found where a party is forced to provide discovery in litigation that would otherwise be unavailable in an arbitral forum, providing the moving party an unfair tactical advantage. *See*, *e.g.*, *See PPG Indus.,* 128 F.3d at 109 (party seeking arbitration had "received a vast amount of information relevant to" the action sought to be arbitrated); *National Union Fire Ins. Co. of Pittsburgh, P.A. v. NCR Corp.*, 376 Fed. App'x. 70, 72-73 (2d Cir. 2010) (moving party had gained a tactical advantage by obtaining discovery with respect to the issues it later sought to arbitrate). The Fox News Defendants have not sought or received any discovery, and therefore have not gained any such prejudicial advantage here.

Unable to point to any favorable rulings that she would be forced to abandon in arbitration, or any discovery obtained by the Fox News Defendants, Tantaros tries to gin up "prejudice" that has no legal or factual basis. She contends that "the Fox Defendants have benefitted by securing a preview of Plaintiff's support for her factual allegations," Opp. Mem. at 12, even though, as spelled out in detail in ECF Doc. 63, Tantaros' submission in opposition to the Rule 11 motion does not provide *any* evidence whatsoever supporting her contention that someone eavesdropped on her telephone conversations, much less that the Fox News Defendants did so. Instead, her response doubles down on baseless speculation, backpedals on prior allegations, and undermines the Complaint's bogus story, confirming its lack of factual foundation. Her reliance upon the decision in *LSED* is way off-base. There, the *plaintiffs* who

had brought suit in state and federal court sought to compel arbitration of their own claims after receiving "a long letter detailing the perceived deficiencies" of their complaint from the defendants. *LSED*, 626 F.3d at 156. That decision has no bearing here because the Fox News Defendants did not bring this lawsuit, Tantaros did, and she gained the benefit—which she chose to ignore—of two Rule 11 "safe harbor" letters identifying the deficiencies in her claims.[2] *See* ECF Doc. 20–22; ECF Doc. 40–11.

Finally, Tantaros' argument that "the Fox Defendants intend to use their Rule 11 motion to damage Ms. Tantaros' legal position through application of the doctrine of collateral estoppel" misconstrues both Rule 11 and the nature of the "prejudice" inquiry. Opp. Mem. at 13. Any ruling on the Fox News Defendants' Rule 11 motion would not deprive the arbitrators of a full opportunity to resolve any issue before them since the arbitrators cannot sanction counsel under the Federal Rules of Civil Procedure—only this Court can. And, if a ruling by this Court did preclude later submission of any issue to the arbitrators, that would not be "prejudice," for by definition, Tantaros would have had a "full and fair opportunity" to litigate it. *See PenneCom B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 491 (2d Cir. 2004). "Prejudice," for purposes of the waiver inquiry, means being put to the trouble and expense of litigating the same issue *twice*. *PPG Indus.,* 128 F.3d at 107.

Tantaros has not provided any "proof of prejudice" resulting from the Rule 11 motion made against her and Burstein—a motion that is consistent with the Fox News Defendants' intent to arbitrate the claims. In sum, Tantaros utterly fails to show that the Fox News Defendants have waived their right to compel arbitration of Tantaros' claims.

---

[2]  *Mitsubishi Elec. Corp. v. Westcode, Inc.*, No. 15 Civ. 505, 2016 WL 3748023 (N.D.N.Y. July 11, 2016) falls just as far from the mark. There, the court held that a plaintiff waived its right to compel arbitration of the defendant's counterclaims, which were subject to the same arbitration clause as the claims that the plaintiff had chosen to litigate in court. *Id.* at *10.

## II. Tantaros' Claims Arise Out Of And Are Related To Her Employment And Are Covered By The Broad Arbitration Clause

Tantaros asserts that her electronic surveillance and hacking claims are "collateral" to her employment, and therefore are not subject to the arbitration clause. Opp. Mem. at 18. But under broad arbitration clauses such as the one Tantaros signed, "even a collateral matter will be ordered [to arbitration] '[i]f the allegations underlying the claims 'touch matters' covered by the parties' agreements." *Stechler v. Sidley, Austin Brown & Wood, L.L.P.*, 382 F. Supp. 2d 580, 587 (S.D.N.Y. 2005) (quoting *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info Techs, Inc.*, 369 F.3d 645, 654 (2d Cir. 2004)). In making this determination, courts must "'focus on the factual allegations in the complaint rather than the legal causes of action asserted.'" *Id.* (quoting *JLM Indus. v. Stolt-Nielsen SA*, 387 F.3d 163, 174 (2d Cir. 2004)).

