UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA TANTAROS,

                Plaintiff,

- v -

FOX NEWS NETWORK, LLC, ROGER AILES,
WILLIAM SHINE, IRENA BRIGANTI, PETER A.
SNYDER, DISRUPTOR, INC. and JOHN DOES 1-50,

                Defendants.

Case No. 17 Civ. 2958 (GBD)

ORAL ARGUMENT
REQUESTED

# REPLY MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT WILLIAM SHINE'S
## MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11(C)

THOMPSON & KNIGHT LLP
Marion Bachrach
Andy S. Oh
900 Third Avenue, 20th Floor
New York, New York 10022
(212) 751-3001
*Attorneys for Defendant William Shine*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

    A.    Introduction ................................................................................................................ 3

    B.    Neither the Complaint Nor the Opposition Papers Provide A Legal Factual Basis For Plaintiff's Claims Against Mr. Shine .......................................... 4

    C.    Plaintiff's Counsel Failed to Conduct the Pre-filing Inquiry Required by Rule 11 ....................................................................................... 8

CONCLUSION ................................................................................................................ 10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................. 5

*Banus v. Citigroup Glob. Markets, Inc.*,
    757 F. Supp. 2d 394 (S.D.N.Y. 2010) ..................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................. 8

*D'Orange v. Feely*,
    877 F. Supp. 152 (S.D.N.Y. 1995) ......................................................................................... 9

*Dunahoo v. Hewlett-Packard Co.*,
    No. 11 CV 05588 (BSJ) (HBP),
    2012 WL 178332 (S.D.N.Y. Jan. 20, 2012) ............................................................................ 6

*Eastway Constr. Corp. v. City of New York*,
    762 F.2d 243 (2d Cir. 1985) .................................................................................................... 8

*Gambello v. Time Warner Communications, Inc.*,
    186 F. Supp. 2d 209 (E.D.N.Y. 2002) ..................................................................................... 9

*Garcia v. City of Laredo*,
    702 F.3d 788 (5th Cir. 2012) ................................................................................................... 8

*Gilman v. Marsh & McLennan Companies, Inc.*,
    868 F. Supp. 2d 118 (S.D.N.Y. 2012), *aff'd*,
    654 F. App'x 16 (2d Cir. 2016 ) ............................................................................................... 8

*In re Australia and New Zealand Banking Group Ltd.*,
    712 F. Supp. 2d 255 (S.D.N.Y. 2010) ..................................................................................... 8

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
    806 F.3d 125 (3d Cir. 2015), *cert. denied sub nom.*,
    *Gourley v. Google, Inc.*, 137 S. Ct. 36 (2016) ........................................................................ 7

*In re Nickelodeon Consumer Privacy Litig.*,
    827 F.3d 262 (3d Cir. 2016) .................................................................................................... 7

*Molefe v. Verizon N.Y., Inc.*,
   No. 14-CV-1835-LTS-GWG,
   2015 WL 1312262 (S.D.N.Y. Mar. 24, 2015) ...................................................... 6

*Moore v. Roadway Express, Inc. and Local 707*,
   No. 07–CV–977 (DLI)(JMA),
   2008 WL 819049 (E.D.N.Y. Mar. 25, 2008) ........................................................ 8

*Perpetual Sec., Inc. v. Tang*,
   290 F.3d 132 (2d Cir. 2002) ................................................................................. 4

*Podany v. Robertson Stephens, Inc.*,
   350 F. Supp. 2d 375 (S.D.N.Y. 2004) .................................................................. 6

*Schlaifer Nance & Co. v. Estate of Warhol*,
   194 F.3d 323 (2d Cir. 1999) ................................................................................. 4

*Shetiwy v. Midland Credit Mgmt.*,
   No. 12–cv–7068 (SAS), 2014 WL 3739512 (S.D.N.Y. July 29, 2014) ................ 5

