UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREA TANTAROS,

                *Plaintiff,*

    -- against --                                     Case No. 17-cv-2958 (GBD)

FOX NEWS NETWORK, LLC, ROGER AILES,        **DECLARATION OF**
WILLIAM SHINE, IRENA BRIGANTI, PETER        **JUDD BURSTEIN, ESQ.**
A. SNYDER, DISRUPTOR, INC., and JOHN
DOES 1-50,

                *Defendants.*
------------------------------------------------------------------X

        **JUDD BURSTEIN** hereby declares under penalty of perjury:

        1.    I am currently counsel for Andrea Tantaros in the above-captioned case. I respectfully submit this Declaration in support of the present motion brought by my law firm, Judd Burstein, P.C. ("JBPC"), and me, seeking an Order: (a) granting us leave to withdraw as counsel for Ms. Tantaros, except insofar as allowing us to defend against the pending Rule 11 motions directed against us, and (b) staying this action for 60 days to enable Ms. Tantaros to retain new counsel who can familiarize themselves with the case, together with (c) such other and further relief as this Court deems just and proper.

        2.    In support of this motion, I advise the Court that I decided to withdraw as counsel for Ms. Tantaros based upon an irretrievable breakdown in the attorney-client relationship. Ms. Tantaros consents to the relief, and agrees that it would be in the best interest of both attorney and client for JBPC and me to withdraw as her counsel. In order to avoid unnecessarily prejudicing Ms. Tantaros, I am not detailing the reasons for the breakdown in our relationship in this submission. However, I am willing to provide this information *in camera* if the Court should require it. But to be clear, the reasons for my seeking to withdraw have nothing to do

with the merits of the case. To the contrary, I continue to strongly believe in the merits of Ms. Tantaros's claims.

3. It is well-settled that a breakdown in the attorney-client relationship provides grounds to withdraw. *See Benvenisti v. City of New York*, No. 04 Civ. 3166, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006).[1] An attorney may also withdraw from the attorney-client relationship when "the client knowingly and freely assents to termination of the employment." Rule 1.16(c)(10) of the N.Y. Rules of Prof'l Conduct. Further, a stay is appropriate relief in the event that counsel withdraws, so as to avoid unduly prejudicing the party. *See Police Officers For A Proper Promotional Process v. Port Authority of N.Y & N.J.*, No. 11 Civ. 7478, 2012 WL 4841849, at *2 (S.D.N.Y. Oct. 10, 2012). Moreover, permitting Judd Burstein and Judd Burstein, P.C. to withdraw as attorneys for Ms. Tantaros will not prejudice the prosecution of this case, as all pending motions have been fully briefed, discovery has not commenced, and the case is not on the eve of trial.

4. There is one exception to the relief sought herein. While my withdrawal as counsel for Ms. Tantaros is necessary at this point, the Defendants in this case have filed two separate Rule 11 motions. We have submitted written opposition to both. However, as the sanctions are sought against me as well as Ms. Tantaros, I must be allowed to remain in the case for the limited purpose of defending against the Rule 11 motions insofar as they are brought against my law firm and me. We can certainly file a separate intervention motion if the Court requires it.

---

[1] I am aware that the Rules of this Court require legal arguments to be contained in memoranda of law. However, due to the brevity of this filing, and its straightforward nature, we are not submitting a separate memorandum of law.

2

5.  As a procedural matter, I request permission to serve Ms. Tantaros with the Notice of Motion and this Declaration via email to her at the email address Judd Burstein and Judd Burstein, P.C. have been using to regularly communicate with Ms. Tantaros during their professional relationship. In the interest of keeping this email address private, I do not want to disclose it in this Declaration or the Order to Show Cause. Judd Burstein and Judd Burstein, P.C. have successfully reached Ms. Tantaros at this email address throughout their professional relationship. When service is complete, Judd Burstein, P.C. will file an affidavit of service.

**WHEREFORE**, based upon the foregoing, your undersigned respectfully requests that the Court enter an Order: (a) granting JBPC and me leave to withdraw as counsel for Ms. Tantaros, except insofar as allowing us to defend against the pending Rule 11 motions directed against us, and (b) staying this action for 60 days to enable Ms. Tantaros to retain new counsel who can familiarize themselves with the case, together with (c) such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated: September 22, 2017
  New York, New York

JUDD BURSTEIN