UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ANDREA TANTAROS,

                           Plaintiff,                   17 Civ. 2958 (GBD)

                   - against -

FOX NEWS NETWORK, LLC, ROGER
AILES, WILLIAM SHINE, IRENA BRIGANTI,
PETER A. SNYDER, DISRUPTOR, INC., and
JOHN DOES 1-50,

                          Defendants.
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO JOIN THE ESTATE OF ROGER AILES**

Plaintiff Andrea Tantaros respectfully submits this Memorandum of Law in Support of her Motion to Join the Estate of Roger Ailes.

**Background**

On April 24, 2017, Plaintiff filed the Complaint in this action and named Roger Ailes as a Defendant. Plaintiff alleges that Mr. Ailes violated 18 U.S.C. § 2511 through electronic surveillance of Plaintiff's personal telephone. (Compl. ¶ 82). Furthermore, Mr. Ailes is alleged to have violated 18 U.S.C. § 2701 by ordering the hacking of Plaintiff's personal computer. (Compl. ¶ 87). As detailed in the Complaint, this electronic surveillance was part of a systematic campaign to harass and intimidate Plaintiff after she complained about sexual harassment by Mr. Ailes and others. This campaign caused Plaintiff to suffer severe emotional distress. (Compl. ¶¶ 92-94).

On May 18, 2017, Mr. Ailes passed away. As a result, on June 15, 2017, a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure was filed, and, on June 19, 2017, the Court entered an order dismissing Mr. Ailes without prejudice. (ECF No. 33).

On June 28, 2017, Mr. Ailes's widow, Elizabeth Ailes, filed a Petition for Appointment and Petition for Administration in the probate court of Palm Beach County, Florida, Case No. 50-2017-CP-003091-XXXX-MB. On July 27, 2017, the probate court issued Letters of Administration and appointed Elizabeth Ailes as Personal Representative of the Estate of Roger Ailes.

## Argument

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, the Court may join a party as a defendant if (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (b) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "[J]oinder of claims, parties and remedies is strongly encouraged, and the impulse is toward the broadest possible scope of action consistent with fairness to the parties." *Case v. Anderson*, No. 16 CIV. 983 (NSR), 2017 WL 3701863, at *5 (S.D.N.Y. Aug. 25, 2017) (internal quotation marks omitted). "[T]he requirements of Rule 20(a) should be interpreted liberally in order to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Id.*

The Complaint alleges that Ailes orchestrated the electronic surveillance of Plaintiff. (*See, e.g.*, Compl. ¶¶ 42-44). This conduct was in retaliation for Plaintiff's complaints of sexual harassment by Mr. Ailes, among others. (*Id.*). As alleged in the Complaint:

2

> In the wake of Ms. Tantaros rejecting Ailes's unwanted advances, Ms. Tantaros was demoted to appearing on a far less significant show at Fox News and suddenly became the target of unfavorable and unflattering coverage by "news" outlets and social media controlled, directly or indirectly, by Fox News. When Ms. Tantaros complained to, inter alia, Defendant Bill Shine ("Shine"), Ailes's top lieutenant at the time, and Diane Brandi ("Brandi"), Fox News's chief in-house lawyer, about both Ailes and O'Reilly, she was subjected to a reign of terror. Indeed, Shine specifically warned Ms. Tantaros that she needed to drop her complaints about Ailes because he was "a very powerful man."

(Compl. ¶ 9).

The allegations against Ailes "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and share "question[s] of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). Indeed, there is substantial overlap between the claims against Ailes and the claims against other Defendants because Ailes is a central figure with respect to these allegations.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order permitting Plaintiff to add the Estate of Roger Ailes as a Defendant in this action.[1]

Dated: October 5, 2017             MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Martha B. Stolley
Martha B. Stolley
Jawad B. Muaddi
101 Park Avenue
New York, New York 10178
(212) 309-6000

*Attorneys for Plaintiff Andrea Tantaros*

---

[1] Should the Court grant the relief requested, Plaintiff will take all appropriate steps to serve the Estate with the Summons and Complaint.