**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

ANDREA TANTAROS,                      :
                                         :

                Plaintiff,        :      17 Civ. 2958 (GBD)
                                         :

             - against -       :
                                         :

FOX NEWS NETWORK, LLC, ROGER     :
AILES, WILLIAM SHINE, IRENA BRIGANTI,  :
PETER A. SNYDER, DISRUPTOR, INC., and  :
JOHN DOES 1-50,                      :
                                         :

             Defendants.      :
                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S RESPONSE TO THE MOTION BY DEFENDANTS FOX NEWS**
**NETWORK, LLC AND IRENA BRIGANTI FOR EXPEDITED RULE 11 DISCOVERY**

      Plaintiff Andrea Tantaros respectfully submits this response to the Motion by Defendants

Fox News Network, LLC ("Fox News") and Irena Briganti ("Briganti") (together, the "Fox

Defendants") for Expedited Rule 11 Discovery (ECF No. 95) (the "Fox Discovery Motion").  In

short, Plaintiff has no objection to the discovery the Fox Defendants seek, and had counsel for

the Fox Defendants contacted Plaintiff in advance, we might have been able to avoid this motion

being filed altogether.  The discovery sought is not, however, related purely to any pending Rule

11 motion.  Instead, this is clearly merits based discovery as it directly relates to the underlying

claims.  Accordingly, if discovery is to proceed, because this is discovery on the merits, Plaintiff

requests that additional merits discovery proceed simultaneously.  This will include, *inter alia*,

additional subpoenas to other third parties.

Notwithstanding Plaintiff's request, any discovery as to the Rule 11 motion is premature. As we have discussed multiple times with defense counsel, we are completely new to the pending matters and are working to get up to speed as quickly as possible. We have said, in writing, that by November 22, 2017 we would circulate to them an amended complaint if these claims are to proceed.  Thereafter, if Defendants would not consent, we would seek permission from the Court by November 30, 2017 to file the amended complaint.  It is our hope that doing so will obviate the perceived need for any sanctions motion.

### Relevant Procedural History

On April 24, 2017, Plaintiff filed the initial complaint in this action.  ECF No. 1.  At the time, Plaintiff was represented by Judd Burstein, Esq. ("Mr. Burstein").  On May 24, 2017, the Fox Defendants, as well as Defendant William Shine,[1] filed a Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c) ("Fox Sanctions Motion") against Plaintiff and Mr. Burstein.  ECF No. 18.[2] On September 22, 2017 (after the sanctions motions were fully briefed), Mr. Burstein filed a motion to withdraw as counsel for Plaintiff, and requested a 60-day stay for Plaintiff to retain new counsel and for new counsel to familiarize themselves with this case.  ECF No. 87. Promptly thereafter, on September 29, 2017, the undersigned entered appearances on behalf of Plaintiff.  And, on October 5, 2017, the undersigned wrote a letter to the Court noting that counsel for all parties agreed to a 60-day stay in order for new counsel to familiarize themselves with this case.  ECF No. 94.

On October 6, 2017, the Fox Defendants filed the Fox Discovery Motion (ECF No. 95), notwithstanding their prior consent to a 60-day stay among the parties.  ECF No. 94.  The Fox

---

[1]  On June 14, 2017, Shine substituted counsel following his departure from Fox News.  ECF No. 30.  Represented by new counsel, Shine filed a reply in further support of the Fox Sanctions Motion.  ECF No. 68.

[2]  On June 20, 2017, Defendants Disruptor, Inc. and Peter A. Snyder filed a Motion Seeking Sanctions Pursuant to Rule 11 against Plaintiff and Mr. Burstein.  ECF No. 38.

Discovery Motion requests permission to issue four non-party subpoenas in order to obtain discovery that the Fox Defendants claim will support the Fox Sanctions Motion.  ECF No. 95.

