UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREA TANTAROS,                                    :
                                                    :
                              Plaintiff,            :
                                                    :
                    - against -                     :      17 Civ. 2958 (GBD)
                                                    :
FOX NEWS NETWORK, LLC, ROGER AILES, WILLIAM         :
SHINE, IRENA BRIGANTI, PETER A. SNYDER,             :
DISRUPTOR, INC. and JOHN DOES 1-50,                 :
                                                    :
                              Defendants.           :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION BY DEFENDANTS FOX NEWS NETWORK, LLC AND IRENA BRIGANTI FOR EXPEDITED RULE 11 DISCOVERY

Plaintiff Andrea Tantaros has "no objection to the discovery" that the Fox News

Defendants seek. ECF Doc No. 104 ("Tantaros Br.") at 1. Her former attorney Judd Burstein

and his law firm "do not oppose" it. ECF Doc. No. 103 ("Burstein Decl.") ¶ 4.b. Nevertheless,

they seek either to hold the Rule 11 discovery "in abeyance" until *after* Tantaros' new counsel

has the opportunity to investigate the allegations in the Complaint (Tantaros Br. at 4),[1] to

convert the limited Rule 11 discovery requested by the Fox News Defendants into "full plenary

discovery" so that Burstein and his firm may "fully defend themselves against the pending

sanctions motions" (Burstein Decl. ¶¶ 4.b., 13), or to hijack the requested Rule 11 discovery by

combining it with merits discovery (Tantaros Br. at 1, 4). These efforts to defer or expand the

limited expedited discovery sought by the Fox News Defendants have no merit.

---

[1]     The plaintiff in *Wheeler v. Twenty-First Century Fox, Inc., et al.* recently made a similar request, asking the Court to relieve him of the obligation to respond to a pending sanctions motion on the ground that the amended complaint he intended to file would soon "moot" the motion. No. 17 Civ. 5807 (GBD) (S.D.N.Y. Oct. 11, 2017), ECF Doc. No. 51. This Court denied the request. *Id.* at ECF Doc. No. 55.

## I.   An Amended Complaint Will Not Moot Fox News' Pending Motion for Rule 11 Sanctions

It is certainly appropriate that Tantaros' new counsel "are conducting [their] own investigation of the basis for the allegations" in the pending Complaint.  Tantaros. Br. at 3.  Still, even if Tantaros' new counsel were to withdraw the Complaint in its entirety—which would be the only professionally responsible outcome of their review—the pending Sanctions Motion would *not* become "moot," as she asserts.  Tantaros Br. at 4.  To the contrary:  Fed. R. Civ. P. Rule 11(c)(2) provides counsel (and their clients) with a 21-day safe harbor to withdraw or modify a challenged pleading.  The Fox News Defendants served the notice of their Sanctions Motion on May 2, 2017, ECF Doc. Nos. 20–22, and the 21-day safe harbor therefore expired on May 23, 2017.  The Fox News Defendants have since submitted extensive briefing demonstrating why the Complaint is spurious.  As stated in the Advisory Committee Notes to Rule 11, only the "*timely* withdrawal of a contention will protect a party against a motion for sanctions."  *See* Fed. R. Civ. P. 11, 1993 Advisory Comm. Notes (emphasis added).

Under Fed. R. Civ. P. 11, a plaintiff who, like Tantaros, persists in pressing a claim after the 21-day safe harbor expires may be sanctioned even if she later withdraws the pleading in its entirety.  As Judge Castel held when he imposed sanctions upon plaintiffs who had later withdrawn their pleadings, "Plaintiffs should have heeded the 'safe harbor' notice."  *Elfoulki v. Brannons Sandwich Shop, LLC*, No. 14 Civ. 5964, 2016 WL 3542458, at *4 (S.D.N.Y. June 22, 2016).  If Tantaros' new counsel chooses merely to amend, rather than to withdraw, the Complaint, Rule 11 sanctions would still be appropriate.  *See The Cancer Found., Inc. v. Cerberus Capital Mgmt., L.P.*, No. 07 Civ. 4120, 2008 WL 927989, at *4, n.6 (N.D. Ill. Apr. 4, 2008), *aff'd*, 559 F.3d 671 (7th Cir. 2009); *Jackson v. Rohm & Haas Co.*, No. 05 Civ. A. 4988, 2006 WL 680933, at *3 (E.D. Pa. Mar. 9, 2006), *aff'd*, 366 F. App'x 342 (3d Cir. 2010).  Strict

adherence to the 21-day deadline is necessary if the safe harbor is to have its intended effect of encouraging parties to withdraw sanctionable pleadings and avoid the need for motion practice. *Elfoulki,* 2016 WL 3542458, at *4; *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("It is now clear that the central purpose of Rule 11 is to deter baseless filings in district court . . . .").

