**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

October 27, 2017

VIA ECF

Hon. George B. Daniels
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Tantaros v. Fox News Network, LLC et al.*, Case No. 17-cv-02958 (GBD)

Dear Judge Daniels:

We write as counsel for Defendants Peter A. Snyder and Disruptor, Inc. (collectively, the "Snyder Defendants") to respond to recent filings from Judd Burstein and Judd Burstein P.C. (the "Burstein Response") and Morgan, Lewis & Bockius LLP ("Morgan Lewis"), on behalf of Plaintiff Andrea Tantaros (the "Morgan Lewis Response") (collectively, "Plaintiff's Responses") regarding the Motion for Expedited Rule 11 Discovery filed by Defendants Fox News Network, LLC ("Fox News") and Irina Briganti (together, the "Fox News Defendants"). *See* ECF Nos. 95, 103, 104. Plaintiff's attempt to circumvent the normal order of discovery underscores that this Complaint was filed in derogation of the attorneys' Rule 11 responsibility to diligently investigate claims in a complaint *before* it is filed, not after. And, sadly, the Burstein letter exemplifies Mr. Burstein's *modus operandi* of smearing adversaries without basis and seeking extraordinary remedies—like "plenary discovery" ordinarily not available at the outset of litigation—to which he is not entitled. The Court should reject this overreaching, deny Plaintiffs' request for discovery from the Snyder Defendants, and proceed to adjudicate all of the Defendants' Rule 11 motions.

At the outset, the Snyder Defendants wish to again clarify that they continue to seek sanctions against Mr. Burstein and Ms. Tantaros for their numerous Rule 11 violations. *See* ECF. No. 99. And clearly, based on their Motion for Expedited Rule 11 Discovery, the Fox News Defendants intend to continue to do the same. The Snyder Defendants have also notified Morgan Lewis of their intention to seek sanctions from their firm if they continue to advance the baseless Complaint as to the Snyder Defendants. Indeed, based on the Morgan Lewis Response, it appears that they may misapprehend their responsibilities under Rule 11 in adopting the Complaint and prosecuting this baseless action against the Snyder Defendants.

Plaintiff's Responses misstate the rationale for pre-filing investigation and improperly seek merits-based discovery that is not yet available. The Federal Rules clearly state that, absent specific circumstances, stipulation, or a court order—none of which Ms. Tantaros has

**GIBSON DUNN**

Hon. George B. Daniels
October 27, 2017
Page 2

established here—discovery does not begin until *after* the initial Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). This conference has clearly not occurred; therefore, plenary discovery is inappropriate. Even more alarming, Plaintiff's Responses both suggest that Ms. Tantaros and Mr. Burstein are entitled to discovery in order to determine whether the allegations in the Complaint are even true. *See* ECF No. 103 ¶ 13–14; ECF No. 104 at 3–4. This is simply not the law. In reality, plaintiffs are required to conduct thorough pre-filing investigation and must have a good faith belief in the veracity of their claims *before* filing a Complaint. *See Knipe v. Skinner,* 19 F.3d 72, 77 (2d Cir. 1994) (affirming Rule 11 sanctions because claims were "lacking a good faith basis in law and intended to harass" defendant). Discovery is not a magic wand a plaintiff can wave in order to remedy her faulty diligence. As the Snyder Defendants have repeatedly pointed out, the claims against the Snyder Defendants are simply not true, and Mr. Burstein and Ms. Tantaros should not be permitted now to engage in a fishing expedition in hopes of finding a piece of evidence that somehow supports them.

Characteristically, the Burstein Response completely ignores sound judgment, appropriate tactics, and governing law. Whereas the Morgan Lewis Response restricts its immediate request to discovery of the same kind as requested by the Fox News Defendants—subpoenas to third parties—the Burstein Response attempts to improperly use the Fox News Defendants' motion as a thinly-veiled excuse to ask for an extraordinary remedy: "plenary discovery" from the Snyder Defendants long before it is set to begin under the Federal Rules. There is simply no merit to this request, and the Burstein Response identifies no law entitling Mr. Burstein to such a remedy.

Indeed, Mr. Burstein continues his unseemly—and sanctionable—approach of smearing Mr. Snyder by requesting "documents showing that, contrary to his public claims, Peter Snyder is currently using sock puppet accounts on behalf of various Republican candidates." ECF No. 103 ¶ 14. To be clear, Mr. Snyder has no current business relationships with candidates from any political party. Even setting aside the veracity of Mr. Burstein's potentially libelous statement, it is obvious that discovery regarding Mr. Snyder's business relationships with current Republican political candidates is completely irrelevant to this action, burdensome, and wholly improper. Such requests are yet another demonstration of Mr. Burstein's underlying strategy: to smear the Snyder Defendants with unfounded and irrelevant accusations in an attempt to try to scare Mr. Snyder into paying Ms. Tantaros large sums of money to which she is not entitled.

