UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDREA TANTAROS,

                *Plaintiff*,

  -- against --                        Case No. 17-cv-2958 (GBD)

FOX NEWS NETWORK, LLC, ROGER AILES,
WILLIAM SHINE, IRENA BRIGANTI, PETER
A. SNYDER, DISRUPTOR, INC., and JOHN
DOES 1-50,

                *Defendants.*
----------------------------------------------------------------X

JUDD BURSTEIN and JUDD BURSTEIN, P.C.,

                *Applicants for*
                *Intervention*.

----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE BURSTEIN PARTIES' MOTION FOR INTERVENTION**

**INTRODUCTION**

      Proposed Intervenors Judd Burstein ("Burstein") and Judd Burstein, P.C. ("JBPC," and collectively with Burstein, the "Burstein Parties"), respectfully submit this Memorandum of Law in support of their motion pursuant to Fed. R. Civ. P. 24(b) for an Order granting their application to intervene in the present case for the limited purpose of contesting the pending motions asserted against them under Fed. R. Civ. P. 11(c), and such other and further relief as this Court deems just and proper.

## RELEVANT BACKGROUND

Since the Court is well-versed in the factual background of this case, the Burstein Parties will only engage in a short recitation of the procedural background relevant to the Court's determination of this motion.

On April 25, 2017, the Burstein Parties filed on behalf of Plaintiff Andrea Tantaros ("Tantaros") a Complaint in this Court against Defendants Fox News Network, LLC, Roger Ailes, William Shine, and Irena Briganti (collectively, the "Fox News Defendants"), Peter A. Snyder and Disruptor, Inc (collectively, "Snyder"), and John Does 1-50. (*See* Dkt. No. 5). In the Complaint, Tantaros alleges that Defendants subjected her to illegal electronic surveillance, hacked her computer, and waged a criminal cyber-stalking campaign against her through the use of "sock-puppet" social media accounts. (*See id.*, at ¶¶ 81-96).

On May 24, 2017, the Fox News Defendants filed a motion for sanctions pursuant to Fed. R. Civ. P. 11(c) against Tantaros and the Burstein Parties. (*See* Dkt. Nos. 18-20). On June 20, 2017, Snyder followed with his own motion for sanctions pursuant to Fed. R. Civ. P. 11(c) against Tantaros and the Burstein Parties. (*See* Dkt. Nos. 38-40). On June 28, 2017, Tantaros filed her papers in opposition to the Fox News Defendants' motion for sanctions,[1] (Dkt. Nos. 52-54), and the Fox News Defendants filed their reply papers on July 12, 2017 (Dkt. Nos. 63-64). On August 10, 2017, Tantaros filed her papers in opposition to Snyder's motion for sanctions, (Dkt. Nos. 76-78), and Snyder filed his reply papers on September 1, 2017 (Dkt. Nos. 85-86). The motions for sanctions are therefore fully briefed.

---

[1] Tantaros subsequently filed amended papers in opposition to the Fox News Defendants' motion for sanctions the next day, on June 29, 2017. (*See* Dkt. Nos. 58-59).

On September 22, 2017, the Burstein Parties filed a motion to withdraw as counsel for Tantaros due an irretrievable breakdown in the attorney-client relationship.  (Dkt. No. 88 ¶ 2).  On September 29, 2017, attorneys from the law firm Morgan, Lewis & Bockius LLP filed notices of appearance on behalf of Tantaros.  (Dkt. Nos. 90-91).  The Court then entered an Order on October 10, 2017 that, *inter alia*, granted the Burstein Parties' motion to withdraw and scheduled oral argument on Defendants' pending motions for sanctions for November 30, 2017.  (Dkt. No. 101).  Accordingly, while the Burstein Parties have been discharged from the case, the motions for sanctions asserted against them are still pending.

