

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**LINDA C. GOLDSTEIN**

linda.goldstein@dechert.com
+1 212 698 3817 Direct
+1 212 698 0684 Fax

November 13, 2017

**BY ECF**

Honorable George B. Daniels
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Tantaros v. Fox News Network, LLC, et al.*, No. 1:17-cv-02958 (GBD): Motion by Judd Burstein and Judd Burstein, P.C. to Intervene [ECF Doc. No. 108]

Dear Judge Daniels:

I write on behalf of Fox News Network, LLC and Irena Briganti (the "Fox News Defendants") in response to the motion by Judd Burstein and Judd Burstein, P.C. (the "Burstein Parties") to intervene in this action "for the purpose of contesting the pending motions asserted against them" by the Fox News Defendants and William Shine, and Peter A. Snyder and Disruptor, Inc. under Fed. R. Civ. P. 11(c). ECF Doc. No. 108 at 1; *see* ECF Doc. Nos. 18–20, 38–40, 63–64, 67–68, 85–86 (the "Sanctions Motions").

Because the Fox News Defendants seek sanctions against both the Burstein Parties and Plaintiff Andrea Tantaros, the Fox News Defendants do not oppose the Burstein Parties' request to intervene for the limited purpose of arguing the pending Sanctions Motions. The Fox News Defendants do, however, oppose the Burstein Parties' apparent desire to submit further briefing or new factual materials to contest the Sanctions Motions. The Sanctions Motions are fully briefed and oral argument is scheduled for November 30, 2017. ECF Doc. No. 101. If the Burstein Parties are permitted to intervene, they should not be allowed to submit additional briefing or new factual materials to contest the pending Sanctions Motions absent further order of the Court.[1] The Fox News Defendants

---

[1] The submission of additional factual materials would be appropriate if, for example, the Court were to grant the Fox News Defendants' pending Motion for Expedited Rule 11 Discovery, ECF Doc. Nos. 95–97, 105–06.



also oppose the Burstein Parties' request for plenary merits discovery. The Burstein Parties' concession that "only Burstein knows the full extent of the pre-filing investigation he engaged in" underscores that plenary merits discovery is neither necessary nor appropriate, as the merits of the Complaint are distinct from "the pre-filing investigation he engaged in" before verifying the Complaint's baseless allegations. ECF Doc. No. 108-3 at 6; *see* ECF Doc. No. 103 at 7 (October 20, 2017 Declaration of Judd Burstein requesting plenary discovery on the merits of the case).

Respectfully submitted,

*/s/ Linda C. Goldstein*

Linda C. Goldstein

cc: All Counsel (by ECF)