# Morgan Lewis

**Christopher A. Parlo**
Partner
+1.212.309.6062
chris.parlo@morganlewis.com

November 29, 2017

<u>**VIA ECF**</u>

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

Re:   <u>Tantaros v. Fox News Network, LLC, et al., No. 17-cv-2958</u>

Dear Judge Daniels:

My firm represents Plaintiff Andrea Tantaros in the above-referenced matter.  I write in response to the letter of Linda C. Goldstein, counsel for Defendants Fox News Network, LLC and Irena Briganti ("Fox News Defendants"), dated November 28, 2017 [ECF No. 111]. Respectfully, in my nearly 30 years of practice I have never seen a group of lawyers so quick to threaten sanctions against other members of the bar, or who would try to use our response to such threats to seek an advantage with this Court in other pending motions (and all without giving the Court the full background and context).

Since indicating recently that we would be stepping in to assist Ms. Tantaros in her various pending actions, we have been threatened with sanctions or other actions no fewer than five times, and recently with increasing ferocity – all in response to our anodyne statement that we are carefully evaluating all of the allegations and that, when we have finished that process, as required by our ethical obligations, we will amend the complaint, if necessary, or take whatever other steps lawyers are required to take.[1]  We had hoped to have completed that work by now, but, with the numerous pending actions involving Ms. Tantaros, we are not quite finished.  That, however, has not stopped some of the Fox News Defendants and other Defendants (e.g., Peter A. Snyder and Disruptor, Inc.) from repeatedly threatening us with sanctions or other actions (and, by the way, completely outside of the confidential process mandated under Rule 11).[2]

---

[1] We are not attaching the various letters threatening sanctions against Morgan Lewis, but we will bring copies to tomorrow's hearing.  Should the Court wish to see copies in advance, we will promptly provide them.

[2] We will not address in this letter that threatening sanctions without a good faith basis to do so is

On October 11, 2017, just **12 days** after Morgan Lewis joined the case, Ms. Goldstein threatened to "seek sanctions" against Morgan Lewis if Morgan Lewis did not withdraw the initial complaint on or before November 1, 2017 – just 20 days later. The purported basis for seeking sanctions was the filing of the Motion to Join the Estate of Roger Ailes, which merely sought to substitute the estate of a former (now deceased) party. Ms. Goldstein opined that Morgan Lewis could be sanctioned as "successor counsel" for "advocating" the content of the original complaint, despite knowing that we had never before been involved in this very complicated matter.

We promptly responded on October 11, stating that we would be working on an amended complaint and that, if Ms. Goldstein withdrew her motion for Rule 11 discovery, which could be mooted by an amended complaint, we would share a draft of the amended complaint by November 30. Ms. Goldstein declined to withdraw the motion and, to this day, seeks to proceed both with her Rule 11 motion and Rule 11 discovery.

Since then, all but one of the defense lawyers have taken turns threatening us and/or trying to intimidate and rush us through our review process (a process for which this Court has set no deadline, and in a case that is not even in the discovery stage):

- On October 12, 2017, Ms. Goldstein sent another letter to Morgan Lewis reiterating her sanctions threat – "As to your proposed schedule for seeking leave to file an amendment, you should be aware that if the current Complaint is not 'withdrawn or corrected' by November 1, 2017, as contemplated by Fed. R. Civ. P. 11(c)(2), we reserve the right also to seek sanctions against you and your firm."

- On October 17, 2017 (just **18 days** after Morgan Lewis joined the case), Mylan L. Denerstein, counsel for Defendants Peter A. Snyder and Disruptor, Inc. ("Snyder Defendants"), wrote to Morgan Lewis stating, "By continuing to prosecute this frivolous action, including by advancing the complaint's untenable allegations while attempting to add the estate of Roger Ailes, you and your firm have assumed Rule 11 liability."

- On October 27, 2017, Randy M. Mastro, also counsel for the Snyder Defendants, wrote a letter to the Court reiterating that "[t]he Snyder Defendants have also notified Morgan Lewis of their intention to seek sanctions from their firm if they continue to advance the baseless Complaint as to the Snyder Defendants." Mr. Mastro stated that "it appears [Morgan Lewis] may have misapprehended their responsibilities under Rule 11 in *adopting the Complaint* and prosecuting this baseless action." (emphasis added.)

