# JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN*
PETER B. SCHALK**

G. WILLIAM BARTHOLOMEW**
ALI R. JAFFERY**

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY

5 COLUMBUS CIRCLE
1790 BROADWAY
NEW YORK, NEW YORK 10019
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880
TEL: (203) 226-4823

December 30, 2017

**VIA ECF**
Hon. George B. Daniels
United States District Court
500 Pearl Street, Courtroom 11A
New York, New York 10007

Re:   *Tantaros v. Fox News Network, LLC, et al.*, Case No. 17-cv-2958

Dear Judge Daniels:

I have considered the comments Your Honor made at the November 30, 2017 hearing, and write to clarify an important point that arose during that conference. As Your Honor will recall, I noted that I had, and still have, additional reasons why I concluded that the Complaint was objectively sufficient under Rule 11. So the record is clear, I was not stating that I had some subjective belief that the Complaint's allegations were true and that I would be able to substantiate them through discovery. Rather, I was stating that, at the time I filed the Complaint, I had additional **evidentiary facts** in my possession which Ms. Tantaros had refused to permit me to allege in a public pleading. I also note that I had been promised that I would be provided additional evidence which could be included in an Amended Complaint.

I now find myself in an impossible position. While I still believe that, even if the Court deems it subject to dismissal, the Complaint was not, as an objective matter, sanctionable, my withdrawal from the case made it impossible for me to press Ms. Tantaros to permit me to file an Amended Complaint which would include either (a) much of the information which I had been prohibited from including in the original Complaint, and also (b) the new evidence which I had been promised. Moreover, I have no idea what information was shared with opposing counsel because I had told them that I was not going to take the time to provide them with copies of client communications on the theory that Ms. Tantaros would turn those over to them.[1]

---

[1]   While I did not seek to withdraw as counsel, and successor counsel did not file Notices of Appearances, until September 22, 2017, I had informed Ms. Tantaros that I was withdrawing from the case in late August or early September, emails demonstrate that successor counsel began working on the case no later than September 2, 2017.

JUDD BURSTEIN, P. C.

Hon. George B. Daniels
December 30, 2017
Page 2

      In the ensuing three months, successor counsel never suggested to me that they viewed the Complaint as objectively inadequate under Rule 11. Indeed, it was only on November 28, 2017, when Ms. Goldstein sent the Court a letter (Dkt. No. 111), that I learned that there had been even a suggestion that successor counsel was not standing by the original Complaint. While I cannot reveal the substance of my discussions with successor counsel concerning Ms. Goldstein's letter, I note that Mr. Parlo's November 29, 2017 letter (Dkt. No. 114) stated that (a) Ms. Goldstein had misrepresented the facts, (b) there was nothing sanctionable about the original Complaint, and (c) "[t]he complaints here and in arbitration set out a compelling case...." Indeed, if successor counsel had concluded otherwise after working on this case for almost three months, they would have been required by Rule 1.16(a)(2) and (b)(1) of New York's Rules of Professional Conduct to seek to withdraw as counsel. Hence, Mr. Parlo's letter led me to conclude that I did not have grounds, under Rules 1.6(b)(5) and 1.9(c), to reveal the additional evidence which had led me for me to conclude that the Complaint was not sanctionable.

      Your Honor's comments at the November 30, 2017 hearing have now led me to conclude that I am no longer bound by Rules 1.6(b)(5) and 1.9(c). Hence, if Your Honor is intending to sanction me, I would like the opportunity to submit an affidavit detailing the additional, **compelling** evidence demonstrating that the Complaint is not sanctionable. In fairness to Ms. Tantaros, I ask that I be permitted to make the submission *in camera* because I do not believe that otherwise privileged or confidential information should be disclosed to the Defendants if Your Honor concludes that the Complaint was not sanctionable. Were that to happen, Ms. Tantaros would be irreparably injured. However, if Your Honor is willing to consider my new submission only if it is publicly filed, I will do so.

                                                                                    Respectfully Yours,

                                                                                    Judd Burstein

cc:    All Counsel (via ECF)