

1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**ANDREW J. LEVANDER**

andrew.levander@dechert.com
+1 212 698 3683  Direct
+1 212 698 0683  Fax

February 7, 2018

**BY ECF**

Honorable George B. Daniels
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** *Tantaros v. Fox News Network, LLC*, *et al.*, **No. 1:17-cv-02958 (GBD):**
**Response to Motion for Leave to File Amended Complaint**

Dear Judge Daniels:

We write on behalf of Defendants Fox News Network, LLC and Irena Briganti ("Fox News Defendants") in response to the letter motion seeking leave for Plaintiff Andrea Tantaros to file an amended complaint in this action (ECF No. 124-2, the "Proposed Amended Complaint").  As Your Honor will observe, notwithstanding the suggestions made by Morgan Lewis at the November 30, 2017 hearing on the sanctions motions, no lawyer from that firm or any other firm—including Mr. Ekeland, who has withdrawn his appearance—has stepped forward to support the original or even the amended pleading.  The Proposed Amended Complaint, propounded by Tantaros *pro se* "on information and belief," has removed many of the allegations relating to tweets of anodyne pictures from a purported "sockpuppet" account, which were discussed at length in Fox News Defendants' pending motion for sanctions.  But the Proposed Amended Complaint does not replace those discredited allegations with any *facts* that could support Tantaros' continued charges of telephone wiretapping and computer hacking.

As the Court stated, "[y]ou can't file a lawsuit saying you find the evidence to prove it in discovery.  You have to have a good faith basis to allege a certain set of facts. . . . I can't give you the benefit of you get to sue people and then try to figure out if I can find some facts to prove it later."  Nov. 30, 2017 Tr. 180:13-22.  The Proposed Amended Complaint does not provide any good faith basis for its claims under the Federal Wiretap Act, the Stored Communications Act ("SCA"), or the common law, and the motion to file it should not be granted.  Nonetheless, in light of the liberal standard that applies to motions to amend, *see Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), should the Court grant the motion, Fox News Defendants will move to dismiss the Proposed Amended Complaint for failing to state any cognizable claim, and will pursue sanctions against Tantaros herself, for the reasons set forth below.



Hon. George B. Daniels
February 7, 2018
Page 2

### The Discredited Block Twitter Account

Tantaros now refers to the discredited Block Twitter Account twice:

- Two tweets from the Block Twitter Account—about elk and the science fiction film, "The Black Scorpion"—purportedly evidence "private information only someone who had surreptitiously accessed [Tantaros'] communications would have." Prop. Am. Compl. ¶ 62. Tantaros' allegations continue to ignore the other tweets in the Block Twitter Account demonstrating that Mr. Block tweeted images of elk and science fiction films many, many times. *See* ECF Nos. 20-9 (elk tweets), 20-15 (science fiction tweets). Nor does she address the fact that neither of the Block tweets could have been directed at her, since neither contains her Twitter address or "handle." *See id.*

- Daniel Wayne Block purportedly "allow[s] companies . . . access to monetize [his] account[]," Prop. Am. Compl. ¶ 52. The proposed amendment offers no evidence that he has done so. Nor does this baseless allegation support an allegation that any Defendant hacked Tantaros' computer or tapped her phone.

The allegations about the Block Twitter Account that remain in the Proposed Amended Complaint do not evidence telephone wiretapping or computer hacking.

### Deficient Allegations About Tantaros' Gmail Account, Laptop And Blackberry

The SCA applies only to communications storage facilities, not to personal devices such as Tantaros' laptop or Blackberry. *See, e.g.*, *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 277 (3d Cir. 2016), *cert. denied sub nom.*, *C.A.F. v. Viacom Inc.*, 137 S. Ct. 624 (2017). Tantaros tries to satisfy this requirement by alleging that she received notices on unspecified dates that "someone" logged into her Gmail account, Prop. Am. Compl. ¶ 28, and that these login notices supposedly occurred after an employee in the Fox News IT department purportedly "handled" her Blackberry, *id.* ¶ 27. These assertions in no way indicate that any *Defendant* accessed Tantaros' Gmail account. Tantaros still "[does not] allege that [Defendants] obtained [her] private emails, did anything with the private emails [or] explain in this claim how trying to gain access to her private emails by hacking her personal computer [or Blackberry] is actionable under the statute." Nov. 30, 2017 Tr. 80:25-81:4.

