UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREA TANTAROS,

                            Plaintiff,

          -  v  -

FOX NEWS NETWORK, LLC, ROGER AILES,
WILLIAM SHINE, IRENA BRIGANTI, PETER A.
SNYDER, DISRUPTOR, INC. and JOHN DOES 1-50,

                            Defendants.

---

Case No. 17 Civ. 2958 (GBD)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT WILLIAM SHINE'S MOTION TO DISMISS WITH PREJUDICE
## THE AMENDED COMPLAINT OF *PRO SE* PLAINTIFF ANDREA TANTAROS

THOMPSON & KNIGHT LLP
Marion Bachrach
Andy S. Oh
900 3rd Avenue, 20th Floor
New York, New York 10022
Tel.: (212) 751-3001
Fax: (212) 751-3113

*Attorneys for Defendant William Shine*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

SUMMARY OF ALLEGATIONS RELATING TO WILLIAM SHINE .......................... 2

ARGUMENT ......................................................................................................................... 5

    A.  The Amended Complaint Contains No Actionable Factual
        Allegations Against Defendant William Shine and
        Is Deficient Under *Iqbal* and *Twombly* ................................................................. 5

    B.  The Amended Complaint Violates the Rule Against Group Pleading ................... 9

    C.  Plaintiff Fails to Allege the Required Elements of Her Claims ........................... 10

        1.  The Wiretapping Claim Is Not Sufficiently Pled ........................................... 10

        2.  The Computer Hacking Claim Is Not Sufficiently Pled ................................ 11

        3.  The Intentional Infliction of Emotional Distress Claim
            Is Not Sufficiently Pled .................................................................................. 12

        4.  Plaintiff Has No Claim for Criminal Cyber-Stalking ..................................... 13

CONCLUSION .................................................................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................ 1, 5

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) ................................................................. 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................... 1, 5, 6

*Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*,
216 F. Supp. 3d 328 (S.D.N.Y. 2016)..................................................... 13

*City of Omaha v. CBS Corp.*,
No. 08 Civ. 10816(PKC), 2011 WL 2119734 (S.D.N.Y. May 24, 2011) .............. 6

*Cohen v. Local 338-RWDSU/UFCW*,
No. 08 Civ. 01151(RJH)(FM), 2010 WL 3199695 (S.D.N.Y. Aug. 12, 2010)...... 8

*Dunahoo v. Hewlett-Packard Co.*,
No. 11 CV 05588(BSJ)(HBP), 2012 WL 178332 (S.D.N.Y. Jan. 20, 2012) ....... 11

*Durant v. A.C.S. State & Local Sols. Inc.*,
460 F. Supp. 2d 492 (S.D.N.Y. 2006)................................................... 13

*E.E.O.C. v. Port Auth. of New York & New Jersey*,
768 F.3d 247 (2d Cir. 2014)............................................................. 5

*Garcia v. City of Laredo, Texas*,
702 F.3d 788 (5th Cir. 2012) .................................................... 11, 12

*George v. Prof'l Disposables Int'l, Inc.*,
221 F. Supp. 3d 428 (S.D.N.Y. 2016)..................................................... 9

*Gilman v. Marsh & McLennan Companies, Inc.*,
868 F. Supp. 2d 118 (S.D.N.Y. 2012),
*aff'd*, 654 F. App'x 16 (2d Cir. 2016 )................................................ 7

*Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*,
665 F. Supp. 2d 239 (S.D.N.Y. 2009)..................................................... 8

ii

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
   806 F.3d 125 (3d Cir. 2015), *cert. denied sub nom.*,
   *Gourley v. Google, Inc.*, 137 S. Ct. 36 (2016) ....................................................... 11

*In re Nickelodeon Consumer Privacy Litig.*,
   827 F.3d 262 (3d Cir. 2016), *cert. denied sub nom.*,
   *C.A.F. v. Viacom Inc.*, 137 S. Ct. 624 (2017) ........................................................ 11

*Klein v. Metro. Child Servs., Inc.*,
   100 A.D.3d 708 (2d Dep't 2012) .......................................................................... 13

*Leneau v. Ponte*,
   No. 1:16-cv-776-GHW, 2018 WL 566456 (S.D.N.Y. Jan. 25, 2018) .................. 10

