UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANDREA TANTAROS, :
　: 
　　　　　　　　　　Plaintiff, :
　:  MEMORANDUM DECISION
　　　　-against- :  AND ORDER
　:
FOX NEWS NETWORK LLC, ROGER AILES, :  17 Civ. 2958 (GBD)
WILLIAM SHINE, IRENA BRIGANTI, :
PETER A. SNYDER, DISRUPTOR, INC., :
and JOHN DOE(S) 1–50, :
　:
　　　　　　　　　　Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Andrea Tantaros brought this action against her former employer, Fox News Network LLC ("Fox News"), as well as several individuals and an entity employed by Fox News (collectively, "Defendants"), alleging that Defendants hacked Plaintiff's cellphone and personal computer and used information from her confidential communications to harass her. (*See* Compl., ECF No. 5.) Plaintiff claimed that Defendants did so in order to punish her for filing a sexual harassment lawsuit in state court against senior Fox News executives. (*See id.*) Plaintiff asserted claims against all Defendants under 18 U.S.C. § 2520 for allegedly violating the federal wiretap statute, 18 U.S.C. § 2511, by listening in on her calls, and against Defendants Roger Ailes and (former) Fox News executive William Shine for allegedly violating the Stored Communications Act, 18 U.S.C. § 2701, by directing others to unlawfully access her emails stored on her personal computer. (Compl. at 31–32.) Plaintiff also asserted a claim against all Defendants for intentional infliction of emotional distress ("IIED"). (*Id.* at 32.)

Plaintiff alleged that in early 2016, after she complained to Fox News executives that she was being sexually harassed, Ailes and Shine enlisted Defendant Peter Snyder and his company, Disruptor,

Inc., to target Plaintiff for retaliation primarily through electronic surveillance, sockpuppet account harassment, and internet trolling.[1] (*Id.* ¶¶ 23, 72–80.) Plaintiff averred that shortly after she came forward with allegations of sexual harassment, she noticed a "very large uptick in overtly sexual and offensive posts from purported followers of her on Facebook, Instagram[,] and Twitter." (*Id.* ¶¶ 43–44.) She also claimed that around the same time, messages were being deleted from her Blackberry, leading her to believe that Fox News was spying on her. (*Id.* ¶ 45.) In addition, a forensic analysis performed on Plaintiff's computer allegedly revealed "unique surveillance viruses that are not found in any mass malware," which Plaintiff attributes to Fox News and its agents' attempts to hack her computer. (*See id.*)

Plaintiff claimed further that as of mid-May 2016, "there was a constant stream of social media posts from multiple sockpuppet accounts designed to make it clear to [Plaintiff] that she was being illegally surveilled." (*Id.* ¶ 46.) Plaintiff's complaint went on to list a number of Tweets posted from a single Twitter account operated by an individual named Daniel Wayne Block (the "Block account"), which she claimed was a fake sockpuppet account connected to Defendants. (*Id.* ¶¶ 11, 53, 64.) Plaintiff claimed that over a period of several weeks, the Block account posted a series of Tweets containing images of places or things mentioned by Plaintiff in her telephone calls and/or email messages just hours or days before they were posted online.[2] (*See id.* ¶¶ 8, 55–63.) Plaintiff alleged

---

[1] Plaintiff uses the term "sockpuppets" to refer to websites and social media accounts that are made to appear as if they belong to real people and neutral media entities when, in reality, they are owned, operated, and controlled by Fox News and its agents. (Compl. ¶ 7.) Trolling refers to the practice of "antagoniz[ing] (others) online by deliberately posting inflammatory, irrelevant, or offensive comments or other disruptive content." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/trolling (last visited Mar. 12, 2018).

[2] For example, Plaintiff claims that on June 8, 2016, she spoke with a friend about taking a trip to Charleston, South Carolina. The following day, the Block account posted a Tweet with a picture of a tree and a caption that read "Angel Oak Charleston, S.C." (Compl. ¶ 55.)

