UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA TANTAROS,

                Plaintiff,

    -  v  -

FOX NEWS NETWORK, LLC, ROGER AILES,
WILLIAM SHINE, IRENA BRIGANTI, PETER A.
SNYDER, DISRUPTOR, INC. and JOHN DOES 1-50,

                Defendants.

Case No. 17 Civ. 2958 (GBD)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT WILLIAM SHINE'S MOTION TO DISMISS WITH PREJUDICE
THE AMENDED COMPLAINT OF *PRO SE* PLAINTIFF ANDREA TANTAROS**

THOMPSON & KNIGHT LLP
Marion Bachrach
Andy S. Oh
900 3rd Avenue, 20th Floor
New York, New York 10022
Tel.: (212) 751-3001
Fax: (212) 751-3113

*Attorneys for Defendant William Shine*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................... 2

Plaintiff's Claims Against Defendant Shine Are Defective and Must Be Dismissed ........ 2

    A.  Plaintiff's Claim that Mr. Shine Directed Others to Conduct Electronic
        Surveillance Is Improperly Pled and Fails as a Matter of Law ............................. 2

    B.  Plaintiff May Not Rely on Discovery to Sustain Her
        Defective Causes of Action ............................................................................... 5

    C.  Plaintiff's Claim that Mr. Shine "Did Nothing" Is Also Defective ....................... 7

CONCLUSION ............................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Andino v. Fischer*,
   698 F. Supp. 2d 362 (S.D.N.Y. 2010)..................................................................... 5

*Arnold Chevrolet LLC v. Tribune Co.*,
   418 F. Supp. 2d 172 (E.D.N.Y. 2006) ................................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................... 5, 6

*Barton v. Smartstream Techs., Inc.*,
   No. 16 Civ. 1718 (PAE), 2016 WL 2742426 (S.D.N.Y. May 9, 2016)............... 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................. 2

*Brown v. Daikin Am., Inc.*,
   No. 10-CV-4688 (CS), 2011 WL 10842873 (S.D.N.Y. Aug. 19, 2011) ............... 4

*Calcutti v. SBU, Inc.*,
   273 F. Supp. 2d 488 (S.D.N.Y. 2003)................................................................... 9

*Croton Watch Co. v. Nat'l Jeweler Magazine, Inc.*,
   No. 06 CV 662(GBD), 2006 WL 2996449
   (S.D.N.Y. Oct. 16, 2006) (Daniels, J.)................................................................. 6

*Dumont v. Litton Loan Servicing, LP*,
   No. 12-cv-2677-ER-LMS, 2014 WL 815244 (S.D.N.Y. Mar. 3, 2014)................ 4

*Fahs Const. Grp., Inc. v. Gray*,
   No. 3:10-CV-0129 (GTS/DEP), 2012 WL 2873532
   (N.D.N.Y. July 12, 2012), *aff'd*, 725 F.3d 289 (2d Cir. 2013) ............................. 6

*Frederick v. Wells Fargo Home Mortg.*,
   No. 13-CV-7364 (DLI)(LB), 2015 WL 1506394
   (E.D.N.Y. Mar. 30, 2015), *aff'd*, 649 F. App'x 29 (2d Cir. 2016) ........................ 6

*Goplen v. 51job, Inc.*,
   453 F. Supp. 2d 759 (S.D.N.Y. 2006)................................................................... 9

*Grewal v. Cuneo*,
   No. 13-cv-6836 (RA), 2015 WL 4103660 (S.D.N.Y. July 7, 2015).................... 10

*Johnson v. Cty. of Nassau*,
   411 F. Supp. 2d 171 (E.D.N.Y. 2006) ................................................................. 7

*Kavitz v. Int'l Bus. Machines Corp.*,
   No. 09 Civ. 5710 (CM)(RLE), 2010 WL 11507447
   (S.D.N.Y. Aug. 27, 2010), *aff'd*, 458 F. App'x 18 (2d Cir. 2012) ...................... 10

*Kuhns v. Ledger*,
   202 F. Supp. 3d 433 (S.D.N.Y. 2016).................................................................... 4

*Lerner v. Fleet Bank, N.A.*,
   459 F.3d 273 (2d Cir. 2006).................................................................................. 9

