UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                        :
ANDREA TANTAROS                                         :
                                                        :
                                                        :
                Plaintiff,                              :
                                                        :
                                                        :   Case No. 17-cv-02958 (GBD)
        v.                                              :
                                                        :
FOX NEWS NETWORK, LLC, ROGER                            :
AILES, WILLIAM SHINE, IRENA                             :   **ORAL ARGUMENT**
BRIGANTI, PETER A. SNYDER,                              :   **SCHEDULED FOR APRIL 17, 2018**
DISRUPTOR, INC., and JOHN DOES 1-50.                    :
                                                        :
                                                        :
                Defendants.                             :
                                                        :
--------------------------------------------------------x


**DEFENDANTS PETER A. SNYDER AND DISRUPTOR, INC.'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................. 2

I.     PLAINTIFF HAS ABANDONED HER CLAIM AGAINST SNYDER AND
       DISRUPTOR FOR VIOLATIONS OF THE WIRETAP ACT, WHICH IN ANY
       EVENT SHOULD BE DISMISSED AS INADEQUATELY PLEADED ....................... 2

II.    PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION
       OF EMOTIONAL DISTRESS AGAINST SNYDER ......................................................... 4

III.   PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION
       OF EMOTIONAL DISTRESS AGAINST DISRUPTOR ................................................. 8

IV.    PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF
       LIMITATIONS ............................................................................................................. 9

CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahmed v. Purcell*,
 2016 WL 1064610 (S.D.N.Y. Mar. 14, 2016) ...................................................................10

*Alahverdian v. Grebinski*,
 2014 WL 2048190 (S.D. Ohio May 19, 2014) ....................................................................6

*Artis v. Velardo*,
 2016 WL 154122 (S.D.N.Y. Jan. 12, 2016) .........................................................................3

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..........................................................................................................2, 9

*Barnum v. Millbrook Care Ltd. P'ship*,
 850 F. Supp. 1227 (S.D.N.Y. 1994)...............................................................................6, 8

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).............................................................................................................9

*Bender v. City of New York*,
 78 F.3d 787 (2d Cir. 1996)..................................................................................................4

*Bittman v. Fox*,
 107 F. Supp. 3d 896 (N.D. Ill. 2015) .................................................................................6

*Conley v. Gibson*,
 355 U.S. 41 (1957)...............................................................................................................2

*Dunahoo v. Hewlett-Packard*,
 2012 WL 178332 (S.D.N.Y. Jan. 20, 2012) ........................................................................9

*Gay v. Carlson*,
 60 F.3d 83 (2d Cir. 1995) ....................................................................................................5

*Greenaway v. County of Nassau*,
 97 F. Supp. 3d 225 (E.D.N.Y. 2015) ..................................................................................8

*Howell v. N.Y. Post Co.*,
 81 N.Y.2d 115 (1993)..........................................................................................................5

*Hustler Magazine, Inc. v. Falwell*,
 485 U.S. 46 (1988)...........................................................................................................4, 5

*Kamanou v. Exec. Sec'y of Comm'n of Econ. Cmty. of W. African States*,
 2012 WL 868700 (S.D.N.Y. Mar. 14, 2012) (Daniels, J.)...............................................1, 3

# TABLE OF AUTHORITIES
## (cont'd)

Page(s)

*Lipton v. County of Orange*,
    315 F. Supp. 2d 434 (S.D.N.Y. 2004) .......................................................................... 3

*Martin v. Citibank, N.A.*,
    762 F.2d 212 (2d Cir. 1985) ...................................................................................... 5

*Medcalf v. Walsh*,
    938 F. Supp. 2d 478 (S.D.N.Y. 2013) .......................................................................... 5

*Montalvo v. Fed. Express Corp.*,
    1995 WL 733600 (S.D.N.Y. 1995) .............................................................................. 6

*Obal v. Deutsche Bank Nat'l Tr. Co.*,
    2015 WL 631404 (S.D.N.Y. Feb. 13, 2015),
    *aff'd*, 670 F. App'x 10 (2d Cir. 2016) ........................................................................ 3

*Omosefunmi v. Weiss*,
    198 F.3d 234 (2d Cir. 1999) ...................................................................................... 3