Tantaros' electronic surveillance and hacking claims flow directly from, and relate directly to, her employment with Fox News and the employment discrimination claims she has asserted against the Fox News Defendants. *See* Compl. ¶ 4 (defendants alleged to be trying to "emotionally torture Ms. Tantaros into giving up her claims that she was sexually harassed"); ¶ 8 (defendants alleged to be trying to "unnerve her into giving up her claims of . . . sexual harassment"); ¶ 46 (defendants alleged to have "stepped up" their campaign after Tantaros "made it clear to Fox News that she was not inclined to give up on pursuing the harassment and retaliation" claims she had made). Indeed, not only is this entire lawsuit related to her employment but also every example of supposed electronic surveillance in Tantaros' baseless Complaint dates from her period of employment.[3]

---

[3] Although Tantaros insists that "the criminal conduct has continued unabated through the date when the Complaint was filed," Opp. Mem. at 22, only one act alleged in the Complaint post-dates Tantaros' employment and that act, a tweet, by a woman named Nomiki Konst, relates to and arises from Tantaros' appearance on a Fox News show. Compl. ¶ 80(f) & Compl. Ex. MM. Post-termination retaliation claims are subject to arbitration where, as here, they touch matters covered by the employment agreement. *See, e.g.*, *Polit v. Glob. Foods Int'l Corp.*, No. 14 Civ. 7360, 2015 WL 1780161, at *4 (S.D.N.Y. Apr. 20, 2015)

Tantaros' remaining efforts to explain away the connection between her hacking and surveillance claims and her employment by Fox News Defendants fare no better, as they run counter to her own allegations. Tantaros' contention that the retaliatory acts did not take place on Fox News premises is belied by allegations that the surveilled content was published on sites "owned or controlled" by Fox News (Compl. ¶ 7), the suggestion that surveillance may have been conducted from a "Black Room" on Fox News premises (Compl. ¶¶ 68, 70), and the new allegation in her declaration that Fox News employees gained access to her personal laptop when she was asked to tweet live during a Republican Presidential debate (ECF Doc. 55-2 ¶ 21).

Unable to break the direct link between her claims and her employment, Tantaros argues that her wiretapping and hacking claims involve "criminal conduct" falling "far closer to an assault" than an employment dispute and thus fall outside of the Agreement. Opp. Mem. at 23, 25. These allegations do not sustain scrutiny. Private wiretapping and hacking claims brought under federal criminal statutes may be arbitrated, just like other federal statutory claims, as discussed at pages 12-15 of our moving brief (ECF Doc. 22).[4] The sexual assault claims in *Jones v. Haliburton Co.*, 583 F.3d 228, 236–37 (5th Cir. 2009) and *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (11th Cir. 2011), which Tantaros likens to her claims, were based on random attacks by the plaintiffs' co-workers in connection with after-hours socializing. In neither case

---

(holding that post-termination retaliation claim by former employee was arbitrable); *Flanagan v. Prudential-Bache Secs., Inc.*, 67 N.Y.2d 500, 509 (1986) (complaint alleging employer made defamatory statements after termination of plaintiff's employment held to be arbitrable); *see also Fleck v. E.F. Hutton Grp., Inc.*, 891 F.2d 1047, 1052–53 (2d Cir. 1989) (holding that tort claims concerning post-termination statements may be arbitrable where they "involve significant aspects of the employment relationship") (quoting *Morgan v. Smith Barney, Harris Upham & Co.*, 729 F.2d 1163, 1167 (8th Cir. 1984)).

[4]  Tantaros' efforts to distinguish *Alghanim v. Alghanim*, 828 F. Supp. 2d 636 (S.D.N.Y. 2011) and *TravelClick, Inc. v. Open Hospitality Inc.*, No. 04 Civ. 1224, 2004 WL 1687204 (S.D.N.Y. July 27, 2004) are unavailing: Both cases hold that hacking and surveillance claims are arbitrable. Much like the email hacking scheme in *Alghanim*, which the court found was an attempt to deny plaintiff his rights under the agreements, the Complaint alleges the surveillance and hacking scheme was an effort to retaliate against Tantaros for complaining of workplace harassment, a claim plainly covered by the Agreement.

did the assault victim allege, as Tantaros does, that the assault was coordinated by the *employer* as retaliation for the employee's invocation of employment discrimination laws. Tantaros' allegations of wiretapping, hacking and cyberstalking arise from her employment because she herself claims they were intended as retaliation for complaints of sexual harassment she says she made to her employer. These claims, however fanciful, are therefore required to be arbitrated.

## CONCLUSION

For the reasons set forth above, and in the other papers submitted by Defendants, Tantaros should be compelled to arbitrate all of her claims against Defendants Fox News Network, LLC, William Shine and Irena Briganti before the AAA in accordance with the Agreement, and this case should be dismissed.

Dated: New York, New York
July 12, 2017

DECHERT LLP

By: ___/s/ Linda C. Goldstein___
    Andrew J. Levander
    Linda C. Goldstein
    Nicolle L. Jacoby
    Negin Hadaghian
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
linda.goldstein@dechert.com

*Attorneys for Defendants Fox News Network, LLC and Irena Briganti*

THOMPSON & KNIGHT LLP

By: ___/s/ Marion Bachrach___
    Marion Bachrach
    Andy Oh
900 Third Avenue
New York, New York 10022
(212) 751-3001

*Attorneys for Defendant William Shine*