*South Cherry St., LLC v. Hennessee Group LLC*,
   573 F.3d 98 (2d Cir. 2009) ................................................................................... 6

*United States v. Steiger*,
   318 F.3d 1039 (11th Cir. 2003) ........................................................................... 8

**Statutes**

Fed. R. Civ. P. 11 ............................................................................................... *passim*

Fed. R. Civ. P. 11(b) ........................................................................................... 1, 4, 8

**PRELIMINARY STATEMENT**

Defendant William Shine ("Shine") submits this Reply Memorandum of Law in support of the Rule 11 motion for sanctions filed by the law firm of Dechert LLP in May, at a time when it represented Mr. Shine as well as the Fox News Network, LLC ("Fox News") and its employees ("the Fox News defendants"). Now that Mr. Shine no longer works at Fox News, he has retained independent counsel, but his position has not changed regarding the egregious complaint filed in this case. The complaint merits sanctions because: 1) it fails to adhere to legal requirements; 2) it provides no factual basis for charging Mr. Shine with illegal electronic surveillance of plaintiff or use against her of purported illegal surveillance; and 3) it appears to have been filed for the improper twin purpose of avoiding arbitration and courting exposure in the media. (Fed. R. Civ. P. 11(b).)

Stripped of hyperbole and fierce rhetoric, the papers filed in opposition to the Rule 11 motion ("opposition papers" or "Opp. Mem.") make plain there are simply no facts linking Mr. Shine – or, frankly, any defendant – to imagined illegal electronic surveillance of plaintiff's personal phone and laptop. The opposition papers fail to assuage the concern at the heart of the Rule 11 motion: namely, that plaintiff's counsel did no pre-filing investigation and has no factual or legal basis for the serious criminal charges he improperly levels against Mr. Shine.

Since plaintiff's opposition provides no excuse why her allegations against Mr. Shine for illegal electronic surveillance have no factual content, it fails to quell another key Rule 11 concern: namely, that she filed the complaint for an improper purpose. This federal lawsuit is essentially duplicative of plaintiff's prior state court action for purported sexual harassment and retaliation, which was ordered to arbitration; but this one repeats those claims as purported background for charges of illegal surveillance that lack proper factual and legal foundation.

1

These key factors heighten the concern that plaintiff filed this baseless suit for an improper hybrid purpose: to avoid the confidentiality strictures of arbitration and thereby give the media a racy story that is factually unsourced but safe from libel because it was filed as a court pleading.

Plaintiff's sole basis for her convoluted claim that her personal phone and laptop were subject to surreptitious electronic surveillance is her speculation that that it "must have" happened. As set forth below, this does not comport with the legal standard for pleading. Her opposition papers offer no justification. They simply reiterate – at great length – her entirely conclusory claim that tweets from a man by the name of Daniel Block – an individual not identified as having any known relationship with Fox News or Mr. Shine – were allegedly designed to let plaintiff know that someone was listening to her phone calls. This puzzling claim, as set forth in the complaint and opposition papers, not only fails to include any factual allegations regarding Mr. Shine, it is also implausible and technically incomprehensible.

The gist of plaintiff's labyrinthine claim is that her personal phone and computer were somehow illegally surveilled, and information learned through those illicit hacks somehow appeared in the tweets of a stranger, Daniel Block, as a message to somehow scare and subdue her. None of the innocuous images or phrases in the tweets listed in the complaint, however, are alleged to have been sent to plaintiff's Twitter address or "handle". In her opposition papers, plaintiff admits that a failure by Block to address tweets to her Twitter handle would mean there could be "no reason for Mr. Block to have assumed [she] would even have seen [them]". (Opp. Mem. at 7.) Using her reasoning, even if plaintiff had alleged a factual connection between Block and Mr. Shine – which she has not – there would be no reason for Mr. Shine to have assumed she would see the Block tweets since none were addressed to her Twitter handle. In short, plaintiff's opposition makes clear her suit for illegal electronic surveillance is: 1) devoid of

2

any factual allegations against Mr. Shine, and 2) is based on pure speculation and leaps of logic that lack any plausible factual basis for her wild and irresponsible claims.