On October 10, 2017, the Court granted Mr. Burstein's motion to withdraw, and scheduled oral argument on November 30, 2017 with respect to the Fox Sanctions Motion and other pending motions.  ECF No. 101.  The Court also issued a briefing schedule on the Fox Discovery Motion.  *Id.*

On October 11, 2017, the undersigned wrote a letter to counsel for the Fox Defendants stating that we are conducting our own investigation of the basis for the allegations and that, by November 22, 2017, we would circulate to them an amended complaint if these claims are to proceed.  We further informed them that we would seek permission by November 30, 2017 to file the amended complaint if they would not give their consent.  We stated that we hoped an amended complaint based on our own investigation would obviate the perceived need to pursue any sanctions motion, and asked them to withdraw the Fox Discovery Motion pending our filing of an amended complaint.[3]  On October 12, 2017, counsel for the Fox Defendants responded that the Fox Defendants would not withdraw the Fox Discovery Motion.

### The Fox Discovery Motion Is Premature Because
### Plaintiff Will Seek to Amend the Complaint by Consent or Motion

Plaintiff is not opposed to the Fox Discovery Motion in principle.  The four requested third-party subpoenas seek documents and testimony that go to the merits of the allegations, which Plaintiff seeks to establish.[4]  However, for purposes of supporting the Fox Sanctions

---

[3]  Additionally, an amended complaint would further support maintaining this action in federal court and not in arbitration.

[4]  In consenting to the relief requested in the Fox Discovery Motion, Plaintiff does not concede, but rather disputes, that the Fox Defendants have established the requisite "extraordinary circumstances" required under Rule 11.  *See* Fed. R. Civ. P. 11 advisory committee notes.  Indeed, the Fox Defendants have done nothing to establish the authenticity of the cited exhibit, which Ms. Tantaros has disputed in the civil action in which it was filed. Furthermore, the selectively quoted text messages, which the Fox Defendants take out of context and quote without

Motion, the Fox Discovery Motion is premature given Plaintiff's stated intention to file an amended complaint if the claims are to proceed, which Plaintiff will seek to file by consent or motion. Fed. R. Civ. P. 15. Our firm appeared in this case only within the past three weeks, and we are working as quickly as possible to familiarize ourselves with this matter (and other matters involving Plaintiff and the Fox Defendants). We are currently investigating the allegations set forth in the initial complaint, which involve complicated technical issues regarding electronic surveillance.

We explained to the Fox Defendants that we believe the amended complaint will remove any basis for a sanctions motion, and asked them to withdraw the instant motion and agree to a November 30, 2017 deadline for Plaintiff to file an amended complaint by motion or consent, with the Fox Defendants receiving a copy for their consideration on or before November 22, 2017. However, the Fox Defendants rejected our offer, stating, in part, that "[w]e also decline your suggestion that any proposed amendment of the baseless Complaint filed by Ms. Tantaros' prior counsel will 'obviate the need to pursue a sanctions motion.'"

The Fox Defendants' position is without merit and seeks to impose an additional burden on Plaintiff and this Court in connection with sanctions motions that could be rendered moot by an amended complaint. Accordingly, if the discovery sought is purely related to the sanctions motion, then any motion as to that discovery, and the discovery itself, should be held in abeyance until after the Fox Defendants have had a chance to review an amended complaint. If, however, the discovery is merits based, there is no need for the motion and all discovery should simply proceed.

---

accounting for the time-stamp of each message, hardly suggest that Ms. Tantaros created the Twitter accounts at issue.

4

## **Conclusion**

Plaintiff does not oppose the relief requested by the Fox Discovery Motion, but notes that the forthcoming amended complaint may obviate both (1) the need to continue to press any Rule 11 motion, and (2) any allegedly related Rule 11 discovery.  Plaintiff respectfully submits, however, that if the Court allows the discovery, then Plaintiff also should be given leave to issue her own discovery requests and subpoenas.

Dated: October 20, 2017                           MORGAN, LEWIS & BOCKIUS LLP

                                                  By: */s/  Martha B. Stolley*
                                                       Martha B. Stolley
                                                       Jawad B. Muaddi
                                                       101 Park Avenue
                                                  New York, New York  10178
                                                  (212) 309-6000

                                                  *Attorneys for Plaintiff Andrea Tantaros*