The facts of this case would fully justify the imposition of sanctions upon Tantaros herself, as well as her former counsel Burstein, even if her new attorneys withdraw or modify her Complaint after they complete their investigation.  The Text Log that prompted this motion suggests that Tantaros herself created or used two of the very "sock puppet" accounts that the Complaint accuses the Fox News Defendants of creating.  *See* ECF Doc. No. 96 at 4–6. Tantaros submits that the text messages quoted in the Fox News Defendants' moving papers have been "taken out of context" and "hardly suggest" such egregious misconduct.[2]  Tantaros Br. at 3, n.4.  But if there were an innocent reading of her own text messages in the Text Log, she certainly could have provided it; the fact that Tantaros has chosen to remain silent confirms that the Fox News Defendants interpreted her text messages correctly.[3]  Similarly, the Complaint alleges that Tantaros closely followed the Daniel Wayne Block Twitter account, *see* Compl.

---

[2]        In marked contrast to her former counsel Burstein, Tantaros does not claim that the Text Log is a "fraud" that "does not reflect actual messages" she exchanged with Krechmer.  Burstein Decl. ¶ 9.  Krechmer authenticated the Text Log by declaration dated November 23, 2016.  *See* Reply Declaration of Benjamin M. Rose (Rose Reply Decl.) Ex. 1 at ¶ 13.  When she filed her own declaration in the *Krechmer* case, Tantaros did not dispute the authenticity of the Text Log; to the contrary, she conceded its accuracy by quoting certain text messages in support of her own arguments.  *Krechmer v. Tantaros*, No. 16 Civ. 7820 (KBF) (S.D.N.Y. Aug. 9, 2017), ECF Doc. No. 77-1 ¶ 58.

[3]        Burstein tries to cast doubt on this reading by suggesting that the undated screenshot of an AveryDovven tweet annexed as Exhibit W to the Complaint is inconsistent with the text messages in the Text Log referring to the deletion of AveryDovven tweets that refer to "dave."  *See* Burstein Decl. ¶ 10.d.  But the fact that Tantaros appended to her complaint an undated screenshot of a tweet that is no longer available on Twitter strongly suggests that the now-deleted tweet was provided to Burstein *by Tantaros herself*.  Because the screenshot displays no date, the tweet may well be one that Tantaros or her friend Inga Lee Norton deleted in August 2015, after the screenshot was taken.

¶ 11; she can therefore be charged with knowledge that the tweets in that account disproved her baseless allegations of illegal electronic surveillance by the Fox News Defendants.

      The damage done to the Fox News Defendants by virtue of the public filing of the Complaint would also justify the imposition of sanctions on Tantaros, even if her new counsel properly concludes that the Complaint as pleaded has no merit.  Tantaros' outlandish accusations of criminal behavior—namely wiretapping and computer hacking—received extensive press coverage across the globe.  Within hours of its filing, news outlets including Variety, New York Magazine, The Hollywood Reporter, The Daily Beast, National Public Radio (NPR), and Bloomberg reported on the Complaint's most incredible claims, blanketing the Internet with scandalous, attention-grabbing headlines that Fox News had targeted Tantaros with a "smear campaign" to "emotionally torture" her by means of "digital weapons" and "online harassment" including the hacking of her electronic devices.  *See, e.g.*, Rose Reply Decl. Exs. 2–7.  In its reporting, New York Magazine likened the alleged conduct to the "*News of the World* scandal," a 2011 bribery and hacking scandal involving the now defunct London newspaper.  *Id.* Ex. 3 at 2.  NPR drew a similar connection, reporting that "[t]he phrase 'hacking' carries particular resonance for the Murdoch family" in light of the 2011 *News of the World* scandal.  *Id.* Ex. 6 at 6.  Burstein fanned the flames ignited by the Complaint, telling NPR that the Complaint presented "misconduct and illegality that goes far beyond anything that has been reported to date" and in which he characterized the claims as "not just cyberstalking . . . [but] cyberstalking on steroids" and charged the defendants of "in essence [committing] two crimes . . . at the same time."  *Id.* at 5–7.