Of course, Mr. Burstein and Ms. Tantaros never had any good faith basis for asserting claims against the Snyder Defendants. *See* ECF Nos. 38–40. First, they allege that the Snyder Defendants must have controlled the sock puppet Twitter account at issue here, using the invented name of Daniel Wayne Block, simply because they (incorrectly) claim Mr. Snyder has used sock puppet accounts in his work before. That defies logic. Second, they allege

**GIBSON DUNN**

Hon. George B. Daniels
October 27, 2017
Page 3

that Fox News illegally wiretapped Ms. Tantaros and provided Mr. Snyder with information to disseminate via the Block sock puppet Twitter account.  Setting aside that they lack any evidence that Fox News sent the Snyder Defendants any such information, they also mistakenly claim that illegal wiretapping is the only possible source for the contents of the Tweets because they reflect private conversations held by Ms. Tantaros, when in fact this is simply not true.  Third, they allege that Mr. Snyder must have been carrying out illegal acts for Fox News because his monthly retainer was too high simply to be an on-air contributor.

Even without discovery, Mr. Burstein and Ms. Tantaros's false web of lies has begun to unravel.  First, the allegedly fictitious originator of these sock puppet Tweets, Daniel Wayne Block, has been identified as a real person living in Gainesville, Florida, and he, not Mr. Snyder, has admitted to sending the Tweets described in the Complaint.  Second, although Mr. Burstein further widened his inane conspiracy theory by claiming that Mr. Block was obviously bribed by Fox News in exchange for allowing them to use his Twitter account to disseminate the illegally wiretapped information, *see* ECF No. 54, Mr. Burstein does not (and cannot) allege that the Snyder Defendants were in any way involved in such a scheme, if it really did occur.

Third, Mr. Burstein and Ms. Tantaros's claims that Mr. Snyder's $15,000 monthly on-air contributor retainer from Fox News was so high that he "must" also be engaging in illegal activity on Fox News's behalf is illogical and meritless.  In fact, Fox News has no "standard" fee for on-air contributors, and many are paid far more than Mr. Snyder.  *See* Rebecca Stewart, *Fox News' Contributor Conundrum*, CNN.com (March 3, 2011), *available at* http://politicalticker.blogs.cnn.com/2011/03/03/fox-news-contributor-conundrum/ (stating that Fox News on-air contributors Mike Huckabee earned "around $500,000 a year," Sarah Palin earned "a $1 million annual contract," Rick Santorum "made under $100,000 each year," and Newt Gingrich was paid " nearly $1 million").  Mr. Burstein and Ms. Tantaros therefore had no good faith basis to name Mr. Snyder, whom they knew to be a successful entrepreneur, investor, and sometime-political candidate, in this lawsuit.  It is sanctionable conduct for Mr. Burstein and Ms. Tantaros to have brought, and for Ms. Tantaros and Morgan Lewis to continue, to assert these claims against the Snyder Defendants.  Because these claims are meritless, Mr. Burstein's discovery requests seek information far outside the scope of those claims, and such plenary discovery, if even appropriate, is not proper yet under the Federal Rules, Mr. Burstein's request for discovery regarding the Snyder Defendants should therefore be denied in its entirety.  Relatedly, although the Morgan Lewis Response does not explicitly state who or what would be the subject of Ms. Tantaros's requested "discovery requests and subpoenas" other than "additional subpoenas to other third parties," ECF No. 103 at 1, 5, the Snyder Defendants wish to make clear now that Ms. Tantaros and Morgan Lewis should not need, nor are they entitled to, discovery from any Defendants in order to determine whether they have a good faith basis for maintaining this

GIBSON DUNN

Hon. George B. Daniels
October 27, 2017
Page 4

suit.  Finally, as both the Snyder Defendants and Fox News Defendants have repeatedly argued, if this sham case is permitted to move forward, it should be tried before an arbitration panel, not this Court.  Therefore, any merits-based discovery is not appropriate in this venue.  We appreciate Your Honor's consideration.

Respectfully,

<u>/s/ Randy M. Mastro</u>

Randy M. Mastro

cc:     All counsel of record (via ECF)