## ARGUMENT

## THE COURT SHOULD PERMIT THE BURSTEIN PARTIES TO INTERVENE

Rule 24(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Whether to grant permissive intervention is within the court's discretion.  *Jamie Music Publishing Co. v. Roc-A-Fella Records, LLC*, No. 05 Civ. 9922, 2007 WL 1129333, at *2 (S.D.N.Y. Apr. 12, 2007).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  In addition, in deciding whether to grant permissive intervention, courts considers other factors that include

> "the nature and extent of the intervenors' interests," the degree to which those interests are "adequately represented by other parties," and "whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."

*Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (quoting *H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986)).  Here, it cannot be more clear that the Burstein Parties have "a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b), because the sanctions motions asserted against Tantaros and the Burstein Parties are still pending before this Court.  Furthermore, for reasons set forth below, the above-mentioned factors plainly favor intervention.

### A. The Burstein Parties' Motion is Timely and Will Not Delay the Case

In determining the timeliness of a proposed intervenor's application, the court will consider, among other factors: "(1) the length of time the proposed intervenor knew, or should have known, of his interests and 'slept on' his rights before making the motion; (2) reasons for the intervenor's delay; (3) possible prejudice to existing parties resulting from the delay; and (4) the presence of unusual circumstances operating for or against a finding of timeliness." *Miller v. Silbermann*, 832 F. Supp. 663, 669 (S.D.N.Y. 1993).  The most important criterion in determining timeliness is "'whether the delay in moving for intervention has prejudiced any of the existing parties.'"  *Id.* (quoting *Home Ins. Co. v. Liberty Mut. Ins. Co.*, No. 87 Civ. 0675, 1990 WL 188925, at *2 (S.D.N.Y. Nov. 20, 1990)).  "Absent any such prejudice, the motion for intervention will usually be deemed timely." *Id.*

The Burstein Parties filed this motion 20 days after this Court granted their motion to withdraw as Tantaros's counsel, and over a month before this Court will hold oral argument on the pending sanctions motions.  Moreover, the motions have been fully briefed.  Therefore, none of the parties will be prejudiced if this Court grants the Burstein Parties' motion to intervene for the limited purpose of defending against the sanctions motions.  There are also no "unusual

circumstances" operating against a finding of timeliness.  Accordingly, this factor clearly weighs in favor of granting the Burstein Parties' motion to intervene.

### B.     The Nature of the Burstein Parties' Interest

As explained above, the Fox News Defendants and Snyder both filed motions to impose sanctions upon Tantaros and the Burstein Parties pursuant to Fed. R. Civ. P. 11(c).  As relevant to the Burstein Parties, both motions seek to recover from Tantaros and the Burstein Parties the attorneys' fees and costs incurred in bringing the sanctions motions.  (*See* Dkt. No. 39, at 25; Dkt. No. 19, at 24).   In addition, the Fox News Defendants' motion seeks a referral of the Burstein Parties' conduct to the disciplinary authorities. (Dkt. No. 19, at 24).  Accordingly, the Burstein Parties continue to have an interest in how these motions are resolved because they could result in a monetary judgment entered against the Burstein Parties and/or an order referring the Burstein Parties to the applicable disciplinary authorities.

### C.     The Burstein Parties' Interests Are Not Adequately Represented by Tantaros

The Fox News Defendants and Snyder contend that sanctions are warranted because Tantaros and the Burstein Parties (a) failed to conduct an adequate investigation into the Complaint's factual allegations; (b) asserted legally meritless or time-barred claims; and (c) filed the Complaint for improper purposes. (*See* Dkt. No. 19, at 17, 18, and 21; Dkt. No. 39, at 16, 21, and 23).  Given the allegations asserted in the sanctions motions, the Burstein Parties' interests will not be adequately protected by Tantaros or her new counsel.