- On November 24, 2017, Mr. Mastro emailed Morgan Lewis in response to Martha Stolley's November 22 letter to Defendants' counsel (attached to Ms. Goldstein's

---

itself sanctionable conduct, but we reserve the right to address that with the Court at the hearing tomorrow if the threats against Morgan Lewis continue.

> November 28 letter to the Court). Mr. Mastro stated, "Unless all of your client's claims against our clients, Peter Snyder and Disruptor, Inc., are withdrawn with prejudice before the November 30 court conference, we will continue to seek sanctions against your firm, as well as your client's prior counsel."[3]

Notably, not one of these threats followed the procedures required under Rule 11. Moreover, the latest communications came **after** we informed **all** counsel last week that, and despite our best efforts, we were not finished with our review. In an effort to address directly the threat made about us "adopting the complaint," we once again made clear that we have not adopted anything yet and are still conducting our own review.

To be clear, at no time have we said that we would not adopt some or all the substance of the Complaint (only that we have not done so yet). Nor have we indicated in any way that anything Judd Burstein (Ms. Tantaros' former counsel) or Ms. Tantaros have done to this point was sanctionable or not done in complete good faith – and we believe it was. The complaints here and in arbitration set out a compelling case, particularly in light of recent events involving the treatment of women by high-level executives. Our November 22 letter to defense counsel, which Ms. Goldstein cited last night, should not be read in any other light. In stating unambiguously that we have not "adopted the complaint" (defense counsel's words), we were merely making clear that we are doing our own evaluation of the facts and allegations, and defense counsel should not continue to deliberately misrepresent that we already have adopted (or not adopted) anything. By explaining that we will not rely on anything done in the past, we were not indicating that anything Mr. Burstein or Ms. Tantaros has done is not completely appropriate. When we complete *our* review, we will proceed with a document of *our own*; and it is upon *that* document, containing *additional* material, that we will rely.

Accordingly, Ms. Goldstein's suggestion (in her letter to the Court last night) that our note should be viewed as casting doubt on the original Complaint is grossly mistaken and taken completely out of the context set forth above. Had defense counsel informed the Court about all of their repeated threats of sanctions against Morgan Lewis, the Court would have had the full context and, therefore, would have fully understood our words and why we needed to make clear that nothing should be attributed to Morgan Lewis until we were done with our review.

We hope that is clear now. We also hope it is clear to the Court what has occurred here. We have repeatedly been threatened with sanctions or other actions for doing our job as officers of the Court by carefully reviewing the facts BEFORE adopting as our own and proceeding with a pleading. When we replied to those threats by saying we were not done with our

---

[3] Mr. Shine (counsel Marion Bachrach) is the only party who has not threatened Morgan Lewis with sanctions. However, Mr. Shine has joined in the demands to pressure counsel to prematurely finish its review. On November 28, 2017, in a letter to Morgan Lewis, counsel for Mr. Shine, wrote, "We are entitled to know, well before oral argument on the sanctions and dismissal motions set to be heard this Thursday, November 30, your position regarding this baseless lawsuit and whether you will agree to withdraw the unsubstantiated and incoherent claims made against Mr. Shine."

review, and that to date we have not adopted anything, Defendants used our response, completely out of context, to improperly cast doubt upon the existing pleadings and to advance their positions (in Court and not in arbitration) on pending motions. Stated another way, we were repeatedly threatened with sanctions, we told defense counsel that we have not yet finished our review and requested that they not accuse us of adopting anything, and now they claim that our response supports their existing motions for sanctions. That type of behavior should not be permitted.

As a final matter, we find it wholly inconsistent with the pending motions to compel arbitration that counsel for the Defendants filed their motions for sanctions and to dismiss in this forum (and not later in arbitration), and that they continue to try to use this forum to their advantage with their new letters and continued threats of new sanctions. These actions contradict both their assertions of the need to maintain confidentiality over this matter (through arbitration) and that this matter may proceed only in the arbitral forum. The constant threat of sanctions against Morgan Lewis is yet another example of the Defendants seeking to use the judicial forum, which we would argue constitutes a waiver of a right to arbitration.

We ask that the Court order defense counsel to immediately (1) cease their threats of sanctions against Morgan Lewis, and (2) desist from filing any further letters or other pleadings with the court until after the oral argument scheduled for 10:30 am tomorrow.

We apologize for having to burden the Court with these threats and responses to threats about sanctions. Thank you for your consideration.

Respectfully submitted,

*/s/ Christopher A. Parlo*
    Christopher A. Parlo


cc:    Counsel of Record