The Proposed Amended Complaint's allegations about Tantaros' laptop computer and Blackberry are just as deficient. With respect to the laptop, the Proposed Amended Complaint asserts that: (1) unspecified "[m]alicious software was found" that "*suggests the capability* of remote access or monitoring of Ms. Tantaros' communications" by some unidentified party; (2) "[m]ultiple wireless network connections to differing access points were seen . . . indicating a *potential* attack against the machine"; and (3) "*[i]f* any agent at Fox News had access to her computer . . . *then* they *would have* known her password universally." Prop. Am. Compl. ¶ 30 (emphasis added). These allegations do not contend that any emails were actually accessed or monitored by anyone. Tantaros also contends that she (as well as other "select employees") gave



Hon. George B. Daniels
February 7, 2018
Page 3

their laptops to Fox's "IT and digital team" on August 6, 2015, in preparation for a presidential debate. *Id.* ¶ 26. Tantaros believes that this timing was significant because she had made a biting retort two days earlier when Roger Ailes, in the presence of two other Fox employees, allegedly said, "We need to get you a tighter dress." *Id*. Nothing in this chronology supports an inference that the Fox News Defendants unlawfully accessed her emails or telephone calls.

With respect to the Blackberry, the Proposed Amended Complaint makes clear that the device was Fox's property. *Id.* ¶ 27 ("work blackberries"). No inference of unlawful access can be drawn from the allegation that "Fox News had attempted to 'wipe' the device remotely" or that the "'corporate' workspace was most likely deleted" when her employment was suspended by the network. *Id.* ¶ 31, Exs. 1, 3. Nor can any inference of hacking or wiretapping be drawn from the allegation that forensic consultants engaged by Tantaros "concluded that Fox was using an outdated operating version of the Blackberry that enabled them to turn on the microphone and camera of the device at will without the knowledge or consent of the person who had the Blackberry in his or her possession." *Id.* ¶ 33. Apart from the fact that this purported conclusion does not appear in *any* of the three forensic reports annexed to the proposed amendment, *see id.* Exs. 1-3, it describes only a capability that would have existed in *every* Blackberry device. It is not a valid basis for a charge of illegal hacking or wiretapping by any of the Defendants.

### The Proposed Amendment's Other Outlandish Allegations

Tantaros' remaining allegations cannot sustain her claims. She contends "on information and belief" that she was recorded undressing at Fox News merely because the company maintained a video security system. *Id.* ¶¶ 35-36. She contends that she has been the subject of physical surveillance merely because she has seen SUVs driving by and parked near her residences, and in one undated instance, thought she recognized the driver. *Id.* ¶ 38. Mostly, she regurgitates charges made against Fox News by journalists and others. None of these allegations relates to Tantaros' computer, her Blackberry, her telephone or her Gmail account, and none can sustain her federal claims.

For these reasons, the Proposed Amended Complaint should be dismissed if leave to replead is granted. Upon resolution of the motion to amend, we ask that the Court set a schedule so that Fox News Defendants may brief a motion to dismiss whichever complaint is the operative one.[1] Since Tantaros has not yet entered an appearance in this matter (and thus cannot be served except through Morgan Lewis), we also ask that she be directed to do so by February 16, 2018.

Respectfully submitted,

*Andrew J. Levander*

Andrew J. Levander

cc:   All Counsel (by ECF)

---

[1]   The time to respond to the original Complaint was adjourned *sine die*. *See* ECF No. 27.