*Martinez v. Queens Cty. Dist. Atty.*,
   No. 12-CV-06262 (RRM)(RER), 2014 WL 1011054
   (E.D.N.Y. Mar. 17, 2014), *aff'd*, 596 F. App'x 10 (2d Cir. 2015) ....................... 11

*Molefe v. Verizon New York, Inc.*,
   No. 14-CV-1835-LTS-GWG, 2015 WL 1312262 (S.D.N.Y. Mar. 24, 2015)...... 10

*Moore v. Roadway Express, Inc. and Local 707*,
   No. 07–CV–977 (DLI)(JMA), 2008 WL 819049 (E.D.N.Y. Mar. 25, 2008) ........ 7

*Morabito v. Blum*,
   528 F. Supp. 252 (S.D.N.Y. 1981)......................................................................... 8

*Nisvis v. New York State Dept. of Correctional Servs.*,
   No. 11 Civ. 2004(PGG)(GWG), 2013 WL 4757839 (S.D.N.Y. Sept. 4, 2013) ..... 7

*Ochre LLC v. Rockwell Architecture Planning and Design, P.C.*,
   No. 12 Civ. 2837(KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) .................. 9

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*,
   507 F.3d 117 (2d Cir. 2007)................................................................................... 6

*Rolon v. Henneman*,
   517 F.3d 140 (2d Cir. 2008)................................................................................... 5

*Rothstein v. UBS AG*,
   708 F.3d 82 (2d Cir. 2013)..................................................................................... 6

**Statutes**

18 U.S.C. § 2511 .................................................................................................. 10, 11

18 U.S.C. § 2701 .................................................................................................. 11, 12

18 U.S.C. § 2261A .................................................................................................. 13

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 1, 9

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1, 10

## PRELIMINARY STATEMENT

Defendant William Shine submits this memorandum of law in support of his motion to dismiss with prejudice the Amended Complaint filed by *pro se* Plaintiff Andrea Tantaros [ECF Doc. No. 124-2], pursuant to Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 12(b)(6).

The Amended Complaint should be dismissed because it is it plainly insufficient under the pleading standard established by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), which requires a federal complaint to "contain sufficient factual matter … to state a claim to relief that is plausible on its face".  As with her original defective complaint, Plaintiff continues her attempt to pursue imagined claims of illegal electronic surveillance and computer hacking, but again fails to make any non-conclusory factual allegations against Mr. Shine.

Instead, Plaintiff has submitted a rambling 37-page *pro se* Amended Complaint that is a disquisition about other unrelated legal proceedings jumbled with quotes from articles in the media that have nothing to do with her claims.  She fails to make any factual allegations about Mr. Shine that relate to her fantastical claims of illegal bugging and hacking.  The only conduct by Mr. Shine included in the Amended Complaint consists of innocuous emails and conversations that are irrelevant to any of her claims.  She only references Mr. Shine with labels and conclusory allegations that are insufficient as a matter of law under the *Iqbal* and *Twombly* pleading requirements.

The Amended Complaint should also be dismissed because none of the claims are adequately pled pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff fails to allege key elements of the causes of action asserted.

## SUMMARY OF ALLEGATIONS RELATING TO WILLIAM SHINE

The Amended Complaint is an amalgam of quotes from unrelated lawsuits and news articles, none of which mention Mr. Shine or relate to any purported misconduct by him.  Some refer to purported misdeeds of others, including Rupert Murdoch, Roger Ailes, Bill O'Reilly, Bo Dietl and Harvey Weinstein.  But there is no factual allegation of wrongdoing by Mr. Shine. Simply put – and key to this motion to dismiss – the Amended Complaint includes no factual allegation that Mr. Shine had any involvement whatsoever in Plaintiff's wild, baseless claims of electronic phone surveillance or computer hacking.

Tellingly, Plaintiff provides no forensic evidence that her phone or computer were ever actually bugged or hacked by anyone, let alone Mr. Shine.  Through her previous attorneys, Ms. Tantaros asked the Court for delays of several months in order to have a forensic firm, Cycura, do a purportedly thorough examination.[1]  She has chosen, however, not to attach Cycura's full report/s.  She did not even attach certain portions she purports to quote in her Amended Complaint ("Amd. Compl.").  (*See* Amd. Compl. ¶ 30.)  Most importantly, however, the sections of the Cycura report/s that Plaintiff selected to attach to her new complaint provide no factual basis for her conclusory claim of electronic surveillance and hacking by Mr. Shine.