2

that the pattern of obscure references and coincidental timing of the Tweets were designed to harass and demonstrate to her that she was under surveillance. (*Id.* ¶¶ 46, 54.)

Defendants Fox News, Irena Briganti, and Shine (the "Fox News Defendants"), as well as Defendants Snyder and Disruptor, Inc. (the "Snyder Defendants"), moved separately, pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, for an order imposing sanctions on Plaintiff and her attorney, Judd Burstein.[3] (*See* Fox News Defs. Mot. for Sanctions, ECF No. 18, at 1; Snyder Defs. Mot. for Sanctions, ECF No. 38, at 1.) The crux of Defendants' motions is that Plaintiff's complaint is replete with outrageous accusations against them without any legitimate factual basis. (Mem. in Supp. of Fox News Defs Mot. for Sanctions ("Fox News Defs. Mem."), ECF No. 19, at 17–18; Mem. in Supp. of Snyder Defs. Mot. for Sanctions ("Snyder Defs. Mem."), ECF No. 39, at 17–21.)

Defendants also argued that Plaintiff's counsel failed to undertake any reasonable pre-filing inquiry, as required by Rule 11, which they claim would have immediately demonstrated the lack of factual support for Plaintiff's allegations. (Fox News Defs. Mem. at 17–18; Snyder Defs. Mem. at 16–17, 20.) For instance, Defendants claimed it was readily determinable that the Block account was not a fictitious sockpuppet account, but rather the personal Twitter account of a real individual living in Florida. (Fox News Defs. Mem. at 2, 17–18; Snyder Defs. Mem. at 2, 19–20.) Defendants further claimed that a cursory review of the Block account would have revealed that the same pictures and images cited in Plaintiff's complaint were featured in the Block account's Tweets that predated Plaintiff's alleged intercepted communications. (Fox News Defs. Mem. at 8–11; Snyder Defs. Mem. at 19–20.)

---

[3] At or about the same time, Defendants also moved to compel Plaintiff to arbitrate her claims under the terms of an employment agreement she had with Fox News or, in the alternative, to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* ECF Nos. 21, 25, 41.) However, those motions were rendered moot when Plaintiff filed a *pro se* amended complaint and this Court dismissed her original complaint. (*See* Order dated February 8, 2018, ECF No. 134, at 2.)

Finally, Defendants argued that sanctions are warranted against Plaintiff and her attorney for their pursuit of legally meritless claims, and because she and Burstein commenced this action for the improper purpose of extracting an extortionate settlement from Defendants. (Fox News Defs. Mem. at 18–22; Snyder Defs. Mem. at 21–25.) Defendants seek sanctions in the form of attorneys' fees and costs incurred in bringing their motions, dismissal of Plaintiff's complaint with prejudice, and referral of Plaintiff's attorney to the appropriate disciplinary authorities. (Fox News Defs. Mem. at 23–24; Snyder Defs. Mem. at 25.) This Court heard oral argument on Defendants' motions for sanctions on November 30, 2017.

Since she filed her original complaint, Plaintiff has terminated Burstein's representation of her[4] and is now proceeding *pro se*.[5] (*See* Mot. to Withdraw as Counsel, ECF No. 87, at 1; Letter to the Court from Christopher A. Parlo dated January 29, 2018, ECF No. 124, at 1.) In addition, Plaintiff has filed a *pro se* amended complaint without most of the original complaint's allegations concerning Defendants' alleged use of sockpuppet accounts, including most of the allegations of a phony Block account.[6] (*See* Am. Compl., ECF No. 124-2.) When she filed her amended complaint *pro se*, this

---

[4] Since he no longer represents Plaintiff, Burstein and his law firm, Judd Burstein P.C., move under Rule 24(b) to intervene in this case for the sole purpose of contesting the sanctions motions brought against them. (*See* Mot. to Intervene, ECF No. 108, at 1.) Defendants have not filed any opposition to Burstein's motion to intervene, nor did they object to Burstein intervening in this action during oral argument on the sanctions motions, at which Burstein himself appeared and presented argument on his own behalf. Burstein's motion to intervene for the limited purpose of opposing Defendants' motion for sanctions is therefore GRANTED.