*Martin v. Cty. of Nassau*,
   692 F. Supp. 2d 282 E.D.N.Y. 2010)..................................................................... 4

*Mastafa v. Chevron Corp.*,
   759 F. Supp. 2d 297 (S.D.N.Y. 2010), *aff'd*, 770 F.3d 170 (2d Cir. 2014)............ 8

*MLSMK Inv. Co. v. JP Morgan Chase & Co.*,
   737 F. Supp. 2d 137 (S.D.N.Y. 2010), *aff'd in part*,
   431 F. App'x 17 (2d Cir. 2011), and *aff'd*, 651 F.3d 268 (2d Cir. 2011)........... 2, 8

*Moore v. City of New York*,
   No. 15-CV-6600 (GBD) (JLC), 2017 WL 35450
   (S.D.N.Y. Jan. 3, 2017), *report and recommendation adopted*,
   2017 WL 1064714 (S.D.N.Y. Mar. 20, 2017) (Daniels, J.).................................. 3

*Morin v. Trupin*,
   711 F. Supp. 97 (S.D.N.Y. 1989)........................................................................... 9

*Musalli Factory For Gold & Jewellry v. JPMorgan Chase Bank, N.A.*,
   261 F.R.D. 13 (S.D.N.Y. 2009), *aff'd*, 382 F. App'x 107 (2d Cir. 2010) ............. 8

*Patrolmen's  Benevolent Ass'n of City of New York v. City of New York*,
   No. 97 CV 7138(SJ), 2000 WL 307377 (E.D.N.Y. Mar. 26, 2000)...................... 5

*Robert G. (Anonymous) v. Newburgh City Sch. Dist.*,
   No. 89 CIV. 2978 (RPP), 1989 WL 97907 (S.D.N.Y. Aug. 16, 1989) ................. 6

*Rose v. Goldman, Sachs & Co.*,
   163 F. Supp. 2d 238 (S.D.N.Y. 2001).................................................................... 3

*South Cherry St. LLC v. Hennessee Grp. LLC*,
   573 F.3d 98 (2d Cir. 2009).................................................................................... 6

*Stander v. Fin. Clearing & Servs. Corp.*,
    730 F. Supp. 1282 (S.D.N.Y. 1990)....................................................................... 9

*Stutts v. De Dietrich Grp.*,
    No. 03-CV-4058 (ILG), 2006 WL 1867060 (E.D.N.Y. June 30, 2006)................ 8

*Williams v. Calderoni*,
    No. 11 Civ. 3020(CM), 2012 WL 691832 (S.D.N.Y. Mar. 1, 2012),
    *aff'd sub nom. Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013)................... 3

*Wilson v. Dantas*,
    No. 12 Civ. 3238(GBD), 2013 WL 92999
    (S.D.N.Y. Jan. 7, 2013) (Daniels, J.), *aff'd*, 746 F.3d 530 (2d Cir. 2014)............. 9

## PRELIMINARY STATEMENT

Defendant William Shine has moved to dismiss Plaintiff's *pro se* Amended Complaint because it fails to state a claim against him.  It does not sufficiently plead key elements of the causes of action alleged, and fails to provide any facts whatsoever in support of Plaintiff's impermissibly generalized claims against Mr. Shine for malicious torts predicated on purported illegal electronic surveillance of her phone, computer and personal Gmail account.  Her response to his motion is to use inflammatory rhetoric when repeating the same labels and conclusory statements on which she based her speculative claims.

Plaintiff concedes Mr. Shine did not personally execute the alleged illegal electronic surveillance.  Instead, she tags him with the labels of "enforcer" and "lieutenant", and describes his role in conflicting, conclusory terms.  At times, she claims he "directed" unidentified persons to perform undefined tasks in the alleged illegal electronic surveillance.  She provides no names, titles, jobs, background or purported connection to Mr. Shine.

Elsewhere, she argues he "*did*  NOTHING" about the "illegal harvesting" of information from Plaintiff's "communications".  (Opp. Mem.[1] at 15, 17, 19 (italics and capitalization in original).)  Similarly, she gives no factual basis for claiming Mr. Shine had knowledge of the purported illicit activities.  Instead, she relies on selective use of press articles – often relating to people other than herself – which are equally devoid of factual information.