*Pu v. Bruni*,
    899 N.Y.S.2d 62 (N.Y. Sup. Ct. N.Y. Cty. 2009) ........................................................ 1, 7

*Slue v. N.Y. Univ. Med. Ctr.*,
    409 F. Supp. 2d 349 (S.D.N.Y. 2006) ....................................................................... 6, 9

*Stuto v. Fleishman*,
    164 F.3d 820 (2d Cir. 1999) .................................................................................... 1, 5

*Thai v. Cayre Grp.*,
    726 F. Supp. 2d 323 (S.D.N.Y. 2010) .......................................................................... 5

## PRELIMINARY STATEMENT

Plaintiff Andrea Tantaros's opposition to the Snyder Defendants' Motion to Dismiss is long on speculation and short on substance.  Having originally asserted only two claims against them, she now abandons one entirely, conceding the Snyder Defendants, in fact, never wiretapped her after all.  And Tantaros fails to grapple with the obvious infirmities in her only other claim for intentional infliction of emotional distress:  she is forced to concede she was wrong about the Daniel Block Twitter account—he's a real person, no "sock puppet"—and she cites no other online or social media content at all, let alone any content attributable to Pete Snyder that was so "offensive" and "extreme" it intentionally caused her "severe emotional distress," as is required to make out an intentional infliction claim.  *See Stuto v. Fleishman*, 164 F.3d 820, 829 (2d Cir. 1999); *Pu v. Bruni,* 899 N.Y.S.2d 62 (N.Y. Sup. Ct. N.Y. Cty. 2009).  In reality, in Tantaros's battle against Defendant Fox News, Snyder is an innocent bystander, ensnared to advance her bizarre internet conspiracy theories.  But it comes as no surprise Tantaros cannot cite any online activity against her attributable to the Snyder Defendants, because none exist.  Indeed, Pete Snyder sold his social media business years ago and has been an angel investor in other companies ever since.  In other words, Tantaros has now forgone one of her two claims altogether and asserted no viable basis for the other.  *See Kamanou v. Exec. Sec'y of Comm'n of Econ. Cmty. of W. African States*, 2012 WL 868700, at *3 (S.D.N.Y. Mar. 14, 2012) (Daniels, J.) (dismissing *pro se* plaintiff's complaint where she chose not to pursue certain claims and "failed to respond to defendant's arguments in support of its motion to dismiss [other] claims").  Hence, Tantaros's Amended Complaint against the Snyder Defendants must

now be dismissed in its entirety with prejudice.[1]

## ARGUMENT

Plaintiff's claims lack the "facial plausibility" to "survive a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]  As in *Iqbal*, the Amended Complaint here merely alleges that the Fox News Defendants "w[ere] the principal architect of [an] invidious policy"—the supposed surveillance and Twitter harassment of Ms. Tantaros—and that the Snyder Defendants "w[ere] instrumental in adopting and executing it," but "[t]hese bare assertions" "are conclusory and not entitled to be assumed true." *Id.* at 680–81 (internal quotation marks omitted).  In her opposition (the "Opposition"), *see* ECF No. 150, Plaintiff abandons her claims against the Snyder Defendants for violations of the Wiretap Act and fails to provide any basis as to why her intentional infliction of emotional distress claims against Snyder and Disruptor should survive.

## I.    PLAINTIFF HAS ABANDONED HER CLAIM AGAINST SNYDER AND DISRUPTOR FOR VIOLATIONS OF THE WIRETAP ACT, WHICH IN ANY EVENT SHOULD BE DISMISSED AS INADEQUATELY PLEADED

Plaintiff not only fails to specifically respond to any of the several arguments and numerous authorities put forth by the Snyder Defendants in support of dismissal of the baseless Wiretap Act claim in their Motion to Dismiss, *see* ECF No. 145,[3] but also expressly denies ever bringing the claim at all, noting that "Peter A. Snyder, (Disruptor) has not been accused of violating the Wiretap Act."  Opp. at 7.  Such unambiguous and complete claim abandonment

---

[1]  Of note, Tantaros remains fixated on her vendetta against her former employer, Defendant Fox News, devoting barely ten percent of her opposition to the Snyder Defendants.  And what little she does say about Pete Snyder consists of bald-faced lies and vexatious smears—repeatedly contradicting even her prior pleading's specious allegations—that are irrelevant to the merits of this lawsuit.