Plaintiff's opposition papers also make clear that her counsel did not conduct the pre-filing investigation required by Rule 11. He did not contact Daniel Block – the key figure in the fantastical complaint. Faced with a Rule 11 motion which included Block's sworn statement that he has no connection to Fox News or the individual defendants and that the tweets listed in the complaint were sent by him, plaintiff and her counsel resort to yet another speculative – and outrageous – claim tossed out repeatedly in their opposition, often in boldface type: the declaration "must have been" procured by criminal activity, namely bribery or extortion. (*Id.* at 1, 5, 6, 9, 12-13, 20.) In this Rule 11 application, we ask the Court to stop these wild, untrue and irresponsible statements made in filed pleadings and papers for all the world to see.

## ARGUMENT

### A.   Introduction

As an initial matter, Mr. Shine confirms that he joins in the Rule 11 motion previously filed by the law firm of Dechert LLP on behalf of the Fox News defendants, including himself. The opposition papers inaccurately state that "[i]t is not clear whether Shine is seeking sanctions because he has discharged counsel for the other moving defendants." (Opp. Mem. at n. 1, p. 1.) Before the opposition papers were filed, however, counsel for Mr. Shine made clear to opposing counsel that, although Mr. Shine had changed lawyers, he had not changed his position that the Rule 11 motion was properly filed on his behalf.

Mr. Shine also confirms that counsel for the Fox News defendants properly filed the motion to compel arbitration while it represented him, and he joins in the reply submission filed in further support of that motion. If this Court grants the motion to compel arbitration, Mr. Shine

3

respectfully requests that the Court retain jurisdiction to decide the Rule 11 motion. Its prerogative and jurisdiction to do so is firmly established. *See Banus v. Citigroup Glob. Markets, Inc.*, 757 F. Supp. 2d 394, 399 (S.D.N.Y. 2010) (Kaplan, J.) ("Although the Court previously concluded that arbitration ... is the most appropriate forum ... that conclusion does not prevent the Court from deciding this motion [to award attorneys' fees pursuant to statute and its inherent powers]."); *see also Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 140 (2d Cir. 2002) ("Although the district court lacked jurisdiction to decide the merits of the ... action, it retained the power to determine collateral issues, such as the appropriateness of sanctions."); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) ("The District Court clearly had jurisdiction to impose sanctions irrespective of the status of the underlying case because the imposition of sanctions is an issue collateral to and independent from the underlying case.... Thus, even when a district court lacks subject matter jurisdiction over an underlying action, it still possesses jurisdiction to impose sanctions arising from the underlying case.").

B.  **Neither the Complaint Nor the Opposition Papers Provide A Legal Factual Basis For Plaintiff's Claims Against Mr. Shine**

Fed. R. Civ. P. 11(b) requires that any filed pleading "or other paper" must be signed by counsel as certification that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances", the filing is not "presented for any improper purpose" and has a proper legal and factual basis as well as evidentiary support. In violation of Rule 11, plaintiff here fails to provide any factual basis or evidentiary support for her claims against Mr. Shine in either the complaint or her opposition to the Rule 11 motion.

The complaint and opposition papers are lengthy but entirely conclusory. They contain no factual allegations specifying what Mr. Shine purportedly did with respect to: (1) alleged

4

illegal electronic surveillance of plaintiff's private phone calls,[1] (2) alleged hacking of plaintiff's personal computer, or (3) the convoluted claim of a "cruel social media campaign against her … which included Tweets from sock-puppet accounts designed to let her know that she was the subject of illegal electronic surveillance". (*See* Opp. Mem. 3.) This failure to allege any facts stands in stark contrast to a statement made by plaintiff's counsel that he had "compelling evidence of Fox News's illegal electronic surveillance of my client – far more than would be necessary to meet my Rule 11 obligations…." (Rose Decl. Exh. 5.)[2] His opposition papers show that is not the case.