      Sanctions may not undo the damage, but they could deter other publicity-hungry plaintiffs from making such irresponsible allegations.  Moreover, the Fox News Defendants

incurred the expense of briefing the pending Sanctions Motion, which gives Tantaros' new counsel a roadmap to the Complaint's defects.  Sanctions against Tantaros are appropriate for these reasons as well, even if her new counsel chooses to withdraw or amend the Complaint.

## II.      Tantaros' and Burstein's Requests For Additional Discovery Should Be Denied

Contrary to their claims that this motion for Rule 11 discovery should prompt merits discovery, the discovery the Fox News Defendants have sought is narrowly tailored to the Sanctions Motion.  The proposed discovery requests to Krechmer, Inga Lee Norton, and Twitter, Inc. are confined to information regarding the creation and use of the @AveryDovven and @dycin55 Twitter accounts (Rose Decl. Exs. 2–5)—accounts that form the basis of the cyberstalking claims against the Fox News Defendants (Compl. ¶ 43(a)–(c)), for which the Fox News Defendants have sought sanctions.  Such discovery is targeted to the issue of confirming the inferences arising from the Text Log:  that Tantaros created or used the very social media accounts that she alleges were abused by the Fox News Defendants to cyberstalk her.  In addition, the Fox News Defendants have sought testimony from Daniel Wayne Block "regarding the circumstances of his execution of his affidavit that the Fox News Defendants have submitted" in support of their Sanctions Motion (ECF Doc. No. 95 at ¶ 4) to negate Burstein's irresponsible charge that "someone working for [Fox News Defendants] has extorted or bribed [Mr. Block] into signing" the affidavit (ECF Doc. No. 54 at 1).

The unfettered merits discovery Tantaros and Burstein now seek is neither relevant to nor necessary for resolution of the pending Sanctions Motion and should not be permitted.  The Sanctions Motion challenges Tantaros' advancement of spurious allegations which Burstein failed adequately to investigate relating to the Fox News Defendants' purported electronic surveillance of Tantaros.  Accordingly, whether Tantaros and Burstein engaged in sanctionable

conduct turns on the information known to them *at the time* they filed the Complaint and advanced frivolous claims of illegal electronic surveillance against the Fox News Defendants. *See, e.g.*, *Rubio v. City of New York*, No. 03 Civ. 1349, 2005 WL 1498283, at *2 (E.D.N.Y. May 31, 2005) (sanctioning counsel for advancing claims lacking any factual foundation or evidentiary support based "[u]pon examination of the information available to [counsel] at the time he signed the Complaint"). Their acquisition of new information in discovery *after* the filing of those bogus claims neither touches upon nor changes the relevant inquiry.

Moreover, neither Tantaros nor Burstein has set forth a cogent need for specific discovery relevant to the Sanctions Motion. Burstein proffers "[b]y way of example" that he requires discovery into at least ten identified matters to defend his interests. Burstein Decl. at ¶ 14. Not only is this the first time that Burstein has raised his need for *any* sanctions-related discovery, none of the requests he now identifies touches upon whether he conducted a reasonable inquiry into the Complaint's electronic surveillance allegations, and the Block Twitter Account in particular, before certifying them.

Tantaros seeks the latitude to issue any number of unidentified discovery requests and subpoenas "if the Court allows the discovery" sought by this motion. Tantaros Br. at 5. But this attempt to expedite merits discovery must be denied, since this case—should it not be withdrawn—must be tried before a panel of the AAA, not this Court. Permitting the Fox News Defendants to pursue narrow Rule 11 discovery by no means warrants opening the door to broad merits discovery.

**CONCLUSION**

For the foregoing reasons, the Fox News Defendants respectfully request that this Court: (a) grant Fox News Defendants' motion for limited, expedited discovery on their Sanctions Motion; (b) deny Tantaros' conditional request for leave to serve discovery requests and subpoenas should Fox News Defendants' motion be granted; and (c) deny Burstein's request for plenary discovery on the pending Sanctions Motion.

Dated: New York, New York
       October 27, 2017

DECHERT LLP

By:   */s/ Linda C. Goldstein*
      Andrew J. Levander
      Linda C. Goldstein
      Nicolle L. Jacoby
      Benjamin M. Rose
      Negin Hadaghian
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
linda.goldstein@dechert.com

*Attorneys for Defendants Fox News Network, LLC and Irena Briganti*