As an initial matter, it is only appropriate to impose Rule 11 sanctions on a client when the client has misled his or her attorney as to the **facts** or **purpose** of the proceeding.  *See In re Alberto*, 119 B.R. 985, 993 (Bankr. N.D. Ill. 1990); *Friesing v. Vandergrift*, 126 F.R.D. 527, 529 (S.D. Tex. 1989) (explaining that to impose sanctions on a party, it "must be personally aware of

or otherwise responsible for the bad faith procedural action"). Accordingly, only the Burstein Parties can be sanctioned for allegedly pursuing legally meritless or time-barred claims. Since Tantaros is not potentially liable for sanctions on these grounds, neither she nor her new counsel will have an incentive to vigorously represent the Burstein Parties' position regarding this prong of the sanctions motions.

Furthermore, Defendants' allegations regarding the purported factual deficiencies in the Complaint largely concern Burstein's alleged failure to conduct an adequate pre-filing investigation. For instance, the Fox News Defendants allege that had Burstein conducted an adequate investigation, he would have realized that "the Complaint's principal factual allegations about the key Daniel Wayne Block Twitter account are, at best, a paranoid fantasy, and at worst, a deliberate hoax." (Dkt. No. 19, at 8). Since only Burstein knows the full extent of the pre-filing investigation he engaged in, neither Tantaros nor her new counsel will adequately represent the Burstein Parties in defending against these allegations.

Defendants' contention that the Complaint was filed for improper purposes also primarily focuses on Burstein's conduct. (*See* Dkt. No. 19, at 21-22; Dkt. No. 39, at 23-25). In this regard, the Fox News Defendants claim that Burstein's true intention in filing the Complaint was "to pressure Fox News to accede to Tantaros'[s] extortionate settlement demands." (Dkt No. 19 at 21). To this end, the Fox News Defendants assert that when Burstein's attempts to "squeeze" Fox News failed, "he unleashed the threatened media assault on Fox News and filed a legal action in contravention of his client's obligation to arbitrate her claims in confidence." (Dkt. No. 19, at 21). Since it is Burstein's conduct that is primarily at issue, he must be permitted to intervene to defend against the baseless claim that he filed the Complaint for an improper purpose.

In addition to the foregoing, Tantaros's new counsel has represented that it intends to file an Amended Complaint. (*See* Dkt. No. 104, at 2). Therefore, Tantaros and her new counsel will not have an incentive to defend the merit of the allegations in the original Complaint to the extent they differ from the allegations in the forthcoming Amended Complaint. This presents yet another reason why neither Tantaros nor her new counsel will adequately protect the Burstein Parties' interests with regard to the sanctions motions.

### D. The Burstein Parties' Participation Will Contribute to the Resolution of the Sanctions Motions

Based on the foregoing, it is clear that the Burstein Parties' participation will "'significantly contribute to [the] full development of the underlying factual issues" relevant to the sanctions motions "and to the just and equitable adjudication of the legal questions presented.'" *Diversified Grp.*, 217 F.R.D. at 157 (quoting *H.L. Hayden Co.*, 797 F.2d at 89). As explained above, neither Tantaros nor her new counsel will have an incentive to litigate certain arguments raised by Defendants in their sanctions motions. Moreover, since the factual bases for the sanctions motions primarily concern Burstein's alleged conduct, his participation will be necessary to ensure that the factual record is complete.

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, and based upon all prior proceedings heretofore had herein, the Burstein Parties respectfully request that the Court issue an Order granting the their application to intervene in this case pursuant to Fed. R. Civ. P. 24(b) for the limited purpose of contesting the motions asserted against them under Fed. R. Civ. P. 11(c), and such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 30, 2017

                                                 Respectfully submitted,

                                                 JUDD BURSTEIN, P.C.

                                        By: /s/ Judd Burstein
                                               Judd Burstein, Esq.
                                               5 Columbus Circle, Suite 1501
                                               New York, New York 10019
                                               T: (212) 974-2400
                                               F: (212) 974-2944
                                               E: jburstein@burlaw.com
                                               *Proposed Intervenors Pro Se*