Plaintiff asserts that Cycura found malware on her laptop; but she does not allege who placed it there or when that was purportedly done.  Nor does she identify any information on her laptop that was accessed, ex-filtrated or downloaded.  She only claims that the unidentified malware "likely" gave "whomever [*sic*] placed it the ability to access her communications, documents, and personal email, including gmail".  (*Id*. ¶ 29.)  Tellingly, Ms. Tantaros does not identify the malware, which, if it exists, may well result from a common type of "virus".

---

[1]  Although Ms. Tantaros was until recently represented in this case by three law firms at various times, her Amended Complaint is not signed by a lawyer.  Instead, it is submitted *pro se*.

Plaintiff rests her amended claim of illegal electronic surveillance on the following speculative allegations. First, she asserts that for approximately one hour on August 6, 2015, the Fox News "IT and digital team" had possession of her laptop to format it for a Live Tweet Session. (*Id*. ¶ 26.) Second, she claims that shortly afterwards, she "receive[d] notices from gmail that someone had logged into her account"; but she provides no specifics about who logged onto her account or the date, time or place of such activity. (*Id*. ¶ 28.) These inconclusive claims not only fail to show any actual illegal intrusion or surveillance, they also do not make any allegations of specific conduct by Mr. Shine.

Plaintiff also claims that Cycura's analysis "concluded that Fox was using an outdated operating version of the Blackberry that enabled them to turn on the microphone and camera of the device at will without the knowledge or consent of the person who had the Blackberry in his or her possession". (*Id*. ¶ 33.) Plaintiff further asserts that the Cycura analysis shows Fox News "wiped [her] blackberry remotely" after her suspension. (*Id*. ¶¶ 31-32.)[2] There is no allegation, however, that anyone ever actually engaged in remote manipulation of Plaintiff's Blackberry – either to turn on the microphone or camera or to "wipe" the device. Plaintiff does not attach any forensic report showing any such manipulation; nor, again, does she include any factual allegation that Mr. Shine was actually involved in any remote manipulation of her Blackberry.

In her Amended Complaint, Plaintiff makes new allegations, none of which include any claimed misconduct by Mr. Shine. One set of new allegations, based only upon information and belief, claims that in the Fox News offices Roger Ailes purportedly recorded, "through audio and with hidden cameras", employees who she assumes included her. (*Id*. ¶¶ 6, 35.) As with all the other allegations, these make no mention of any purported conduct by Mr. Shine. The second set

---

[2]  We note that it is not uncommon for businesses to de-activate an employee's ability to access work emails following suspension or termination. Such de-activation is not the same as "wiping" a device.

of new allegations complain of physical surveillance on the basis of articles in the media and vague allegations about black SUV's outside Plaintiff's residence. (*Id*. ¶ 37-40.) These claims also fail to allege any purported involvement or misconduct by Mr. Shine, and have no relevance to the unsustainable claims of illegal bugging and hacking.

The Amended Complaint barely mentions the Twitter account of Daniel Wayne Block, which was the main focus of the original complaint. Instead, Plaintiff now makes the general, conclusory allegation that, after she began complaining to Fox News management about harassment and retaliation, "she noticed an enormous uptick in highly sexual or grossly offensive posts … on her three social media accounts". (*Id*. ¶ 62.) She speculates that "sock puppet" accounts were to blame, and conjectures that some of those accounts, like the Block account, "tweeted information that only someone with access to Ms. Tantaros' communications would have". (*Id*.) She does not, however, identify the person "with access" to her communications, and, again, makes no factual allegations regarding Mr. Shine.

Plaintiff does not allege that Mr. Shine was responsible for the purported "sock puppet" posts about her. She claims only that Defendant Snyder's work for Fox News involved general use of "sock puppets", and she gives Mr. Snyder the derogatory label of "contracted cyber hit man". (*Id*. ¶¶ 52, 61.) Her only mention of Mr. Shine in this regard is the general allegation that Mr. Snyder made the following conclusory statement to her: "'Ailes calls [Bill] Shine with a target. Shine then calls me to 'make some noise' and 'stir up thousands of social media accounts against the target'." (*Id*. ¶ 55.) Significantly, however, she does not allege that Mr. Shine instructed Mr. Snyder (or anyone else) to use "sock puppet" accounts to harass *her*.