[5] In the interim, Plaintiff was briefly represented by counsel from the law firm of Morgan, Lewis & Bockius LLP. (*See* Notices of Appearance, ECF Nos. 90–91, 113.) When Plaintiff, moving *pro se*, sought to file an amended complaint, this Court granted her motion, allowed her to file the amended complaint, and relieved counsel from Morgan, Lewis. (*See* Orders dated February 8, 2018, ECF Nos. 133, 134.)

[6] Defendants have moved to dismiss Plaintiff's *pro se* amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (*See* Defendants' Renewed Motions to Dismiss, ECF Nos. 139, 142, 144.) Those motions will be addressed in a forthcoming opinion once they are fully briefed.

4

Court dismissed Plaintiff's original complaint. (*See* Order dated February 8, 2018, ECF No. 134, at 2.)

Although Defendants argue that the claims in Plaintiff's original complaint were not sufficiently supported by plausible allegations of fact or the law, this Court declines to impose sanctions against Plaintiff or Burstein under the circumstances presented here. Accordingly, Defendants' motions for sanctions are DENIED.[7]

## I. LEGAL STANDARDS

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 accomplishes this objective by authorizing courts to impose sanctions "when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (citing Fed. R. Civ. Proc. 11(b)–(c)). Rule 11 "is targeted at situations 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify[,] or reverse the law as it stands.'" *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985)). Similarly, sanctions should not be imposed "unless a particular allegation is utterly lacking in support." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996).

Rule 11 principally imposes a duty on attorneys to certify compliance therewith. *See* Fed. R. Civ. P. 11(b). Whether an attorney's litigation conduct is reasonable "should be determined without

---

[7] The Fox News Defendants moved, pursuant to Rule 26(d), for an order granting expedited discovery in aid of their Rule 11 motion. (*See* Mot. for Rule 11 Discovery, ECF No. 95, at 1.) Because Defendants' motions for sanctions are denied, the Fox News Defendants' motion for expedited Rule 11 discovery is also DENIED as moot.

5

the benefit of hindsight, based on what was objectively reasonable to believe at the time the pleading, motion[,] or other paper was submitted." *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 479–80 (S.D.N.Y. 2003). In making these determinations, "all doubts should be resolved in favor of the signing attorney." *K.M.B. Warehouse Distribs., Inc. v. Walker Mfg. Co.*, 61 F.3d 123, 131 (2d Cir. 1995).

Rule 11, however, also prohibits parties from "making or causing to be made certain improper representations to the court." *See Salovaara v. Eckert*, 222 F.3d 19, 32 (2d Cir. 2000). Thus, "sanctions may be imposed upon a represented party when the party 'had actual knowledge that the filing of the papers constituted wrongful conduct, *e.g.* the papers made false statements or [were] filed for an improper purpose.'" *Brown v. Artus*, 647 F. Supp. 2d 190, 205 (N.D.N.Y. 2009) (quoting *Calloway v. Marvel Entm't Grp.*, 854 F.2d 1452, 1474 (2d Cir. 1988), *rev'd on other grounds sub nom. Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120 (1989)).