For the second time now, Plaintiff has filed claims against Mr. Shine that lack the requisite factual and legal basis.  They should be dismissed with prejudice.[2]

---

[1]  Plaintiff's *pro se* Opposition Memorandum filed on March 26, 2018 [ECF Doc. No. 150] is abbreviated as "Opp. Mem.".  It is her second filed brief in opposition; the first [ECF Doc. No. 147] contained fewer arguments regarding Mr. Shine.  Accordingly, this Reply Memorandum addresses her second memorandum in opposition and all citations are to that filing.

[2]  Mr. Shine also joins in the brief and reply brief filed on behalf of Fox News Network LLC and Irena Briganti.

## ARGUMENT

### Plaintiff's Claims Against Defendant Shine Are Defective and Must Be Dismissed

In her opposition, Plaintiff acknowledges that Mr. Shine did not "place[] malware on her laptop or phone, access[] or hack[] her personal email (including Gmail) [or] … personally surveil[] Ms. Tantaros." (Opp. Mem. at 18.)  Instead, she claims that he "directed" illicit surveillance and hacking and/or that he knew about it but did nothing to stop it.  These claims should be dismissed because they are improperly pled and lack legal merit.

### A.  Plaintiff's Claim that Mr. Shine Directed Others to Conduct Electronic Surveillance Is Improperly Pled and Fails as a Matter of Law

In her opposition, Plaintiff claims that Mr. Shine purportedly directed unnamed people to carry out illegal electronic surveillance against her.  She relies on ¶71[3] of her Amended Complaint, claiming:  "Ailes and Shine on behalf of Fox News directed a person paid by Fox News to hack Tantaros's personal computer and gain access to her private emails, texts and communications".  (Opp. Mem. at 13, 15.)  This allegation, however, is legally insufficient because it was made "on information and belief" without providing anywhere the factual information that formed the basis for the belief.

Where, as here, allegations are made upon information and belief, the party must plead adequate facts to support the claims.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550-51 (2007) (Court rejected allegations based "upon information and belief" that defendants had "entered into a contract, combination or conspiracy to prevent competitive entry" where plaintiff failed to plead adequate facts to support the claims).  It is "axiomatic that the complaint must allege facts demonstrating the basis for the information and belief".  *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 737 F. Supp. 2d 137, 144 (S.D.N.Y. 2010), *aff'd in part*, 431 F. App'x 17

---

[3]  There is duplicative numbering in the Amended Complaint.  This ¶71 is on p. 34 of that pleading.

(2d Cir. 2011), and *aff'd*, 651 F.3d 268 (2d Cir. 2011).  *See also Moore v. City of New York*, No. 15-CV-6600 (GBD) (JLC), 2017 WL 35450, at *23 (S.D.N.Y. Jan. 3, 2017), *report and recommendation adopted*, 2017 WL 1064714 (S.D.N.Y. Mar. 20, 2017) (Daniels, J.) (claims of hostility, retaliation and discrimination "upon information and belief" dismissed when not supported with "statement of facts that create a plausible inference of their truth"); *Williams v. Calderoni*, No. 11 Civ. 3020(CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012), *aff'd sub nom. Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013) (discrimination claim on information and belief dismissed with prejudice where no facts provided to make claims non-speculative); *Rose v. Goldman, Sachs & Co.*, 163 F. Supp. 2d 238, 242 (S.D.N.Y. 2001) (dismissal granted where plaintiff did "nothing more than to paraphrase relevant legal standards and assert, on information and belief, that she had been discriminated against" and "provided no specific factual allegations to enable the Court to evaluate her information and belief assertions").

Here, Plaintiff pleads no facts whatsoever to support her claim that Mr. Shine purportedly directed others to engage in electronic surveillance of her personal computer, private emails, texts or other communications.  She provides no factual "information" setting forth any basis for the "belief" expressed in ¶71 of her Amended Complaint that Mr. Shine "direct[ed] a person paid … by Fox News to hack [her] personal computer".  She never identifies any person purportedly "directed" by Mr. Shine and "paid by Fox" to hack her computer.  She provides no facts showing: 1) the name or position of such a person; 2) the nature, words or manner of purported direction by Mr. Shine; 3) the amount, manner or date of payment by anyone at Fox; 4) the manner, place or date of the claimed hack, or 5) the communications or information obtained from the claimed hack.  As noted in our moving papers, she does not even allege facts showing an actual intrusion into her "personal computer", personal Gmail account, or phone.