[2]  As an initial matter, the Opposition fails to demonstrate the sufficiency of the emotional distress claim because it relies on cases applying the outdated pleading standard of *Conley v. Gibson*, 355 U.S. 41 (1957).  It is clear that under the more rigorous standards in place today, Plaintiff's "labels and conclusions" and "naked assertions devoid of further factual enhancement" simply cannot survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678.

[3]  Cited to hereinafter as "Br."

warrants dismissal, despite Plaintiff's *pro se* status.  *See Omosefunmi v. Weiss*, 198 F.3d 234 (2d Cir. 1999) ("[E]ven under the relaxed pleading standard afforded to *pro se* litigants, [plaintiff's] express disavowal of [a] claim [in opposition to a motion to dismiss] requires that that claim be deemed abandoned.").  Here, although the first count of the Amended Complaint unequivocally alleges that "*[a]ll the Defendants herein* violated [the Wiretap Act] through the electronic and physical surveillance of [Plaintiff] via private investigators and her personal communications and use of the fruits of that surveillance to emotionally torture [Plaintiff]," FAC ¶ 66 (emphasis added), the Opposition does an about face and reveals that the Snyder Defendants "ha[ve] not been accused of violating the Wiretap Act."  Opp. at 7–8; *accord* Opp. at 20.  This represents clear abandonment of the claim.

In addition, courts "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."  *Lipton v. County of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004).  A plaintiff—even when acting *pro se*— is "obligated, in her response to defendant's motion [to dismiss], to present arguments as to each of her causes of action. Plaintiff's failure to do so constitutes abandonment of those claims."  *Kamanou*, 2012 WL 868700, at *3 (Daniels, J.) (dismissing *pro se* plaintiff's claims where plaintiff "failed to respond to defendant's arguments in support of its motion to dismiss [certain] claims" and expressed in her opposition brief that she would no longer pursue those claims).[4]  Here, the Opposition fails to substantively address any part of the Snyder Defendants' extensive briefing in response to the Wiretap Act claim, *see* Br. at 11–17, Opp. at 7–8; *see also*

---

[4]  *See also Obal v. Deutsche Bank Nat'l Tr. Co.*, 2015 WL 631404, at *10 (S.D.N.Y. Feb. 13, 2015) (dismissing abandoned claim where *pro se* plaintiff failed to "deal with the authorities cited" in support of defendants' motion to dismiss), *aff'd*, 670 F. App'x 10 (2d Cir. 2016); *Artis v. Velardo*, 2016 WL 154122, at *2 (S.D.N.Y. Jan. 12, 2016) (deeming claims abandoned and dismissing *pro se* plaintiff's complaint for failure to "specifically oppose any of the arguments made by Defendants").

*id*. at 20 ("Snyder's claim that he didn't hack Ms. Tantaros' phone or surveil her—physically or digitally—is a disingenuous distraction designed to misdirect, as Plaintiff has not accused Snyder of such behavior.").  The claim must therefore be deemed abandoned and dismissed.  Even if not deemed abandoned, Plaintiff's Wiretap Act claims against the Snyder Defendants should be dismissed as inadequately pleaded on the basis of the unchallenged arguments set forth in the Snyder Defendants' opening brief.  *See* Br. at 11–17.

## II.   PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST SNYDER

Plaintiff's Opposition entirely fails to rebut any of the countless deficiencies laid out in the Snyder Defendants' opening brief with regard to the intentional infliction of emotional distress claim.  Br. at 17–20.  Indeed, the section of the Opposition devoted to the emotional distress claim against the Snyder Defendants consists mainly of a recitation of the same inflammatory, false, and irrelevant accusations littered in the Amended Complaint which do not support a claim for emotional distress.  Opp. at 20–22.  In fact, Plaintiff has offered nothing to demonstrate that her Amended Complaint pleads *even one* of the necessary elements of an intentional infliction of emotional distress claim:  "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress."  *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996).[5]