Plaintiff's bewildering claim of illegal surveillance of her phone is premised entirely on activity in the Twitter account of Daniel Block, who allegedly published tweets said to be "designed to make it clear to [plaintiff] that she was being illegally surveilled" by referencing innocuous subjects (like rabbits, elk, and pyramids) that plaintiff claims are sinister because they purportedly reflect matters discussed in personal calls. (Compl. ¶ 46.) No factual allegation, however, links Mr. Shine (or any of the other defendants) to Daniel Block or his Twitter account; and no factual allegation links Mr. Shine to illegal hacking of plaintiff's phone or computer.

Rule 11 is violated where, as here, plaintiff provides no factual basis for her claims. *Shetiwy v. Midland Credit Mgmt.*, No. 12–cv–7068 (SAS), 2014 WL 3739512, at *3 (S.D.N.Y. July 29, 2014) (Rule 11 is violated where litigant "fail[s] to ensure a factual basis for each of their allegations"). A "factual basis" requires more than mere conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a federal complaint must contain sufficient factual allegations

---

[1] The complaint contains no factual allegations about how the purported electronic surveillance was purportedly perpetrated, nor are there any allegations that any specific communication was intercepted.

[2] References are made to the Declaration of Benjamin M. Rose in Support of Motion by Defendants Fox News Network, LLC, William Shine and Irena Brigante for Sanctions Pursuant to Fed. R. Civ. P. 11(C) dated May 24, 2017 ("Rose Decl."); the Declaration of Daniel Wayne Block sworn to on April 26, 2017 ("Block Decl."), which is annexed as Exhibit 1 to the Rose Decl.; and the Declaration of Judd Burstein dated June 28, 2017 ("Burstein Decl.").

that amount to "more than an unadorned, the-defendant-unlawfully-harmed-me accusation… [n]or does a complaint suffice if it tenders naked assertions devoid of further factual enhancement") (internal citations and quotation marks omitted). The requirement that a plaintiff plead a non-conclusory factual basis clearly applies to claims of illegal electronic surveillance. *See Molefe v. Verizon N.Y., Inc.*, No. 14-CV-1835-LTS-GWG, 2015 WL 1312262, at *4 (S.D.N.Y. Mar. 24, 2015) (dismissing Wiretap Act claim where plaintiff offered only "generalized, highly conclusory allegations" tying defendant to surveillance, failing to provide a sufficient factual basis to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Dunahoo v. Hewlett-Packard Co.*, No. 11 CV 05588 (BSJ) (HBP), 2012 WL 178332, at *5 (S.D.N.Y. Jan. 20, 2012) (dismissing Wiretap Act claim where "sole allegation of an electronic 'interception' that would fall under the Act" was insufficient and failed to state a plausible claim).

Equally violative of Rule 11 is plaintiff's explicit hope that discovery will uncover evidence linking defendants to Block or alleged sock-puppet accomplices. (Compl. ¶¶ 21, 76; Opp. Mem. at 4.) It is well established that a plaintiff cannot evade the strictures of Rule 11 by hoping to score in discovery. *South Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98, 113-14 (2d Cir. 2009) ("before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct", noting that plaintiff's speculation that discovery would reveal facts to support claims "underscores, rather than cures, the deficiency in the Complaint"); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (discovery authorized solely for parties to develop the facts where plaintiff already stated a legally cognizable claim, "not in order to permit a plaintiff to find out whether he has such a claim").