The only conduct by Mr. Shine that Plaintiff includes in her Amended Complaint are: 1) innocuous emails that Mr. Shine exchanged with Mr. Snyder about topics having no relation

to Plaintiff or her claims; and 2) a purported conversation Plaintiff had with Mr. Shine about

Snyder's political campaign and the work that Snyder generally performed for Fox News. (*Id*. ¶¶

56-59.)  None of this anodyne conduct has any relevance to her claims.

In sum, the Amended Complaint contains no factual allegations that Mr. Shine had any

involvement in any of Plaintiff's baseless, imaginary claims of illegal electronic phone

surveillance, computer hacking, or intentional infliction of emotional distress.  All her causes of

action are improperly pleaded and fail to state a claim against Mr. Shine.  Ms. Tantaros has now

twice failed to file a proper pleading with factual allegations about her wild story of bugging and

hacking.  Her claims against Mr. Shine should be dismissed with prejudice.

## ARGUMENT

### A.    The Amended Complaint Contains No Actionable Factual Allegations Against Defendant William Shine and Is Deficient Under *Iqbal* and *Twombly*

Under the federal pleading standard, "[t]o survive a motion to dismiss, a complaint must

contain sufficient factual matter … to 'state a claim to relief that is plausible on its face'."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged". *Id*.  By contrast, a complaint must be dismissed where, as here, it merely offers "labels

and conclusions" and "naked assertions devoid of further factual enhancement". *Id*.

As the Second Circuit has explained, "*Twombly* and *Iqbal* require that a complaint

*support* the viability of its claims by pleading sufficient non-conclusory factual matter to set

forth a claim that is plausible on its face." *E.E.O.C. v. Port Auth. of New York & New Jersey*,

768 F.3d 247, 253 (2d Cir. 2014) (emphasis in original).  *See also Rolon v. Henneman*, 517 F.3d

140, 148-49 (2d Cir. 2008) ("While we accept as true the factual allegations in the complaint and

draw all inferences in the plaintiff's favor, … we are not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions.") (internal citations and quotations omitted); *City of Omaha v. CBS Corp.*, No. 08 Civ. 10816(PKC), 2011 WL 2119734, at *8 (S.D.N.Y. May 24, 2011) (allegations that are "wholly conclusory [and] unsupported by particularized allegations [are] not entitled to the presumption of truth").

The Amended Complaint is plainly inadequate under *Iqbal* and *Twombly* because it is devoid of "sufficient non-conclusory factual matter".  Although Plaintiff was given the opportunity to amend her complaint, she still does not make any non-conclusory factual allegations that tie Mr. Shine – or, for that matter, any of the Defendants – to her claims of illegal electronic surveillance and computer hacking.

Instead of providing factual allegations relating to her claims, Plaintiff relies on unrelated lawsuits and news articles to argue that the criminal violations she alleges here are "completely consistent with the manner in which Fox News had assaulted perceived enemies".  (Amd. Compl. ¶ 25.)  Proper pleading, however, requires factual allegations, not argument based on conjecture.  As the Second Circuit has explained, "a complaint *must allege facts that are not merely consistent with the conclusion* that the defendant violated the law, but which actively and plausibly suggest that conclusion".  *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (emphasis added).

Because Plaintiff fails to allege actual facts and relies instead on speculation, her Amended Complaint must be dismissed.  *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013) ("In order to state a claim on which relief can be granted, the 'factual allegations' of a complaint 'must be enough to raise a right to relief above the speculative level',

6

and make the claim at least 'plausible on its face'.") (quoting *Twombly*); *Gilman v. Marsh &
McLennan Companies, Inc.*, 868 F. Supp. 2d 118, 133 (S.D.N.Y. 2012), *aff'd*, 654 F. App'x 16
(2d Cir. 2016 ) ("speculation about what Defendants communicated to the Attorney General
behind closed doors is insufficient to state a plausible claim …. [Plaintiffs] must allege …
conduct …based on more than speculation that Defendant *must* have spoken ill of Plaintiffs to
the Attorney General") (emphasis in original); *Moore v. Roadway Express, Inc. and Local 707*,
No. 07–CV–977 (DLI)(JMA), 2008 WL 819049, at *6 (E.D.N.Y. Mar. 25, 2008) (dismissal for
failure to "allege any facts … above the level of mere speculation").[3]