"If . . . the court determines that Rule 11(b) has been violated, the court *may* impose an appropriate sanction on any attorney, law firm, or party that violated the rule[.]" Fed. R. Civ. P. 11(c)(1) (emphasis added). Accordingly, even where a court finds that Rule 11 has been violated, "the decision whether or not to impose sanctions is a matter for the court's discretion." *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004); *see also Ipcon Collections*, 698 F.3d at 63 ("Sanctions may be—but need not be—imposed when court filings" violate Rule 11). In exercising that discretion, "a district court is obligated to exercise caution and restraint." *Kingvision Pay-Per-View Ltd. v. Ramierez*, No. 05 Civ. 2778 (HB), 2005 WL 1785113, at *4 (S.D.N.Y. July 28, 2005). Indeed, it is well settled that the imposition of sanctions is reserved for "extreme cases." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 626 (S.D.N.Y. 2016), *aff'd*, 683 F. App'x 33 (2d Cir. 2017); *see also Park v. Seoul Broad. Sys. Co.*, No. 05 Civ. 8956 (BSJ) (DFE), 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6, 2008) ("Courts have cautioned litigants that Rule 11 sanctions are reserved for extraordinary circumstances.")

6

(citation omitted). In deciding whether to impose sanctions, courts must remain mindful "that "the point of Rule 11 sanctions is not to compensate or reimburse the defendants for the totality of their losses, but rather to punish and to deter future similar conduct." *Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 277 (N.D.N.Y. 2008); *see also Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 661 (S.D.N.Y. 1996) ("[T]he purpose of the sanctioning mechanism of Rule 11 is not reimbursement but sanction, and . . . accordingly, Rule 11 sanctions shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others.") (internal quotation marks and citations omitted), *aff'd sub nom. Katzman v. Victoria's Secret Catalogue, Div. of The Ltd., Inc.*, 113 F.3d 1229 (2d Cir. 1997).

## II. THIS COURT DECLINES TO IMPOSE SANCTIONS

Defendants claim that sanctions should be imposed on Plaintiff and Burstein, her former attorney, for three reasons. Defendants argue that Plaintiff's claims clearly lacked legal and factual support, which they contend would have been readily apparent had Plaintiff's counsel performed a reasonable pre-filing inquiry, as required by Rule 11. (Fox News Defs. Mem. at 17–18; Snyder Defs. Mem. at 16–17 & n.13.) The Snyder Defendants argue that the complaint lacked any factual *allegations* tying them to the alleged scheme to hack Plaintiff's communications and direct sockpuppet accounts to harass her online. (Sndyer Mem. at 17–21.) Defendants also assert that Plaintiff's wiretap and IIED claims were clearly time-barred, and that her claim under the Stored Communications Act was foreclosed as a matter of law by the decisions of four Circuit Courts of Appeals holding that the Act does not apply to communications stored on personal computers and devices. (Fox News Defs. Mem. at 19–20; Snyder Defs. Mem. at 21–22.) Finally, Defendants argue that Plaintiff and her attorney

7

brought this action for the improper purpose of publicizing false and salacious allegations to force Defendants to settle their dispute.[8] (Fox News Defs. Mem. at 20–22; Snyder Defs. Mem. at 23–25.)

Even if the claims in Plaintiff's original complaint were not sufficiently supported by plausible allegations of fact, this Court declines to impose sanctions on either Plaintiff or her attorney. That Plaintiff's complaint may have been subject to dismissal under Rule 12 does not mean that sanctions are warranted or necessary. *See Kingvision*, 2005 WL 1785113, at *4 (declining to impose sanctions (other than dismissal) where "no evidence [was] presented to support the factual allegations" in a pleading and noting that "sanction[s] . . . must fit the infraction, not overshadow it") (citation omitted). Parties who prevail on a motion to dismiss for factual insufficiency are not thereby entitled to have sanctions imposed against the losing party merely for filing a non-meritorious complaint.

Nor will this Court impose sanctions on Plaintiff's counsel for asserting tenuous claims based on novel legal theories, or claims that may ultimately prove to be time-barred. "The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011). To the contrary, courts considering Rule 11 motions must bear in mind that the imposition of sanctions has the potential to create a chilling effect on counsel seeking to advance new or creative, and potentially meritorious, claims. *See Hutter v. Countrywide Bank, N.A.*, 710 F. App'x 25, 27 (2d Cir. 2018); *Wynder v. McMahon*, No. 99 Civ. 0772, 2012 WL 1514834, at *2 (E.D.N.Y. May 1, 2012), *aff'd*, 565 F. App'x 11 (2d Cir. 2014); *Zlotnick*, 572 F. Supp. 2d at 272.