In short, Plaintiff's allegation that Mr. Shine "directed" someone to hack her computer and gain access to her personal email[4] is based on belief, not information. Instead of setting forth any factual information whatsoever for her "belief", Plaintiff disparages Mr. Shine, labeling him Roger Ailes' "enforcer" and "lieutenant".[5] Plainly, that is all she has.

Settled law in this district and elsewhere makes clear that such a bare belief, unsupported by any factual information, cannot withstand a motion to dismiss. *See Kuhns v. Ledger*, 202 F. Supp. 3d 433, 440 n.3 (S.D.N.Y. 2016) (allegation that defendant "directed and supported the fraudulent scheme implemented by [co-defendants]" was conclusory and therefore, "not entitled to the assumption of truth"); *see also Dumont v. Litton Loan Servicing, LP*, No. 12-cv-2677-ER-LMS, 2014 WL 815244, at *19 (S.D.N.Y. Mar. 3, 2014) (rejecting "conclusory allegations" that Goldman Sachs directed subsidiary's alleged misconduct and loan modification practices); *Brown v. Daikin Am., Inc.*, No. 10-CV-4688 (CS), 2011 WL 10842873, at *6, *8 (S.D.N.Y. Aug. 19, 2011) (dismissing employment discrimination claim against defendant parent company where "Plaintiff ma[de] only the conclusory allegation that [parent] directed or authorized [subsidiary's] termination of Plaintiff, but provide[d] no facts to support this conclusion"); *Martin v. Cty. of Nassau*, 692 F. Supp. 2d 282, 291 (E.D.N.Y. 2010) (dismissing civil rights

---

[4] This Court should reject Plaintiff's claim that by formatting her personal computer for a debate, Fox staff could thereby access her private Gmail. Not only does Plaintiff fail to allege any factual information showing that Mr. Shine had anything to do with such purported activity; but she also fails to explain how Fox staff could have accessed her Gmail account. The Amended Complaint (*see* ¶30) suggests that, by formatting, the staff would have "known the password universally" to Plaintiff's personal computer, a claim she repeats in her opposition (Opp. Mem. at 9, 12-13). But her computer password would not provide automatic access to her Gmail account – unless, for some reason, she chose the same password for both, and she does not allege that was the case. Plaintiff also mischaracterizes an excerpt from the Cycura report, arguing that malware placed on her laptop gave Fox access to her personal email. (*Compare id.* at 14-15 *with* Amd. Compl. ¶30.) In her opposition, Plaintiff also tries to add a new claim: namely, that her Gmail was somehow accessed through her work Blackberry. (Opp. Mem. at 10, 12.) This claim is not in any of her complaints – either the initial one or her Amended Complaint – and, much like her claim regarding her computer, Plaintiff does not allege any facts showing that Mr. Shine had anything whatsoever to do with her Blackberry or her Gmail account.

[5] Plaintiff's other attempts to smear Mr. Shine with baseless assertions, including *inter alia* incorrect suppositions about his departure from Fox News and retention of counsel, have no relevance to her claims of illegal electronic surveillance and underscore her lawsuit's lack of merit. (Opp. Mem. at 6, 18.)

claim against police administrators where no facts alleged to support conclusory allegation that they "knew of and directed" alleged violation of plaintiff's rights); *Patrolmen's Benevolent Ass'n of City of New York v. City of New York*, No. 97 CV 7138(SJ), 2000 WL 307377, at *4 (E.D.N.Y. Mar. 26, 2000) (dismissing civil rights claim against police commissioner where only "conclusory allegations" that he "directed and ordered" and "was aware [of] ... and took no action to stop" the alleged violations).[6]

In sum, Plaintiff's bare allegation, unsupported by factual information, that Mr. Shine "directed" electronic surveillance cannot defeat his motion to dismiss.

### B.   Plaintiff May Not Rely on Discovery to Sustain Her Defective Causes of Action

In her opposition, Plaintiff suggests that discovery would help her uncover Mr. Shine's role in the conjectured conspiracy and thereby formulate claims against him.  She writes: "Only a rigorous discovery process can truly unearth precisely how big of a role Shine had in the leadership of these media smear campaigns".  (Opp. Mem. at 19.)[7]  Well established precedent, however, does not allow her to circumvent proper pleading in this manner.

It is settled law that a plaintiff must first propound facts showing a plausible cause of action, and may not rely instead on what she hopes discovery may reveal.  *See Ashcroft v. Iqbal*,

---

[6]  Plaintiff also makes conclusory claims against Mr. Shine that are not in her Amended Complaint.  For example she argues *inter alia*: 1) that, in some unspecified manner, Mr. Shine directed others to use "thousands of sock puppet accounts" to target Plaintiff with profane messages and negative articles, and 2) that Mr. Shine had some unspecified involvement in having a private investigator, Bo Dietl, physically surveil Plaintiff – a claim not included in the purported statement by Dietl to the New York Times that Plaintiff repeats throughout her opposition.  (Opp. Mem. at 13-14, 18).  Even though a Court may take into consideration new allegations contained in a *pro se* plaintiff's memorandum of law (*see, e.g., Andino v. Fischer*, 698 F. Supp. 2d 362, 376 (S.D.N.Y. 2010)), Plaintiff provides no factual or legal basis to sue for these new conclusory arguments.  There is simply no basis – other than Plaintiff's say-so – for these or any of the other generalized claims she makes against Mr. Shine.  They therefore merit no consideration.  (*See Kuhns v. Ledger*, *supra*, and authorities cited above at pp. 4-5.)  *See also* the Brief (pp. 3-4, 7-8, 11-12, 20) and Reply Brief (pp. 2-3, 9-10) filed on behalf of Fox News Network LLC and Irena Briganti.

[7]  *See also* Opp. Mem. at 21 ("Snyder's off-air work for Fox as a paid contractor and digital hitman … is common knowledge for any Washington, DC beltway insider and easily exposed through discovery and depositions as the case moves forward, including a deep discovery into the financial and business link between Snyder and Fox News"); *id*. at 5 (claiming that "an in-depth discovery process" would "tie [to Fox News] the[] hundreds of thousands of [fake social media] accounts").

556 U.S. 662, 678-79 (2009) (federal pleading requirements do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Fahs Const. Grp., Inc. v. Gray*, No. 3:10-CV-0129 (GTS/DEP), 2012 WL 2873532, at \*3 (N.D.N.Y. July 12, 2012), *aff'd*, 725 F.3d 289 (2d Cir. 2013) ("Plaintiff must allege facts plausibly suggesting a plausible claim in order to proceed to discovery and cannot rest its Amended Complaint on the mere hope that the discovery process will provide necessary facts to support its claim."); *Robert G. (Anonymous) v. Newburgh City Sch. Dist.*, No. 89 CIV. 2978 (RPP), 1989 WL 97907, at \*1 (S.D.N.Y. Aug. 16, 1989) (plaintiff with "conclusory complaint" in §1983 case may not rely on "hope of using the discovery process to uncover facts that support the complaint's speculation").

As this Court noted during the November 30, 2017 hearing:  "[Y]ou can't file a lawsuit saying I'll find the evidence to prove it in discovery.  You have to have a good faith basis to allege a certain set of facts.  You can't say I'm looking for some other facts.  The only thing you're looking for in discovery is to support the facts that you allege".  (Tr. 180.)  *See also Croton Watch Co. v. Nat'l Jeweler Magazine, Inc.*, No. 06 CV 662(GBD), 2006 WL 2996449, at \*2 (S.D.N.Y. Oct. 16, 2006) (Daniels, J.) ("Plaintiff's mere, unsubstantiated hope that discovery may yield evidence that [defendant] was actively engaged in [wrongdoing] is insufficient to withstand a motion to dismiss." ).

In this Circuit, a plaintiff's speculation that discovery may reveal facts to support her claims of illegal conduct "underscores, rather than cures, the deficiency in the Complaint". *South Cherry St. LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 114 (2d Cir. 2009).  In that case, the Court of Appeals cited *Twombly* and *Iqbal* when it noted that a plaintiff whose "complaint is deficient under Rule 8 ... is not entitled to discovery".  *Id.  See also Frederick v. Wells Fargo Home Mortg.*, No. 13-CV-7364 (DLI)(LB), 2015 WL 1506394, at \*7 (E.D.N.Y. Mar. 30, 2015),

6

*aff'd*, 649 F. App'x 29 (2d Cir. 2016) ("Plaintiffs cannot state a claim where they rely on the vague hope that discovery may show facts on which the claim could be based.").

Plaintiff here wants to "put the cart before the horse". *Johnson v. Cty. of Nassau*, 411 F. Supp. 2d 171, 176 (E.D.N.Y. 2006) (plaintiff's request that court deny motion to dismiss until he had opportunity to conduct discovery "puts the cart before the horse and ignores the fact that discovery has to be tied to a pleading which passes muster under Rule 12(b)(6)"); *Arnold Chevrolet LLC v. Tribune Co.*, 418 F. Supp. 2d 172, 178 (E.D.N.Y. 2006) (same).

In sum, Plaintiff's impermissibly conclusory allegations do not entitle her to discovery.

**C.    Plaintiff's Claim that Mr. Shine "Did Nothing" Is Also Defective**

Plaintiff also claims that Mr. Shine "did nothing". This new claim in her opposition not only contradicts her other claim that he "directed" others, it is also unsupported and legally defective. In her opposition memorandum, she makes the following pronouncement:

> Shine was well-aware of all information illegally being harvested from Ms. Tantaros' communications, as well as the Black Room in their activities against Ms. Tantaros, including the violation of the Wiretap Act, the surreptitious access of her laptop and blackberry … and the cameras placed within Ms. Tantaros' office which monitored Plaintiff's conversations and filmed her disrobing in real time, a violation of the SCA.
>
> *Yet he did NOTHING.*

(Opp. Mem. at 19) (emphasis in original).[8]

This assertion amounts to an unpled claim against Mr. Shine of "aiding and abetting".[9] This claim is also defective. It fails to provide factual information from which actual knowledge

---

[8] *See also* Opp. Mem. at 13 ("Fox News and Ailes instructed that cameras and microphones be installed in talent offices, including Ms. Tantaros' office, allowing them to record and film Ms. Tantaros as she had private conversations and disrobed on a daily basis, contemporaneously, and with the knowledge of Fox Exectutives [*sic*], including Shine and Briganti.").

[9] Aiding and abetting liability requires: 1) the existence of a primary violation; 2) knowledge of this violation on the part of the aider and abettor; and 3) substantial assistance by the aider and abettor in the achievement of the

of electronic or video surveillance may be inferred, and it relies on a purported omission but fails to set forth the basis for a duty to act.

Rather than plead facts showing Mr. Shine had actual knowledge of the alleged misconduct, Plaintiff relies instead on labels and conclusions. She claims he "had direct knowledge of all … causes of action" because he was Roger Ailes' "right-hand man and enforcer" and "Chief lieutenant". (Opp. Mem. at 17-18). But Plaintiff must offer more than just her say-so to plead adequately that Mr. Shine knew about the misconduct. Conclusory allegations of knowledge, like those made by Plaintiff, have been held insufficient to establish aiding and abetting. *See Mastafa v. Chevron Corp.*, 759 F. Supp. 2d 297, 300 (S.D.N.Y. 2010), *aff'd*, 770 F.3d 170 (2d Cir. 2014) (common law standard requires plaintiffs claiming aiding and abetting to show defendants had "actual knowledge" that their actions would contribute to human rights abuses, and repeated statements in complaint that defendants acted "knowingly" in aiding commission of human rights abuses were "nothing more than 'formulaic recitations'" and therefore insufficient); *Stutts v. De Dietrich Grp.*, No. 03-CV-4058 (ILG), 2006 WL 1867060, at *13 (E.D.N.Y. June 30, 2006) (allegation that defendants "were aware of their role as part of the unlawful and/or tortious activity" was "conclusory and insufficient to establish actual knowledge" on the part of defendants for allegedly aiding and abetting violations of Anti-Terrorism Act); *see also MLSMK Inv. Co.*, 737 F. Supp. 2d at 145 ("Although the particularized pleading standards of Rule 9(b) do not apply to this claim, plaintiff must nonetheless allege some facts, in non-conclusory terms[,] to show knowing participation by defendants in the alleged breach," *citing Musalli, supra* n. 8, 261 F.R.D. at 24).

---

violation, which can consist of a failure to act if there is a duty to do so. *Musalli Factory For Gold & Jewellry v. JPMorgan Chase Bank, N.A.*, 261 F.R.D. 13, 23, 25 (S.D.N.Y. 2009), *aff'd*, 382 F. App'x 107 (2d Cir. 2010).

Similarly, statements regarding Mr. Shine's title or job description do not suffice as a basis to infer actual knowledge of particular alleged acts.  *See Goplen v. 51job, Inc.*, 453 F. Supp. 2d 759, 773 (S.D.N.Y. 2006) ("bare assertions" in complaint that, "due to their high-level positions in the Company, [defendants] had access to adverse … information …, without any further facts or details, do not adequately demonstrate defendants' knowledge").

In addition, even where, unlike here, actual knowledge has been properly pled, an alleged failure to act is insufficient to state a valid cause of action for aiding and abetting absent a fiduciary duty owed to the plaintiff.  That rule is based on the common-law principle that "since there is ordinarily no duty to [act] to interfere, mere presence at the commission of a wrong ... is not enough to charge one with responsibility".  *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 295 (2d Cir. 2006) (*quoting Prosser & Keeton on Law of Torts* §46) (mere inaction is not substantial assistance unless defendant owes fiduciary duty directly to the plaintiff); *Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 494 (S.D.N.Y. 2003) ("It is well settled that without an independent duty to disclose, mere inaction does not [establish] aider and abettor liability."); *Stander v. Fin. Clearing & Servs. Corp.*, 730 F. Supp. 1282, 1288 (S.D.N.Y. 1990) (dismissing claim that clearing broker failed to stop churning by primary broker because fiduciary duty not alleged in complaint); *Morin v. Trupin*, 711 F. Supp. 97, 113 (S.D.N.Y. 1989) (law firm's failure to "blow the whistle" on clients engaging in fraud did not give rise to aiding and abetting claim because "mere knowledge" or "awareness and approval" of primary wrongdoing do not constitute substantial assistance; inaction or silence only actionable where duty of disclosure exists).

Here, Plaintiff alleges no fiduciary duty, and Mr. Shine owed her no duty because it is well established – and has been noted by this Court in a prior case – that "employment relationships do not create fiduciary relationships".  *Wilson v. Dantas*, No. 12 Civ. 3238(GBD),

2013 WL 92999, at *4 (S.D.N.Y. Jan. 7, 2013) (Daniels, J.), *aff'd*, 746 F.3d 530 (2d Cir. 2014) (no breach of fiduciary duty claim because standard employment relationships do not create fiduciary duties).  *See also Barton v. Smartstream Techs., Inc.*, No. 16 Civ. 1718 (PAE), 2016 WL 2742426, at *7 (S.D.N.Y. May 9, 2016) ("an employer does not owe a fiduciary duty to its employees simply by virtue of the employment relationship"); *Grewal v. Cuneo*, No. 13-cv-6836 (RA), 2015 WL 4103660, at *12 (S.D.N.Y. July 7, 2015) ("under New York law mere employment relationships do not create fiduciary relationships"); *Kavitz v. Int'l Bus. Machines Corp.*, No. 09 Civ. 5710 (CM)(RLE), 2010 WL 11507447, at *10 (S.D.N.Y. Aug. 27, 2010), *aff'd*, 458 F. App'x 18 (2d Cir. 2012) ("there is no fiduciary relationship between an employee and his employer").

In sum, Plaintiff's new claim in her opposition that Mr. Shine is liable for failing to act is defective and should be dismissed together with all other claims against Mr. Shine.

## CONCLUSION

For the reasons provided herein, as well as in Mr. Shine's moving memorandum, and based on all the proceedings and submissions in this case to date, we respectfully request that this Court dismiss all claims against Mr. Shine in the Amended Complaint with prejudice.

Dated:  New York, New York
      April 6, 2018

Respectfully submitted,

*/S/  Marion Bachrach*
THOMPSON & KNIGHT LLP
Marion Bachrach
Andy S. Oh
900 3rd Avenue, 20th Floor
New York, New York 10022
Tel.: (212) 751-3001
Fax: (212) 751-3113

*Attorneys for Defendant William Shine*

10