---

[5] Intentional infliction of emotional distress claims may be subject to a heightened pleading standard where the plaintiff is a public figure and the alleged conduct involves publishing false or defamatory statements.  *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 56 (1988).  Here, Tantaros has described herself as a public figure, noting that she is "a former anchor, host and political analyst for Fox News Channel and columnist for the country's fifth largest newspaper, *The New York Daily News*. Her work has been published in multiple periodicals, magazines and newspapers, including, *The New York Post, The Daily Caller, Glamour Magazine, The New York Observer* and *The Week*.  Additionally, she is an author and public speaker, and prior to her work at Fox News, she was a frequent guest on MSNBC and CNN."  FAC ¶ 17.  To succeed on an emotional distress claim, she must therefore also allege that "the publication contains a false statement of fact which was made

New York courts have long held that the "rigorous, and difficult to satisfy" standard for "extreme and outrageous conduct" means that emotional distress claims are "extremely disfavored" and "[o]nly the most egregious conduct . . . [is] sufficiently extreme and outrageous to establish" them. *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 122 (1993); *Medcalf v. Walsh*, 938 F. Supp. 2d 478, 488 (S.D.N.Y. 2013).[6]  As the Second Circuit explained, conduct is not sufficiently "extreme and outrageous" where defendants "neither verbally abused, physically threatened, nor publicly humiliated [plaintiff]; they neither falsely accused him of criminal or heinous misconduct, threatened him with prosecution, nor permanently deprived him of his benefits or employment." *Stuto*, 164 F.3d at 829.  Plaintiff has certainly not alleged that Snyder engaged in any such conduct here.  Instead, the crux of her claim is that Snyder and the other Defendants "us[ed] illegal electronic surveillance of Plaintiff as part of a vicious social media campaign which also included the use of fake Twitter accounts to communicate to Plaintiff that she was being surveilled."  FAC ¶ 76.  The Opposition feebly attempts to beef up this claim by noting "profane, horrifically sexual, and defamatory language" aimed at her on social media.  Opp. at 21.  But even if this preposterous conspiracy were true, it did not involve threats to Plaintiffs' safety, did not humiliate or accuse her of criminal conduct, and had no effect on her employment.  It was therefore simply not "extreme and outrageous."  Even more damning, numerous courts have explicitly found that the act of "disseminat[ing] . . . damaging information

---

with 'actual malice,' *i.e.*, with knowledge that the statement was false or with reckless disregard as to whether or not it was true." *Hustler*, 485 U.S. at 56.  Plaintiff has failed to do so here; for this reason alone, the emotional distress claim must be dismissed.

[6]  Furthermore, "New York courts have been 'very strict' in applying" the emotional distress standards, requiring that the alleged behavior "go[] beyond all possible bounds of decency." *Gay v. Carlson*, 60 F.3d 83, 89 (2d Cir. 1995) (*quoting Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985)).  It is well settled that the standard is "set deliberately high to ensure that a plaintiff's claim of emotional distress is genuine and to dissuade litigation where only bad manners and hurt feelings are involved." *Thai v. Cayre Grp.*, 726 F. Supp. 2d 323, 336–37 (S.D.N.Y. 2010).

. . . via digital means," Opp. at 20, does not give rise to the requisite "extreme," "atrocious," and "utterly intolerable" level.  Br. at 17–18.[7]  Aside from being absolutely untrue, for this reason alone, the claim against Snyder must be dismissed.

The Opposition also fails to address a second deficiency:  that the Amended Complaint does not allege that Snyder "acted out of a desire to hurt the plaintiff rather than promote the defendant's legitimate interests."  *Slue v. N.Y. Univ. Med. Ctr.*, 409 F. Supp. 2d 349, 372 (S.D.N.Y. 2006) (*quoting Montalvo v. Fed. Express Corp.*, 1995 WL 733600, at *3 (S.D.N.Y. 1995)).  Fatally, Plaintiff fails to allege *any evidence* to suggest that Snyder intended to harm her. She concedes in her Opposition that in fact, it "is not up for debate" that she and Snyder were longtime friends, Opp. at 21, which belies any intent to harm her.  At best, Tantaros's contentions of an ongoing relationship between Snyder and Fox News and her claim that "information about Ms. Tantaros was . . . to be placed in articles on fake websites created by Fox News or its paid Contractors such as Pete Snyder," Opp. at 14, demonstrate that even if Snyder had still performed social media-related work for Fox News after 2012 (which he did not) and her claims of a harassment campaign were true (which they are not), any such work was done in furtherance of Snyder's relationship with Fox News for the purpose of "pursuing [Snyder's] own business interests," *see Barnum v. Millbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1238 (S.D.N.Y. 1994), and not to harm Tantaros.  Even if this alleged work was done at Tantaros's expense, it is insufficient to state a claim for intentional infliction of emotional distress.  *Id.* at

---

[7]  *See also Bittman v. Fox*, 107 F. Supp. 3d 896, 904–05 (N.D. Ill. 2015) (conduct not extreme and outrageous where defendants "made statements falsely accusing [plaintiff] of discriminatory conduct[,] . . . used a photo obtained from the Internet in which [plaintiff] is drinking a glass of champagne to claim that she drinks at work[,] . . . traveled to [plaintiff's] residence and took photos of her house and posted them on the Internet[,] . . . [and] created the Sassy Pants Facebook Page to impersonate and defame [plaintiff's] floral arrangement business"); *Alahverdian v. Grebinski*, 2014 WL 2048190, at *5, *15–16 (S.D. Ohio May 19, 2014) (defendants' use of social media and blogs to claim that plaintiff participated in "fugitive behavior [and] sexual assault, and questioned his mental state" was not extreme or outrageous).

1238–39.

Plaintiff similarly fails to allege that *Snyder's* conduct caused her alleged injury.  In fact, the Opposition *explicitly disclaims any involvement on Snyder's part*, stating that Snyder did "not know . . . or ha[ve] any involvement with" Daniel Wayne Block—the lone Twitter account she identifies as having sent her the allegedly harassing Tweets.  Opp. at 20.  Neither the Amended Complaint nor the Opposition identify a single account tied to Snyder beyond mere wild speculation.  Most tellingly, the Cycura report annexed to the Amended Complaint—which was written after an exhaustive investigation, including a "review of four years of messages on Twitter and other platforms that have Ms. Tantaros's name in them" and "looking at the authenticity" of "hundreds of thousands of tweets," and purports to "provide[] an analysis of Pete Snyder to detect his connection to an online campaign against Ms. Tantaros"—similarly fails to identify *any connection* whatsoever between Snyder and the complained-of sock puppet accounts.  ECF No. 118 at 5:18-22 (Plaintiff's former counsel discussing Cycura report at November 30, 2017 hearing); ECF No. 124-4.  Tantaros's much hyped hopes of finding a digital smoking gun and tying it to Snyder turned out to be a complete bust, because no such evidence exists.  The causation element is thus deficiently pleaded.

Finally, Plaintiff's Opposition completely ignores a fourth fatal deficiency:  pleading sufficient "emotional distress" by alleging specific medical evidence demonstrating distress.  Plaintiff's Amended Complaint includes only the bare allegation that she "did suffer severe emotional distress, requiring medical treatment and medication."  FAC ¶ 78.  Such vague and conclusory allegations "are simply insufficient to maintain a cause of action" absent medical evidence showing psychological damages.  *See Pu,* 899 N.Y.S.2d at *4 (granting motion to dismiss where emotional distress claim was deficiently pleaded because allegations of distress

were "mere statements that [plaintiff] has suffered emotional damage, with his proof being that he allegedly increased the intake of one of his medications prescribed for his sleep disorder").[8] Because Plaintiff fails to properly allege "severe emotional distress," her emotional distress claim against Snyder must fail.

## III.   PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DISRUPTOR

Like the Amended Complaint, the Opposition gives short shrift to Disruptor, mentioning it only a handful of times in a vague, conclusory, false, and often irrelevant manner.[9]  At no point does the Opposition address the Amended Complaint's pleading deficiencies with respect to Disruptor.  As discussed *supra* at Section II, the Amended Complaint fails to allege sufficiently "extreme and outrageous" conduct or actual severe emotional distress.  Plaintiff similarly fails to plead the intent and causation elements of the claim.  Neither the Amended Complaint nor the Opposition offer any reason why Disruptor, an angel investment firm, would "conduct[] . . . smear campaigns" against Tantaros, FAC ¶ 51.

And even if it had conducted such a campaign (which it did not), the Amended Complaint and Opposition make clear that Disruptor would have done so at Fox News's behest while "pursuing [the Snyder Defendants'] own business interests," *Barnum*, 850 F. Supp. at 1238 rather than out of "a desire to hurt the plaintiff." *Slue*, 409 F. Supp. 2d at 372.  Thus, Tantaros

---

[8]   *See also Greenaway v. County of Nassau,* 97 F. Supp. 3d 225, 240 (E.D.N.Y. 2015) (motion to dismiss granted because "[t]he plaintiff is required to establish that severe emotional distress was suffered, which must be supported by medical evidence, not the mere recitation of speculative claims," finding deficiency where "Plaintiffs do not elaborate on this further, or provide testimony or documentation that this anxiety is 'severe.'" (internal citations and quotations omitted)).

[9]   *See e.g.*, Opp. at 3 (describing Disruptor as one of many parties who allegedly "collect[ed], collate[d], and beg[a]n a rigorous personal and corporate defense" at the behest of Roger Ailes), 4 (referring to Disruptor as one of Fox News's purported "paid contractors"), 9 (claiming that Disruptor maintained "online social media campaigns using sock puppet media accounts" without identifying a single account or post allegedly tied to Disruptor), 14 (again alleging that Disruptor was a Fox News "paid [c]ontractor"), 19 (falsely claiming that "Disruptor Inc. worked closely with Shine . . . as Disruptor has a current contract with Fox News"), and 20 (same).

concedes that the Snyder Defendants did not act with the requisite intent to harm her.  Nor do the Amended Complaint or Opposition identify a single social media account connected in any way to Disruptor.  Plaintiff thus fails in her duty to "provide [something] other than conclusory allegations to link" Disruptor "to the events which [she] alleges resulted in h[er] suffering," *Dunahoo v. Hewlett-Packard*, 2012 WL 178332, at *4 (S.D.N.Y. Jan. 20, 2012), and her emotional distress claim against Disruptor should be dismissed.

## IV.     PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The Opposition feebly attempts through misdirection to refute the inescapable conclusion that Plaintiff's claims are time-barred.  Although Plaintiff mentions "the financial and business link between Snyder and Fox News that exists and targets Ms. Tantaros to present" to prove that her "claims are *in no way* time-barred," Opp. at 21, she cannot point to a shred of evidence to demonstrate that Snyder or Disruptor performed social media consulting work for Fox News after 2012, because they didn't.  Plaintiff instead argues that the Snyder Defendants "continuously swap stories" about Snyder's role at Fox News by pointing to various passages of the Snyder Defendants' Motion to Dismiss which relate to Snyder's career as an on-air contributor (a role which *Plaintiff* described in detail in her Amended Complaint, *see* FAC ¶ 51). Opp. at 21.  But Snyder's role as an *on-air* contributor, which ended in April 2017, has absolutely nothing to do with his alleged involvement in this non-existent harassment campaign, which Tantaros claims was conducted through his "*off-air* work for Fox as a paid contractor and digital hitman."  Opp. at 21 (emphasis added).  The truth of the matter is that Plaintiff does not allege, beyond "[t]hreadbare recitals" and "mere conclusory statements" that the Court is "not bound to accept," *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)), that Snyder or Disruptor performed any social media work for Fox News after 2012.

Therefore, her claims are time-barred.  *See Ahmed v. Purcell*, 2016 WL 1064610, at *4

(S.D.N.Y. Mar. 14, 2016).

### CONCLUSION

As set forth above, the Snyder Defendants' motion to dismiss the Amended Complaint,

with prejudice, pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) should be granted.


Dated: New York, New York   GIBSON, DUNN & CRUTCHER LLP
   April 6, 2018

          By:  */s/ Randy M. Mastro*
             Randy M. Mastro
             Mylan L. Denerstein
             Michael Marron

          200 Park Avenue
          New York, New York 10166
          Tel.:  (212) 351-4000
          Fax:  (212) 351-4035
          RMastro@gibsondunn.com

          *Attorneys for Peter A. Snyder and Disruptor, Inc.*