Plaintiff's claims of illegal electronic surveillance not only fail to allege any facts regarding Mr. Shine, they are also inherently implausible. Although her claims are premised on tweets from Block allegedly "used … to make it clear to her that she was under surveillance" (Compl. ¶ 54), the offending tweets did not include her Twitter handle: @andreatantaros. Her opposition papers admit that "adding the '@andreatantaros' address to [a tweet] would have been the only way to ensure that it would reach Ms. Tantaros" and note that, absent a tweet addressed to her handle, "there would have been no reason for Mr. Block to have assumed that [she] would have even seen the Tweet". (Opp. Mem. at 7.)[3]

With respect to the computer-hacking claim, plaintiff relies on an excerpted page from a "forensic examination" of her laptop. (*Id.* at 22.) Nothing on that excerpted page, however, links Mr. Shine to the alleged hacking of her laptop. (Burstein Decl. Exh. RR.)[4] Plaintiff makes the conclusory claim, on information and belief, that "Shine … violated [the Stored Communications Act] by directing a person paid … by Fox News to hack [her] personal computer and gain access, *inter alia*, to her personal emails". (Compl. ¶ 87.) This claim lacks not only a factual foundation, it also lacks a legal basis because there is no private right of action under the Stored Communications Act, as previously noted in the moving Rule 11 memorandum of law of the Fox News defendants.[5]

---

[3] Since the subject tweets did not include plaintiff's Twitter handle, they were buried in Block's profile which included 6,729 tweets from the period May 21, 2016 (the earliest in the complaint) through July 27, 2016 (the latest). (*See* https://twitter.com/DanielWayneBlo1). For plaintiff to see those tweets, she would have had to perform non-stop monitoring of Block's Twitter account.

[4] Indeed, in the excerpted page provided, which refers to certain "malicious software" and "rogue WiFi access points", there is no conclusion that anyone at Fox News was responsible for the alleged hacking.

[5] *See* Memorandum of Law in Support of Motion by Defendants Fox News Network, LLC, William Shine and Irena Briganti for Sanctions Pursuant to Fed. R. Civ. P. 11(C), dated May 24, 2017, at 18-19 (citing the following authorities: *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 277 (3d Cir. 2016) (personal computing devices are not protected facilities under the statute), *cert. denied sub nom.*, *C. A. F. v. Viacom Inc.*, 137 S. Ct. 624 (2017); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 147 (3d Cir. 2015) (the term

7

The gist of plaintiff's illegal surveillance claims against Mr. Shine is her speculation that "no one else would have had the motive or wherewithal to surveil Ms. Tantaros". (Compl. ¶ 45; *see also* Opp. Mem. 21.) It is well established that bald conjecture cannot satisfy a lawyer's professional obligation to plead facts. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff must plead more than labels and conclusions to raise its right to relief above speculative levels); *Gilman v. Marsh & McLennan Companies, Inc.*, 868 F. Supp. 2d 118, 127, 133 (S.D.N.Y. 2012), *aff'd*, 654 F. App'x 16 (2d Cir. 2016 ) ("speculation about what Defendants communicated to the Attorney General behind closed doors is insufficient to state a plausible claim …. [Plaintiffs] must allege … conduct …based on more than speculation that Defendant *must* have spoken ill of Plaintiffs to the Attorney General") (emphasis in original); *Moore v. Roadway Express, Inc. and Local 707*, No. 07–CV–977 (DLI) (JMA), 2008 WL 819049, at *6 (E.D.N.Y. Mar. 25, 2008) (dismissal for failure to "allege any facts … above the level of mere speculation"). In short, plaintiff's speculative claims and conclusory arguments in opposition do not rescue her complaint from Rule 11 sanctions.

C.   **Plaintiff's Counsel Failed to Conduct the Pre-filing Inquiry Required by Rule 11**

In her opposition papers, plaintiff does not dispute that her counsel failed to perform the pre-filing inquiry that Rule 11(b) requires. *See Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir. 1985) ("Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading"); *In re Australia and New Zealand Banking Group Ltd.*, 712 F. Supp. 2d 255, 263 (S.D.N.Y. 2010)

---

"facility through which an electronic communication service is provided" denotes facility where network or electronic communication services provide and store private communications, and does not include home computers), *cert. denied sub nom.*, *Gourley v. Google, Inc.*, 137 S. Ct. 36 (2016); *Garcia v. City of Laredo*, 702 F.3d 788, 790 (5th Cir. 2012) ("[Stored Communications Act] . . . does not apply to data stored in a personal cell phone"); *United States v. Steiger*, 318 F.3d 1039, 1049 (11th Cir. 2003) ("the SCA clearly applies, for example, to information stored with a phone company, Internet Service Provider (ISP), or electronic bulletin board system (BBS)" – it "does not appear to apply to the [the plaintiff's personal] computer . . . because there is no evidence to suggest that [the] computer maintained any 'electronic communication service'").

("Under Rule 11, an attorney has an affirmative duty to make reasonable inquiry into the facts and the law."); *D'Orange v. Feely*, 877 F. Supp. 152, 161 (S.D.N.Y. 1995) (Rule 11 sanctions warranted where "there [was] very little room for doubt that[,] had Plaintiff's counsel conducted any remotely reasonable inquiry…, [the] action would never have been filed…"); *Gambello v. Time Warner Communications, Inc.*, 186 F. Supp. 2d 209, 229 (E.D.N.Y. 2002) (imposing sanctions for failure to do pre-filing inquiry that would have shown lack of evidentiary support).

Had plaintiff's counsel conducted a reasonable pre-filing inquiry, he would have known that his client's claims about the Block Twitter account were false. He would have learned that Block is a real person with no connection to Fox News (other than as a fan of Fox News and its talent), who personally sent all the tweets that are the subject of the complaint. (Block Decl. ¶¶ 1-4.) In his declaration, Block explained that he sent the innocuous tweets listed in the complaint "when [he] was moved to do so, either by what [he had] heard in the course of the day or by things that reminded [him] of [his] family or acquaintances". (*Id.* ¶¶ 3, 9.)

Plaintiff and her counsel quibble in their opposition about immaterial aspects of the Block Declaration; but, unable to refute Block's sworn statement that all tweets sent from his account were his alone, they pursue the same tactics they used in the complaint. They insist, still without factual basis, that "[Block's] Twitter account was used by a third party – perhaps innocently but likely for compensation – to harass Ms. Tantaros". (Opp. Mem. at p. 6, fn. 5.)

Most chilling, however, is their new line of attack. Plaintiff and her counsel use their opposition papers to double down on irresponsible behavior. Without any factual basis, they accuse defendants of still more illegal conduct, and do so repeatedly, often in boldface. They claim that the Block declaration "must have been" procured by "bribery" or "extortion" and that it is "highly likely" this was "obviously" the case. (*See* Opp. Mem. at 1, 5, 6, 9, 12-13, 20.)

These baseless and irresponsible statements – repeated some nine (9) times in the memorandum in opposition – are themselves violations of Rule 11.

## **CONCLUSION**

We ask the Court to put a stop to these intentionally toxic statements that have no foundation in fact. Plaintiff and her counsel appear to think they can skirt without consequence court orders, such as the state court's order to proceed to confidential arbitration. They repeatedly try to sully the defendants, individual as well as corporate, in the most public manner possible: by making factually unsupported statements in court filings. These filings, unlike those in arbitration, can then be accessed by the media. We ask the Court to stop plaintiff and her counsel from making these reckless and irresponsible statements. This is the type of case that cries out for relief under Rule 11. We respectfully ask that the Court to impose sanctions.

Dated:  New York, New York
        July 12, 2017

Respectfully submitted,

/s/ Marion Bachrach
THOMPSON & KNIGHT LLP
Marion Bachrach
Andy S. Oh
900 3rd Avenue, 20th Floor
New York, New York 10022
Tel.: (212) 751-3001
Fax: (212) 751-3113

*Attorneys for Defendant William Shine*

10