It is telling that Plaintiff asked the Court for additional time to furnish a forensic report,
but elects not to attach the full report/s she commissioned from Cycura.  The portions that she
does choose to attach to the Amended Complaint fail to provide any facts to support her claims.
By way of example, she alleges that "[u]pon an extensive investigation, Cycura found that
malware had been placed on Ms. Tantaros' laptop, *likely giving whomever placed it the ability to
access* her communications, documents, and personal email, including gmail".  (Amd. Compl. ¶
29 (emphasis added).)  The attached exhibits do not make any reference to "malware"; they
relate only to Plaintiff's Blackberry and Defendant Snyder's Facebook connections.  The
Amended Complaint does not provide a date or time when malware was purportedly placed on
Plaintiff's laptop, nor does it identify who supposedly did that deed.  Also lacking is any
allegation that a person, let alone Mr. Shine, actually *did* access Plaintiff's communications and
email.  Similarly lacking is any allegation identifying information or materials actually accessed,
ex-filtrated or downloaded from Plaintiff's computer.

---

[3]  *Nisvis v. New York State Dept. of Correctional Servs.*, No. 11 Civ. 2004(PGG)(GWG), 2013 WL 4757839, at *3
(S.D.N.Y. Sept. 4, 2013) (recognizing that although a *pro se* complaint is to be liberally construed, "even *pro se*
pleadings must contain factual allegations that raise a right to relief above the speculative level") (internal quotations
omitted).

Plaintiff further alleges that Cycura "concluded that Fox was using an outdated operating version of the Blackberry that *enabled them* [*sic*] to turn on the microphone and camera of the device … without the knowledge or consent of the person who had the Blackberry". (*Id*. ¶ 33 (emphasis added).) Even assuming this capability existed, there is no allegation that anyone, let alone Mr. Shine, actually activated the microphone or camera on Plaintiff's Blackberry. Plaintiff also fails to specify the information on her Blackberry that was purportedly "wiped", nor does she include any factual allegation linking Mr. Shine to that activity. (*Id*. ¶¶ 31-32.)

Plaintiff's conclusory allegations about "sock puppets" also fail scrutiny under *Iqbal* and *Twombly*. She makes no factual allegation that Mr. Shine used "sock puppets" to target her. Where, as here, a complaint names someone as a defendant "but contains no allegations indicating how [that] defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted". *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981) (dismissal where "complaint provides no basis for anyone, including the Court and defendant [ ], to ascertain why plaintiffs think that [defendant] has violated the law in some manner or acted in some fashion so as to injure plaintiffs"). *See also Cohen v. Local 338-RWDSU/UFCW*, No. 08 Civ. 01151(RJH)(FM), 2010 WL 3199695, at *11 (S.D.N.Y. Aug. 12, 2010) (*sua sponte* dismissal of president of union named as a defendant "because the Amended Complaint contains no factual allegations against Mr. Durso and none of the attachments to the Amended Complaint suggest that Mr. Durso has engaged in any conduct that would entitle plaintiff to relief"); *Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 252 (S.D.N.Y. 2009) ("When a complaint names defendants in the caption but makes no substantive allegations against them in the body of the pleading, the complaint does not state a claim against these defendants.").

In short, the Amended Complaint must be dismissed against Mr. Shine under the *Iqbal/Twombly* pleading standard because Plaintiff has failed to allege any non-conclusory factual matter to support her outlandish conclusory claims of criminal misconduct.

**B.     The Amended Complaint Violates the Rule Against Group Pleading**

The Amended Complaint suffers from another fatal defect: it fails to differentiate the conduct of each defendant and thereby violates the rule against "group pleading" embedded in Fed. R. Civ. P. 8(a)(2)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief". *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (complaint dismissed because it "failed to differentiate among the defendants … and failed to identify any factual basis for the legal claims made…. Fed.R.Civ.P. 8 … requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.' By lumping all defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy this minimum standard") (internal citations omitted); *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 449 (S.D.N.Y. 2016) ("a complaint should provide specification of any particular activities by any particular defendant") (internal quotations omitted); *Ochre LLC v. Rockwell Architecture Planning and Design, P.C.*, No. 12 Civ. 2837(KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012) ("Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants…. Fed.R.Civ.P 8 'requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests'.") (internal citations omitted).

Here, the Amended Complaint is replete with allegations that fail to differentiate the conduct of the various defendants. (Amd. Compl. ¶ 14, ¶ 66 on p. 33, ¶ 68 on p. 34, ¶ 71 on p. 34, ¶ 73 on p. 34, ¶¶ 76-78 on p. 35, ¶ 80 on p. 35.)[4]

The violations of the rule against group pleading provide another basis to dismiss the new complaint. *See Leneau v. Ponte*, No. 1:16-cv-776-GHW, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018) ("[C]omplaints that rely on 'group pleading' and 'fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim'.").

## C.     Plaintiff Fails to Allege the Required Elements of Her Claims

The Amended Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to plead any claims sufficiently. Phrased differently, it is defective because it not only fails to make proper factual allegations against Mr. Shine and fails to specify the conduct for which he should be held liable, but also because it does not plead the elements of each offense charged.

### 1. The Wiretapping Claim Is Not Sufficiently Pled

Plaintiff fails to plead sufficiently her First Claim for Relief, a claim of wiretapping under 18 U.S.C. § 2511, because she fails to allege a basic element of the cause of action: namely, that any of the Defendants *actually intercepted* any of her communications. Put another way, she fails to identify any communications that were intercepted. *See Molefe v. Verizon New York, Inc.*, No. 14-CV-1835-LTS-GWG, 2015 WL 1312262, at *4 (S.D.N.Y. Mar. 24, 2015) (dismissing 18 U.S.C. § 2511 claim because "Plaintiff fail[ed] to provide a sufficient factual basis to allow the court to draw the reasonable" and plausible inference that internet provider actually intercepted his communications or disclosed them) (internal quotations omitted);

---

[4] Due to an apparent drafting error, paragraphs 65-78 appear twice in the Amended Complaint (first on pages 28-32, and then again on pages 32-35). For the sake of clarity, where a particular paragraph within the duplicated range is cited herein, the specific page number where that cited paragraph appears is also provided.

*Dunahoo v. Hewlett-Packard Co.*, No. 11 CV 05588(BSJ)(HBP), 2012 WL 178332, at *5 (S.D.N.Y. Jan. 20, 2012) (dismissing Wiretap Act claim where "sole allegation of an electronic interception" was insufficient and "complaint provide[d] no further factual support for [defendant's] alleged interception" beyond conclusory allegation that defendant was illegally checking plaintiff's voicemail). *See also Martinez v. Queens Cty. Dist. Atty.*, No. 12-CV-06262 (RRM)(RER), 2014 WL 1011054, at *15 (E.D.N.Y. Mar. 17, 2014), *aff'd*, 596 F. App'x 10 (2d Cir. 2015) (rejecting §1983 civil conspiracy claim based on unlawful wiretapping where "plaintiff fail[ed] to provide the factual basis for his belief that his phone and internet services were tapped").

Plaintiff's new additional claim for "physical surveillance … via private investigators" (Amd. Compl. ¶¶ 38-40, ¶ 66 on p. 33) is not covered by 18 U.S.C. § 2511.  The plain language of that statute makes clear that the statute concerns only *electronic* surveillance in the form of interception of wire, oral, or electronic communications.

### 2.  The Computer Hacking Claim Is Not Sufficiently Pled

The Second Claim for Relief, a computer-hacking claim under 18 U.S.C. § 2701, is also deficient.  As set forth in submissions relating to Plaintiff's original complaint, the Stored Communications Act applies to communications storage facilities, *not* to personal devices such as a laptop or cell phone.  *See In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 277 (3d Cir. 2016), *cert. denied sub nom.*, *C.A.F. v. Viacom Inc.*, 137 S. Ct. 624 (2017) (personal computing devices are not protected "facilities" under the Stored Communications Act); *In re Google Inc. Cookie Placement Consumer Privacy Litig.,* 806 F.3d 125, 146-147 (3d Cir. 2015), *cert. denied sub nom.*, *Gourley v. Google, Inc.*, 137 S. Ct. 36 (2016) (home computer is not a "facility through which an electronic communication service is provided"); *Garcia v. City of*

11

*Laredo, Texas*, 702 F.3d 788, 790 (5th Cir. 2012) ("Stored Communications Act … does not apply to data stored in a personal cell phone").

Here, Plaintiff's claim of "hacking" appears to focus on personal devices – specifically, her laptop and Blackberry (Amd. Compl. ¶¶ 26-33) – not on storage facilities.  It is therefore not cognizable under the Stored Communications Act.

To the extent the claim means to hold defendants liable for improperly accessing her gmail account, the cause of action is defective for several reasons.  First, Plaintiff fails to allege any facts showing that her gmail account was actually accessed by anyone, let alone by Mr. Shine.  Second, Plaintiff fails to allege facts showing that anyone, let alone Mr. Shine, illicitly obtained her gmail password from her laptop when it was briefly left with IT.  Third, Plaintiff fails to show that her gmail account was – or even could have been – accessed through her Fox-issued Blackberry on which she received her *work* email.  (*Id.* ¶¶ 27, 31; Exh. 3.)  Last, the claim fails to allege that the unspecified "private emails, texts and communications" at issue were stored on a server or facility protected by 18 U.S.C. § 2701.  (*See id.* ¶ 71 on p. 34).

### 3.   The Intentional Infliction of Emotional Distress Claim Is Not Sufficiently Pled

In the Third Claim for Relief, Plaintiff asserts a defective cause of action for intentional infliction of emotional distress, claiming that Defendants used "the fruits" of electronic and physical surveillance "to emotionally torture" her.  (*Id.* ¶ 66 p. 33 and ¶ 76 p. 35.)  This count should be dismissed for several reasons.  It is based primarily on defective claims for electronic surveillance and computer hacking, and lacks an independent basis for federal jurisdiction since it is grounded in state tort law.

The claim also fails because a cause of action for intentional infliction of emotional distress requires factual allegations of extreme and outrageous conduct.  As noted by Chief Judge

12

McMahon, to prevail on this "extremely disfavored cause of action, ... plaintiff must prove extreme and outrageous conduct that transcends all bounds of decency, and that is regarded by civilized society as atrocious and utterly intolerable." *Durant v. A.C.S. State & Local Sols. Inc.*, 460 F. Supp. 2d 492, 499 (S.D.N.Y. 2006).  *See Klein v. Metro. Child Servs., Inc.*, 100 A.D.3d 708, 711 (2d Dep't 2012) (intentional infliction of emotional distress claim requires "more than the conclusion that plaintiff suffered extreme and grievous mental distress as a result of the extreme and outrageous behavior of the defendants") (internal quotations omitted).  Plaintiff's fatally vague and deficient claims of electronic surveillance and even hazier claims of physical surveillance by black cars near her homes do not even come close to the rigorous standard of "extreme and outrageous conduct".  The claim, like the others, also fails to make any factual, non-conclusory allegation regarding Mr. Shine.

### 4.  Plaintiff Has No Claim for Criminal Cyber-Stalking

The Court should also dismiss Plaintiff baseless request for punitive damages based on a purported violation of the criminal cyber-stalking statute under 18 U.S.C. § 2261A.  (Amd. Compl. ¶ 68 on p. 34; ¶ 73 on p. 34; ¶ 80 on p. 35).  There is no private right of action under this statute.  *See Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016)  ("Case law is . . . unanimous that no private right of action is available under § 2261A.").

### CONCLUSION

The Amended Complaint contains no factual allegations that can properly form a basis for charging Mr. Shine with the causes of action asserted.  It also violates the rule against group pleading, and it fails to plead the necessary elements of each cause of action alleged.  For the foregoing reasons and because this new Complaint suffers from the same or similar failings as

the prior one – as analyzed at length in prior submissions and at the hearing on November 30,

2017 – we respectfully request that the Amended Complaint be dismissed with prejudice.


Dated:  New York, New York                Respectfully submitted,
        March 1, 2018


                                          */S/  Marion Bachrach*
                                          THOMPSON & KNIGHT LLP
                                          Marion Bachrach
                                          Andy S. Oh
                                          900 3rd Avenue, 20th Floor
                                          New York, New York 10022
                                          Tel.: (212) 751-3001
                                          Fax: (212) 751-3113

                                          *Attorneys for Defendant William Shine*