---

[8] Defendants also argued that sanctions should be imposed on Plaintiff and her attorney because they violated a state court order directing Plaintiff to arbitrate claims arising out of her employment with Fox News. (*See* Fox News Defs. Mem. at 20–21; Snyder Defs. Mem. at 23–24.) However, since Defendants' motion to compel arbitration was rendered moot after Plaintiff filed a *pro se* amended complaint, (*see* Order dated February 8, 2018, at 2), and Defendants have not renewed their contention that Plaintiff's claims are subject to arbitration, (*see* Defendants' Renewed Motions to Dismiss, ECF Nos. 139, 142, 144), this Court does not consider that asserted ground as a basis for imposing sanctions.

8

The underlying employment dispute between Plaintiff and Fox News has clearly escalated to a contentious and acrimonious level. Plaintiff and her counsel have proceeded with an aggressive, scorched-earth, take-no-prisoners approach to this litigation. However, this Court declines to characterize Plaintiff's claims as "clearly frivolous," *Wasserman v. Maimonides Med. Ctr.*, 970 F. Supp. 183, 192 (E.D.N.Y. 1997), or alleged in bad faith and for an improper purpose sufficient to support the imposition of sanctions. To impose sanctions under Rule 11(b)(1), "a court must find clear evidence that [among other things] the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (internal quotation marks and citation omitted). From a defendant's point of view, many meritless lawsuits are strike suits designed to force a settlement. However, filing and publicizing a lawsuit, and thereby exerting considerable pressure on a defendant to settle, does not, by itself, suggest that a case was brought for an improper purpose. Nor does it automatically warrant sanctions to deter or punish wrongful conduct. A contrary ruling may lead to unintended and problematic consequences. *Cf. Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995) ("[U]nless such measures are needed to protect the integrity of the judicial system or a criminal defendant's right to a fair trial, a court's steps to deter attorneys from, or to punish them for, speaking to the press have serious First Amendment implications.").

Moreover, there is no evidence here to conclude that Plaintiff did not sincerely believe in her claims. In addition, before bringing her claim, Plaintiff and her attorney had a forensic analysis performed on Plaintiff's computer to investigate her claims of hacking and electronic surveillance, suggesting that at least some manner of pre-filing inquiry was undertaken in good faith. (*See* Compl. ¶ 45.) While a more fulsome investigation of the Block account might have easily disclosed that it was not a fake sockpuppet account, after it became clear that those allegations lacked sufficient factual

9

support, most were dropped from Plaintiff's *pro se* amended complaint, thereby obviating the need for this Court to impose sanctions.

Finally, the unique procedural history of this case militates against imposing sanctions at this juncture. Burstein has already withdrawn as counsel and no longer represents Plaintiff in connection with this lawsuit. Meanwhile, Plaintiff's original complaint has been dismissed, and she is now proceeding *pro se* on an amended complaint that abandoned most of the more objectionable and unsupported allegations made in her original complaint. If, in deciding Defendants' renewed motions to dismiss, it is determined that Plaintiff's *pro se* amended complaint lacks sufficient factual allegations, it, too, will be dismissed. At this time, however, no sanction is necessary. *See Zhadanov v. Gold & Wachtel*, No. 99 Civ. 5900 (AGS), 2000 WL 1469840, at *5 (S.D.N.Y. Sept. 29, 2000) (dismissing claims under Rule 12(b)(6) but refusing to impose sanctions given the "withdrawal of plaintiffs' first attorney of record and their subsequent prosecution of th[e] action *pro se*").

## III. CONCLUSION

Defendants' motions for sanctions under Rule 11 of the Federal Rules of Civil Procedure, (ECF Nos. 18, 38), are DENIED.

Dated: March 16, 2018
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge